# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

                     **Plaintiff,**

**v.**                                      **Case No:   6:18-cv-1069-Orl-37LRH**

**ROLLINS COLLEGE,**

                     **Defendant.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO COMPEL**   **(Doc. No. 42)** |
| **FILED:** | **February 22, 2019** |

## I.   BACKGROUND.

      On July 5, 2018, Plaintiff filed a complaint against Defendant Rollins College, alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., as well as a state-law breach of contract claim.   Doc. No. 1.   In his amended complaint, Plaintiff alleges that while he was a student at Rollins College, he was falsely accused of sexual misconduct by another Rollins student, Jane Roe.   Doc. No. 14, at 3.   Defendant investigated Ms. Roe's claims and concluded that Plaintiff had violated the school's Sexual Misconduct Policy.   *Id.* at 26.   Plaintiff alleges that the processes administered by Defendant resulted in an erroneous outcome based on the flawed and biased proceedings employed; Defendant committed gender bias and discrimination in the investigation and adjudication of Ms. Roe's allegations; and Defendant selectively enforces its sexual assault policies on the basis of gender.   *Id.* at 36.

In the instant motion, Plaintiff seeks to compel Defendant to provide documents responsive to Request for Production No. 16 and answers to Interrogatory No. 6.   Plaintiff also seeks to recover attorney's fees incurred in filing the motion.   Doc. No. 42.   Defendant has filed a response to the motion.   Doc. No. 45.   Accordingly, the matter is ripe for review.

## II.   APPLICABLE LAW.

Under the Federal Rules of Civil Procedure, discovery is permitted to obtain "any nonprivileged matter that is relevant to any party's claim or defense."   Fed. R. Civ. P. 26(b)(1). The party requesting discovery has the burden of demonstrating the relevance of the discovery requests.   *See Stern v. O'Quinn*, 253 F.R.D. 663, 670 (S.D. Fla. 2008).   When the discovery requests seek relevant information, the responding party has the burden of showing that the discovery is improper, unreasonable, or burdensome.   The responding party "must show specifically how the requested discovery is burdensome, overbroad, or oppressive by submitting detailed affidavits or other evidence establishing the undue burden."   *Wagner v. Viacost.com*, No. 06-81113-CIV, 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007).

## III.   ANALYSIS.

Plaintiff's complaint raises an erroneous outcome claim under Title IX.   Doc. No. 14, at 27. Erroneous outcome claims allege that "the plaintiff was innocent and wrongly found to have committed an offense."   *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).   An erroneous outcome claim requires Plaintiff to demonstrate: (1) "particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding;" and (2) "a particularized allegation relating to a causal connection between the flawed outcome and gender bias," i.e., "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding."   *Doe v. Rollins Coll.*, 352 F. Supp. 3d 1205, 1209 (M.D. Fla. 2019) (quoting

*Yusuf*, 35 F.3d at 715).   Plaintiff's complaint also raises a Title IX selective enforcement claim,

Doc. No. 14, at 35, which requires Plaintiff to demonstrate "that a female was in circumstances

sufficiently similar to his own and was treated more favorably by the University."   *See Rollins*

*Coll.*, 352 F. Supp. 3d at 1211 (citations omitted).

      A.    <u>Production of Documents and Answers to Interrogatories</u>.

      At issue in the instant motion are Plaintiff's Request for Production No. 16 and Interrogatory

No. 6.   In Request No. 16, Plaintiff seeks:

> All documentation concerning any formal or informal complaints or reports of sexual
> misconduct made to Rollins College (including, but not limited to those received
> Rollins College personnel, campus, police, the Title IX Office, Equal Opportunity,
> housing, or those received elsewhere and then referred to Rollins College) or
> investigated/resolved by Rollins College from 2011 through 2018, including:
>
> a. any written complaints or reports, and any documents containing descriptions of
> any verbal complaints;
>
> b. all investigative files, interview memoranda, witness statements, and related
> documents concerning any investigation of these complaints or reports;
>
> c. any documents showing the steps of the investigation and the results of the
> investigation, including any correspondence, e-mails, and other documents
> concerning how Rollins College notified pertinent parties of the outcome of each
> investigation;
>
> d. any documents, including student academic records, memoranda, e-mails, notes,
> or other documents, that discuss or relate to accommodations or interim measures
> provided to the complainant while the complaint was being investigated or after
> the investigation concluded;
>
> e. any documents, including student discipline records, memoranda, e-mails, notes,
> or other documents, that discuss or relate to any disciplinary or other remedial
> action Rollins College took in response to each complaint or report;
>
> f. any documents that discuss or relate to: whether [Rollins [1]] found that the
> complainant and/or other students were sexually harassed/assaulted; whether Rollins
> College found that any complaint was part of a larger pattern of similar complaints;

---

[1] Defendant represents that the Request No. 16 states "Syracuse" rather than Rollins.

and whether Rollins College made any conclusion about whether the complainant and/or other students were subject to a sexually hostile environment.

g. If not included in responses above, all communications, including letters, e-mails, notes, memoranda, reports, notices, or other communications sent or received by Rollins College faculty, staff, administration, and/or trustees from 2011-2018, that discuss, relate or refer to the complaints or reports identified under this request.

Doc. No. 42, at 2.   Defendant's amended responses were as follows:

As to Request No 16(a), Defendant will produce any written complaints or reports and/or documents containing descriptions of verbal complaints of sexual misconduct that were investigated by Deena Wallace from the date of Plaintiff's enrollment through the date of this Response.   To the extent Plaintiff seeks additional information, Defendant objects as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.

As to Request No 16(b), Defendant will produce the final investigation reports from investigations into complaints or reports of Sexual Misconduct that were investigated by Deena Wallace from the date of Plaintiff's enrollment through the date of this Response.   To the extent Plaintiff seeks additional information, Defendant objects as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.

As to Request No 16(c), Defendant will produce the final investigation reports and final outcome letters from investigations into complains or reports of Sexual Misconduct investigated by Deena Wallace from the date of Plaintiff's enrollment through the date of this Response.   To the extent Plaintiff seeks additional information, Defendant objects as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.

Defendant objects to producing documents responsive to Request No. 16(d) as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.   Accommodations and/or interim measure provided to complainants unrelated to the allegations of misconduct against Plaintiff is not relevant to the claims brought by the Plaintiff and not proportional to the needs of the case.

As to Request No 16(e), Defendant will produce the final outcome letters from investigations into complaints or reports of Sexual Misconduct investigated by Deena Wallace from the date of Plaintiff's enrollment through the date of this Response.   To the extent Plaintiff seeks additional information, Defendant objects as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.

Defendant objects to producing documents responsive to Request No. 16(f) as the request is overly broad, vague, ambiguous and seeks information that is neither relevant . . . nor proportional to the needs of this case.   Plaintiff's Amended Complaint does not contain allegations of a pattern and practice of discrimination. Moreover, this request refers to "Syracuse" and Defendant does not have possession, custody or control of such information.

Defendant objects to producing documents responsive to Request No. 16(g) as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case.

Finally, as to Request No. 16(a)-(g), Defendant objects to producing information for any time period that predates Plaintiff's enrollment as overly broad.

Doc. No. 45, at 3–4.   Thus, Defendant has two central objections to Request No. 16: (1) that documents from investigations that were not conducted by Deena Wallace are not relevant; and (2) overbreadth and disproportionality.[2]

Interrogatory No. 6 relates to Request No. 16 and asks that Defendant:

Identify all students who have been alleged to have engaged in Sexual Misconduct at Rollins College from 2011 through 2018.   For each person identified:

a. Describe the nature of the allegation;

b. State the gender of the complainant and the respondent;

c. Identify the complainant or alleged victim;

d. Identify all documents concerning the allegation, including any investigative reports;

e. Describe the results of any investigation and/or any appeal or hearing on the allegations;

f. Describe any sanctions or discipline imposed on a student, including any interim sanctions imposed prior to the resolution of the matter; and

---

[2] Although Defendant also objected to producing documents predating Plaintiff's enrollment at Rollins, Plaintiff represents that he has agreed to limit his requests to documents pertaining to investigations conducted while he was enrolled at Rollins.   Doc. No. 42, at 4.

g. Describe any accommodations or interim measures requested by and/or provided to the alleged victim.

*Id.* at 4.   Defendant responded to Interrogatory No. 6:

*See* Defendant's response and objection to Request for Production [No. 16]. Moreover, Defendant objects to Interrogatory No. 6 as overly broad and seeking information that is neither relevant . . . nor proportional to the needs of this case. The foregoing requested information is not relevant to the claims made in this case and contains third parties' private and confidential information.   Finally, Defendant objects to producing information for any time period that predates Plaintiff's enrollment because any request for such information is overly broad.

Doc. No. 42, at 4.   Thus, as it relates to Interrogatory No. 6, Defendant raises an additional objection that the information requested contains third-party confidential information.   I will address each of Defendant's objections in turn.

> 1.   *Relevance of Documents from Investigations Not Conducted By Investigator Wallace.*

Plaintiff represents that, according to Defendant, there were thirteen investigations into sexual assault while he was a student at Rollins.   Doc. No. 42, at 8; *see also* Doc. No. 45, at 6. Pursuant to its objections, Defendant has agreed to produce documents pertaining to only three of these investigations, all of which were conducted by Investigator Deena Wallace and one of which pertains to Plaintiff.   However, Defendant refuses to produce documents related to the ten investigations conducted by investigators other than Investigator Wallace.   *Id.* at 8; *see* Doc. No. 42-1.

Defendant argues that Investigator Wallace was the "decision-maker," and all of Defendant's actions relating to the sanctions and appeal in Plaintiff's case stemmed from Wallace's findings.   Doc. No. 45, at 10.   Thus, Defendant states that both Plaintiff's erroneous outcome and selective enforcement claims center around Wallace's investigatory process and findings.   *Id.* at 10–11.   Therefore, Defendant claims that discovery of documents and information related to Title

- 6 -

IX investigations involving third-party students should be limited to those investigations conducted by Wallace.  *Id.*

Plaintiff contends that Defendant's treatment of students similarly situated to him is relevant to his claims for erroneous outcome and selective enforcement because it could demonstrate a pattern of biased decision-making.  Doc. No. 42, at 9–10, 13.  Moreover, he claims that the allegations of his complaint demonstrate that Investigator Wallace did not act alone but worked with the Title IX coordinator and others at the school, and another school official reviewed the appeal. *Id.* at 11.  And, he argues that the records sought might demonstrate third-party situations with similar circumstances with selective enforcement against the male student.  *Id.* at 12.  Thus, he claims that the manner in which Defendant, the university, has handled investigations is within the scope of permissible discovery.  *Id.* at 11.

The Court finds that investigations other than those conducted by Investigator Wallace are relevant to Plaintiff's claim.  Although most of the allegations of Plaintiff's complaint relate to the investigation conducted in his case, he also asserts that Defendant has engaged in a pattern of discrimination against male students who are accused of sexual assault.  *E.g.*, Doc. No. 14 ¶¶ 68–73.  He alleges that Defendant's policies for investigating sexual violence treat men differently than women, and the university's policies deny male students the basic guarantees of fundamental fairness by, among other things, failing to conduct full and fair investigations.  *Id.* ¶ 73. Accordingly, Defendant's files pertaining to all thirteen sexual assault investigations while Plaintiff was a student at Rollins are relevant, and Plaintiff's motion to compel Defendant to produce those files is **GRANTED in part**.  *See, e.g.*, *DOE v. The Ohio State Univ.*, No. 2:15-CV-2830, 2015 WL 6082606, at *2 (S.D. Ohio Oct. 16, 2015) ("Stated simply, if The Ohio State University has a pattern and practice that treats males unfairly in sexual misconduct investigations, then the school has a

significant problem in this litigation.   Determining whether such a problem exists necessitates looking at the data and the context surrounding that data.   Given such inarguable relevance, the Court finds it remarkable that the OSU Defendants would argue that good cause is lacking.").   As discussed below, the Court will order production of these documents with redaction of any personally identifying information.

### 2.   *Undue Burden and Proportionality.*

Defendant claims that producing the documents pertaining to the ten additional investigations would be unduly burdensome because each file contains multiple documents that require significant time to process and to redact identifying information.   Doc. No. 45, at 12.   As an example, Defendant claims that it has spent more than forty hours processing and redacting the two additional files from Investigator Wallace that it has already agreed to produce.   *Id.*   However, Defendant has not provided evidence or specifically identified how this document request is unduly burdensome.   *See Wagner*, 2007 WL 1879914, at *1.   Defendant has not demonstrated how many documents this request includes, the number of pages involved, or why redaction and/or production of these documents would be so time intensive.

Accordingly, and because Plaintiff has stipulated to a temporal limitation of production of investigative files to the time period that he was a student at Rollins, which apparently only includes ten additional investigative files not already produced, Defendant's argument that production would be unduly burdensome or disproportionate to the needs of the case is **OVERRULED**.   *See, e.g.*, *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 4958958, at *4 (S.D. Ohio Oct. 15, 2018) (granting plaintiff's motion to compel defendant university to produce 35 case files of similarly situated students; rejecting argument that production and review of 3,500 pages would be unduly burdensome).

   *3.*      *Confidentiality & Interrogatory No. 6.*

Defendant next claims that the information and documentation Plaintiff seeks are subject to the requirements of the Family Education Rights and Privacy Act ("FERPA").   FERPA "provides for the withholding of federal funds from educational institutions which have policies or engage in practices that result in the disclosure of students' educational records or personally identifiable information without the written consent of their parents.   FERPA does not create a privilege which protects against the disclosure of student information, rather, it provides for the imposition of sanctions against an offending institution."   *Bigge v. Dist. Sch. Bd. of Citrus Cty., Fla.*, No. 5:11-cv-210-OC-10TBS, 2011 WL 6002927, at *1 (M.D. Fla. Nov. 28, 2011); *see* 20 U.S.C. § 1232g. In considering whether to require production of documents subject to FERPA, "[t]he Court must balance the student's privacy interest against the plaintiffs' need for the information and order disclosure only if the plaintiffs' need for the information outweighs the student's privacy interest." *Bigge*, 2011 WL 6002927, at *1 (citation omitted).   "This is a significantly heavier burden . . . than exists with respect to discovery of other kinds of information, such as business records."   *Id.* (citation and quotation marks omitted).

Defendant claims that the information sought by Plaintiff involves intimate personal details in which a student should have a greater privacy interest than merely academic records; thus, according to Defendant, Plaintiff has not demonstrated that his need for the information outweighs the third-party students' privacy interests.   Doc. No. 45, at 13.   Plaintiff, on the other hand, contends that Defendant's objection regarding confidentiality is resolved based on the parties' Confidentiality Agreement.   Doc. No. 42, at 14.   Alternatively, Plaintiff agrees to the redaction of student names and identifying information, with the exception of gender, in any disciplinary files produced.   *Id.* at 15.

FERPA does not prohibit the release of records so long as the student's identifying information is redacted.  *See, e.g.*, *United States v. Miami Univ.*, 294 F.3d 797 (6th Cir. 2002); *Ragusa v. Malvern Union Free Sch. Dist.*, 549 F. Supp. 2d 288 (E.D.N.Y. 2008).   Here, Plaintiff agrees that the students' identifying information may be redacted as long as Defendant identifies the alleged perpetrators' gender.   Defendant has apparently already redacted the three other investigatory files already produced.   Thus, under these circumstances, and based on the relevancy of the documents and information requested, Defendant's objection to produce the documents is **OVERRULED in part**, and Defendant shall serve answers to Interrogatory No. 6 and documents responsive to Request No. 16 in redacted form.

        B.      <u>Request for Costs Under Fed. R. Civ. P. 37</u>.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that when a motion to compel an initial disclosure or response to discovery is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."   However, the court should not award fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."   *Id.*

The Court finds that Defendant was substantially justified in its position and declines to award attorney's fees as a sanction under Rule 37.

## IV.    CONCLUSION.

Based on the foregoing, Plaintiff's Motion to Compel (Doc. No. 42) is **GRANTED in part**. It is **ORDERED** that, on or before May 3, 2019, Defendants shall produce for inspection and

copying the remaining documents responsive to Request No. 16, as detailed in this Order, in redacted form but retaining the gender of the student, limited to the time period when Plaintiff was enrolled as a student at Rollins.   It is **FURTHER ORDERED** that Defendant shall serve complete, sworn answers to Interrogatory No. 6 on or before May 3, 2019, with answers limited to the time period when Plaintiff was enrolled as a student at Rollins and with redaction of personally identifiable information but retaining the gender of the student.

  **DONE** and **ORDERED** in Orlando, Florida on April 10, 2019.


                                        LESLIE R. HOFFMAN
                                   UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties