UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

     Plaintiff,

v.                                                                CASE NO.: 6:18-cv-1069-Orl-37LRH

ROLLINS COLLEGE,

     Defendant.

_____/

## DEFENDANT ROLLINS COLLEGE'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND TESTIMONY OF OTHER TITLE IX INVESTIGATIONS

Defendant, Rollins College ("Rollins"), respectfully moves this Court to exclude evidence and testimony regarding prior, unrelated, sexual misconduct investigations and disciplinary actions conducted by Rollins. Pursuant to Federal Rules of Evidence ("Rules(s)") 401 through 403, Rollins moves this Court, in limine, for an order prohibiting Plaintiff, his witnesses, and his attorneys, from referring to, offering evidence of, or examining witnesses about fourteen (14) other Title IX investigations performed by Rollins. Rollins anticipates Plaintiff will attempt to introduce evidence and testimony regarding additional Title IX complaints investigated by Rollins during Plaintiff's enrollment. The foregoing evidence should be excluded pursuant to Rule 401, Rule 402 and Rule 403 because the evidence is not relevant and because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting time. In support of its Motion, Rollins states:

## BACKGROUND

On July 16, 2018, Plaintiff filed an Amended Complaint alleging violations of Title IX of the Education Amendment of 1972, specifically "erroneous outcome" and "selective enforcement," and breach of contract against Rollins. Plaintiff's claims to be tried are whether Rollins violated Title IX's prohibition against gender discrimination when it found Plaintiff

{00376408 1}

responsible for violating the College's Title IX Sexual Misconduct Policy and whether Rollins violated an implied-in-fact contract with Plaintiff when it investigated allegations of sexual misconduct against Plaintiff and found him responsible for violating its policy.   While Plaintiff alleges a claim for breach of contract, the evidence at issue cannot be relevant in any way to whether Rollins' followed its process and procedures when investigating the allegations against Plaintiff.  Therefore, the focus of Rollins' Motion in Limine is Plaintiff's Title IX claim.

## MEMORANDUM OF LAW

I.  **Applicable Rules of Evidence**

### A.  Federal Rules of Evidence 401 and 402

Relevant evidence is defined as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also U.S. v. Dothard*, 666 F.2d 498, 501 (11th Cir.1982) (stating "the test for relevancy . . . is governed by Federal Rule of Evidence 401 under which the evidence sought to be admitted must tend to make the existence of some fact to be proved more or less probable than it would be without the evidence"). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. In determining what evidence is relevant the Court must first consider what causes of action were brought by Plaintiff and what facts must be proven by the parties to establish the claims and defenses. *See* Fed. R. Evid. 401.

### B.  Federal Rule of Evidence 403

Under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[I]n determining whether evidence should be excluded under Rule 403, courts must look at the evidence in a light most favorable to its admission, maximizing its probative value and

minimizing its prejudicial impact." *Goodman v. Tatton Enter.*, No. 10-60624-civ, 2012 WL 1886529, at *3 (S.D. Fla. May 23, 2012) (citations omitted).   Notwithstanding, "[e]videntiary rulings under Rule 403 are committed to the broad discretion of the court." *U.S. v. Livingston*, 511 Fed. Appx. 953, 956 (11th Cir. 2013) (citations omitted); *Goodman*, 2012 WL 1886529, at *3 (stating "district courts enjoy 'wide discretion' in determining whether to exclude evidence under Rule 403").

## II.   Evidence to be Excluded

During the discovery period, Plaintiff sought and Defendant produced information regarding additional Title IX investigations performed by Rollins during Plaintiff's enrollment.[1] Specifically, Rollins responded to an interrogatory request regarding fourteen (14) Title IX investigations and provided information about the nature of the allegations; the gender of the complainant and respondent; the results of the investigation and any appeal; sanctions and/or discipline imposed, including interim sanctions; and any accommodations or interim measures requested or provided to the parties.   Rollins also produced to Plaintiff thousands of pages of documents relating to each complaint and investigation.   Finally, Plaintiff took deposition testimony from witnesses regarding these investigations.

The dates of the Final Reports for the fourteen (14) investigations range from November 2014 through January 2018 and the investigations span three (3) different Title IX coordinators and five (5) different investigators.   The allegations investigated during the Title IX investigations include unwanted touching/groping, non-consensual sexual intercourse, non-consensual kissing and touching, sexual comments and non-consensual kissing of a complainant's hand, consensual oral sex but nonconsensual sexual intercourse, belief of a sexual assault based on information

---

[1] Rollins produced fourteen (14) Title IX investigations following this Court's ruling on Plaintiff's motion to compel. However, the Court's ruling on whether the information is discoverable has no bearing on whether the information is admissible as evidence at trial.

obtained from third parties, stalking, and physical abuse during an intimate encounter. Notably, of the fourteen (14) Title IX investigations, only two (2) involved the same Title IX investigator, Deena Wallace, who investigated the complaint against Plaintiff.

Rollins anticipates Plaintiff will attempt to introduce evidence and testimony at trial regarding details of the fourteen (14) Title IX investigations. Plaintiff has included the Final Reports for Case Nos. 1 through 12, documents from Case No. 8, and documents from Deena Wallace's Title IX investigations in May 2017 and January 2018 on his Exhibit List. Rollins expects that Plaintiff will attempt to argue that these other Rollins' Title IX investigations are evidence of an alleged pattern of gender discrimination and/or a pattern of biased decision-making by Rollins.

## A. Plaintiff's gender discrimination claims should guide the Court's relevancy assessment

Plaintiff brings a Title IX claim but separates his claim into two separate counts, titling those counts: (1) erroneous outcome and (2) selective enforcement.[2] These claims are actually "formal doctrinal tests to identify gender bias in the context of university discipline." *Doe v. Purdue Univ.*, No. 17-3565, 2019 WL 2707502, at *10 (7th Cir. June 28, 2019). However, there is no reason to "superimpose doctrinal tests on the statute" because all these tests do is "describe ways in which a plaintiff might show that sex was a motivating factor in [a college or university's] decision to discipline a student." *Id.* at 11. Therefore, the operative question is whether Rollins discriminated against Plaintiff "on the basis of sex." *See Doe v. Purdue Univ.*, 2019 WL 2707502 at *10.

Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed.

---

[2] Amended Complaint and Jury Demand (hereinafter "Amended Complaint") (Doc. #14) at 27-37.

R. Evid. 401. At the actual essence of Plaintiff's gender discrimination claim, regardless of whether Plaintiff couches it as "erroneous outcome" or "selective enforcement," is that Rollins' Title IX investigator, the decisionmaker in this case, was the individual who carried out the alleged gender discrimination.[3]

### B. By offering evidence of fourteen (14) other Title IX investigations, Plaintiff seeks to offer improper "me too" evidence that is not relevant to the case

Rollins believes that Plaintiff seeks to introduce evidence of the other (unrelated) Title IX claims in an attempt to show that Rollins generally discriminated against male respondents in order to prove the second element of the *Yusuf* test for erroneous outcome, an alleged causal connection between the flawed outcome in Plaintiff's case and gender bias.[4] Presumably, Plaintiff seeks to introduce information about the other Title IX investigations to assert that some or all of the investigation outcomes were discriminatory and so, therefore, Plaintiff's was too. The evidence that Plaintiff seeks to admit regarding the additional Title IX investigations is essentially "me too" evidence of discrimination.

"[M]ore often than not, 'me too' evidence is not admitted at trial because the probative value of such evidence is judged to be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Andazola v. Logan's Roadhouse, Inc.*, CV-10-S-316-NW, 2013 WL 2355350, at *2 (N.D. Ala. May 24, 2013). Indeed, "trial courts regularly prohibit 'me too' evidence . . . because it is highly prejudicial and only slightly relevant." *Id.*; *see also Ulysse v. Waste Mgmt. Inc. of Florida*, 11-CV-80723, 2013 WL 12177855, at *1 (S.D. Fla. Nov. 4, 2013) ("Trial courts regularly prohibit 'me too' evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial and only slightly relevant.").

---

[3] Amended Complaint ¶¶ 20-59.
[4] As outlined in detail in Defendant's Motion for Summary Judgment, the *Yusuf* test should not be adopted as the method used by the decisionmakers in this case to analyze Plaintiff's claims.

"The decision to admit 'me too' evidence rests within the sound discretion of the district court under Rules 401 and 403." *Dagnesses v. Target Media Partner Operating Co., LLC*, No. 1:15-CV-23989-UU, 2016 WL 10647255, at *2 (S.D. Fla. Nov. 14, 2016) (citing *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1286 (11th Cir. 2008)). If the evidence would be irrelevant, confusing, or misleading, courts routinely grant these types of motions in limine. *Dagnesses*, 2016 WL 10647255, at *2 (S.D. Fla. Nov. 14, 2016) (citing *Jackson v. United Parcel Serv., Inc.*, 593 F. App'x 871, 877 (11th Cir. 2014) ("me too" evidence properly excluded where such evidence "related to claims of discrimination and harassment" by individuals who did not allegedly discriminate against the plaintiff)).

The question of whether "me too" evidence of other discriminatory acts of an employer is relevant in an individual case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. *Obester v. Lucas Associates, Inc., N.A.*, 1:08-CV-3491-AT, 2011 WL 13167912, at *2 (N.D. Ga. Apr. 26, 2011) (*citing Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)). Generally, "me too" evidence is permitted when the additional evidence overlaps temporally, the allegations include the same bad actors, or when there is a common decision-maker. *See U.S. E.E.O.C. v. Suntrust Bank*, No. 8:12-CV-1325-T-33MAP, 2014 WL 1796681, at *5 (M.D. Fla. May 6, 2014); *see also Demers v. Adams Homes of Nw. Fla.*, Inc., 321 F. App'x 847, 853–54 (11th Cir. 2009). Notwithstanding, "[g]eneralized impressions of past discrimination . . . are insufficient to raise an inference of discrimination . . . Thus, detailed evidence of discrimination against other employees may aid in a finding of discrimination in a given case. However, a hodgepodge of unproven allegations of discrimination against others does not create an inference that the plaintiff [himself] was discriminated against." *Godwin v. Wellstar Health Sys., Inc.*, 1:12-CV-3752-WSD, 2016 WL 7626194, at *1 (N.D. Ga. Mar. 2, 2016) (internal citations omitted).

Of the fourteen (14) Title IX investigations only two (2) involve the same alleged "bad actor" and/or common decision-maker. Case Nos. 1 and 11 were investigated by Charise Hayman, while Diane Willingham was the Title IX Coordinator.   Case No. 2 was investigated by Kenneth Miller, while Maria Martinez was the Interim Title IX Coordinator.   Case Nos. 3, 4 and 5 were investigated by Kimberly Worling, while Oriana Jimenez was the Title IX coordinator.  Case Nos. 6, 7, 8, 9, 10, and 12 were investigated by Jessica Narducci, while Oriana Jimenez was the Title IX Coordinator.  Because different investigators were used in Case Nos. 1 through 12, any allegations of discriminatory conduct are not relevant to Plaintiff's claim. *See Jackson v. United Parcel Serv., Inc.*, No. 13–15168, 2014 WL 6476948, at *4 (11th Cir. Nov.20, 2014) (finding irrelevant any evidence of "me too" complaints of discrimination and retaliation committed by a former supervisor, since they did not bear on the intent of the relevant decision-maker).

Moreover, while the fourteen (14) Title IX investigations at issue occurred during Plaintiff's enrollment, only one investigation[5] temporally overlaps with Plaintiff's investigation. Deena Wallace investigated two Title IX claims in addition to Plaintiff's, in April 2017 and October 2017.  The October 2017 report indicates that Wallace's investigation concluded on January 24, 2018, so, presumably, this investigation occurred at or around the time of the investigation into the claims regarding Plaintiff.  However, the October 2017 Title IX investigation is factually distinguishable from the investigation involving Plaintiff.  While the reporting party and responding party were friends prior to the incident, the reporting party was not alleged to have been intoxicated during the sexual assault as the reporting party did not drink or do illicit drugs. Based on this fact alone, the October 2017 Title IX investigation is not closely related to Plaintiff's case in any manner.  Other distinguishing facts include that the responding party chose not to participate in Rollins' Title IX investigation and was arrested by Winter Park Police for the

---

[5] Rollins/Doe 005083-005109.

incident. Thus, there are little to no similarities between the October 2017 investigation and the facts in Plaintiff's case.

Based on the foregoing, none of the (14) additional Title IX investigations are relevant to Plaintiff's case. *See Blue v. Dunn Constr. Co., Inc.*, No. CV 09-AR-0864-S, 2010 WL 11519152, at *4 (N.D. Ala. Aug. 16, 2010), *aff'd sub nom. Blue v. Dunn Const. Co., Inc.*, 453 Fed. Appx. 881 (11th Cir. 2011) (finding four EEOC charges filed against a company by alleging race discrimination irrelevant to the case because one of the charges was too remote to be considered evidence, none of the employees were employed in the same position as the plaintiff, and only one of the charges alleged actions by the same decisionmaker. The court stated that the "these factors combine to make the proffered evidence irrelevant to the instant action.").

## III.   **The Fourteen (14) Title IX Investigations do not Have any Statistical Relevance**

While courts have accepted statistical evidence in disparate treatment discrimination cases, the statistical evidence must be relevant and not misleading. *See Registe v. Linkamerica Exp., Inc.*, No. 3:12-CV-1110-HES-JRK, 2015 WL 1288138, at *6 (M.D. Fla. Mar. 19, 2015), *aff'd sub nom. Registe v. LinkAmerica Express, Inc.*, 668 F. App'x 882 (11th Cir. 2016) (stating that statistical evidence is properly excluded when it is irrelevant and/or misleading). Here, any attempt by Plaintiff to present this information as statistical evidence of discrimination or as having any statistical importance would be misleading. The information does not take into account how many Title IX complaints were made and the sex of the reporting and responding parties. Instead, the information is limited to the Title IX complaints that were investigated and resulted in formal written Final Reports. *See Wilson v. B/E Aerospace, Inc.*, 376 F. 3d 1079, 1088-89 (11th Cir. 2004) (finding the statistical evidence presented by the plaintiff had no probative value because it did not include all relevant information such as the number of women who expressed interest in the position"); *see also Smith v. S. Union Cmty. Coll.*, No. 3:08-CV-414-WKW, 2009 WL

10729882, at *2 (M.D. Ala. Aug. 18, 2009) (rejecting statistical evidence that did not have an adequate statistical foundation from which to conclude a disparity and finding that, because the statistics were incomplete, they could not be probative of whether the plaintiff was a victim of discrimination); *DeBose v. Univ. of S. Fla. Bd. of Trustees*, No. 8:15-CV-2787-EAK-AEP, 2018 WL 8919981, at *5 (M.D. Fla. Sept. 9, 2018) (granting a motion in limine on statistical evidence where defendant argued that "(1) [p]laintiff disclosed no statistical experts as required under the Federal Rules of Civil Procedure 26(a)(2)(B), [and] (2) [p]laintiff's statistics are flawed . . . .").

## IV.   Evidence of Other Final Investigation Reports Reviewed by Oriana Jimenez is not Relevant

Plaintiff will also attempt to introduce evidence from Case No. 8 reflecting a redline by Oriana Jiminez of the investigator, Jessica Narducci's, final report.   This information is not relevant because Jiminez was not a decision maker in any of the Title IX investigations conducted while she was the Title IX coordinator.   It is uncontroverted that, pursuant to Rollins policies and procedures, the Title IX Investigator, which was Jessica Narducci in Case No. 8, made the final decision regarding whether a respondent was "responsible" for violations of Rollins' Title IX Policy and Rollins' Office of Community Standards and Responsibility made the decisions regarding the appropriate sanctions.   Importantly, Jimenez did not make any revisions to the determination in the Final Report.   Accordingly, the proposed evidence is not relevant to Plaintiff's claims.

## V.   Evidence of Other Title IX Investigations is Prejudicial Under Rule 403 and Will Result in Numerous "Mini-trials" Regarding Rollins' Title IX Decision Making Over an Approximate 4-year Period

"Even when 'me too' evidence is relevant under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or cumulative." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (11th Cir. 2014). "Whether so-called 'me too' evidence is prejudicial under Fed. R. Evid. 403 and therefore

subject to exclusion . . . requires a fact-intensive, context-specific inquiry." *Obester v. Lucas Associates, Inc., N.A.*, 1:08-CV-3491-AT, 2011 WL 13167912, at *2 (N.D. Ga. Apr. 26, 2011) (*citing Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)). Courts in this circuit have recognized that the use of "'me too' evidence will inevitably result in mini-trials." *Purdee v. Pilot Travel Centers, LLC*, CV407-028, 2010 WL 11537542, at *2 (S.D. Ga. Jan. 11, 2010).

Here, Plaintiff intends to present evidence of fourteen (14) unrelated Title IX investigations. All of these investigations are collateral matters that would confuse the issues, mislead the jury, lead to fourteen (14) separate mini-trials, cause undue delay in the trial of this case, and none of the other allegations relate to the discrimination alleged in Plaintiff's claim. *See Williams v. Consolidated City of Jacksonville*, No. 3:00-CV-469-J-32, 2006 WL 305916, at *10 (M.D. Fla. Feb. 8, 2006) (citing *Anderson v. WBMG-42*, 253 F.3d 561, 567 (11th Cir. 2001)). If Plaintiff presents evidence of other Title IX investigations, it would be necessary for Rollins to present evidence to explain the unique circumstances surrounding each of those factual decisions. This evidentiary battle would lead to a series of fourteen (14) minitrials. These minitrials would be necessary for a determination of the similarities between each Title IX complaint, the facts leading to the ultimate findings, the reasons for each sanction, and the reasons for all of the decisions made by the investigators and Rollins' employees. In addition, such evidence would improperly require the jury to consider what each of the five (5) investigators was thinking and their respective mindsets in making each decision. Trying those issues would take a substantial amount of time and would present a real risk of confusing the jury as to the issues presented by Plaintiff's theory of liability. *See Daggett v. U.S.*, No. 08-21026-CIV, 2010 WL 11553197, at *2 (S.D. Fla. Aug. 24, 2010).

Moreover, the information is highly and unfairly prejudicial to Rollins because the College will be forced to defend itself and all of the decisions it made with regard to fourteen (14) unrelated third party students, who were accused by other students of violating Rollins' Title IX: Sexual Misconduct and Harassment Policy for various different acts in a number of differing circumstances. In addition to the prejudice to Rollins, the admission of evidence related to any of the fourteen (14) other Title IX investigations would invade the privacy of those third-party student reporters, respondents and witnesses who have nothing to do with this case. While the names of the parties are redacted, it is impossible to redact the plethora of personal information of parties and witnesses contained in the reports, which would then exist in the public court file.

## CONCLUSION

For the foregoing reasons, Defendant, Rollins College, requests this Court enter an order prohibiting Plaintiff, his witnesses, and his attorneys from mentioning, referring to, offering evidence of, or examining witnesses, during the upcoming trial in this case, about the fourteen (14) other Title IX investigations performed by Rollins.

Dated this 27th day of February, 2020.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: _____
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, counsel for Defendant has conferred with counsel for Plaintiff and Plaintiff opposes the relief sought in this Motion.

ATTORNEY

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was furnished by E-mail and U.S. Mail to Joshua Adam Engel and Anne Tamashasky, Engel and Martin, LLC, 4660 Duke Drive, Ste 101, Mason, OH 45040 (engel@engelandmartin.com) and Bertha L. Burruezo and Carlos J. Burruezo, 941 Lake Baldwin Lane, Orlando, Florida 3281-6438 (bertha@burruezolaw.com; carlos@burruezolaw.com) this 27th day of February, 2020.

ATTORNEY