IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTIONS |
| ROLLINS COLLEGE | |
| Defendants | |

Plaintiff John Doe respectfully submits this Motion for a Preliminary Injunction. Plaintiff seeks an Order prohibiting Defendant from imposing and reporting any disciplinary sanctions against Plaintiff related to the alleged sexual misconduct described in this Complaint. This Motion is accompanied by the Affidavit of John Doe.

## FACTS

The Court is familiar with the acts of this case, having ruled on the Cross-Motions for Summary Judgment. (Doc#117.)

## ARGUMENT

**A.   The Standard For Resolution Of This Motion**

To justify a preliminary injunction the movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Clewiston Commons Ltd. Liab. Co. v. City of Clewiston*, M.D.Fla. No. 2:18-cv-339, 2019 U.S. Dist. LEXIS 19923, at *7 (Feb. 7, 2019), *quoting Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

**B.     Reason This Motion Is Brought Now**

Two things have changed.

First, the Court granted Plaintiff's Motion for Partial Summary Judgment on an aspect of his breach of contract claim. (*See* Doc.#117.) This changes the calculus on the "substantial likelihood of success on the merits" portion of the preliminary injunction test.

Second, Plaintiff intended to seek permanent injunctive relief following success at an April trial.[1] This is the relief granted by other courts after finding a breach of contract in a sexual misconduct investigation. In *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016), following an expedited consolidated bench trial on both the merits and request for a preliminary injunction, the court concluded that the school breached its contract with a student by the manner in which it conducted his disciplinary hearing on an allegation of sexual misconduct. The court ordered the school to vacate its finding and sanction against the student and expunge his record. 210 F. Supp. 3d at 346.

Plaintiff is seeking preliminary relief now because the trial was continued dur to Covid-19 and a date for resumption of normal court and business activities remains uncertain. As a result, Plaintiff may not be able to obtain permanent injunctive relief in a timely manner and, as a result, may be prejudiced in his ability to apply to graduate programs. (*See* Affidavit of John Doe ¶3.)

**B.     Recent Cases Granting Preliminary Injunctions To Students**

Federal courts have granted preliminary injunctive relief prohibiting private universities from implementing discipline against students accused of sexual misconduct where the student raised significant breach of contract claims. *See e.g Doe v. Univ. of Notre Dame*, N.D.Ind. No. 3:17CV298, 2017 U.S. Dist. LEXIS 69645 (May 8, 2017) (court concluded that a student facing discipline for an

---

[1] This is permitted by Florida law for breach of contract claims. *Inter-Active Servs. v. Heathrow Master Assn.*, 721 So.2d 433, 436 (Fla.App. 1998); *Davis v. Tampa Bay Arena, Ltd.*, M.D.Fla. No. 8:12-cv-60, 2012 U.S. Dist. LEXIS 80418, at *14 (June 11, 2012).

allegation of sexual misconduct has demonstrated "at least some likelihood of success on the merits of his breach of contract claim and of irreparable harm"); *Doe v. Middlebury College,* D.Vt. No. 1:15-cv-192-jgm, 2015 U.S. Dist. LEXIS 124540 (Sep. 16, 2015) (court found that a student accused of sexual misconduct had "demonstrated a sufficiently serious question regarding whether [the school] violated its policies"); *King v. DePauw Univ.*, No. 2:14-cv-70, 2014 U.S. Dist. LEXIS 117075 (S.D. Ind. Aug. 22, 2014) (court found that a student accused of sexual misconduct had demonstrated likely success on breach of contract claims against the school).

Courts have similarly granted injunctive relief against public colleges and universities, finding that students faced irreparable harm from the imposition of school discipline. *See e.g. Doe v. Rector & Visitors*, W.D.Va. Civil Action No. 3:19CV00038, 2019 U.S. Dist. LEXIS 108990 (June 28, 2019) (granting a preliminary injunction prohibiting a public university from proceeding with a disciplinary hearing after concluding that the student had demonstrated a likelihood of success on the merits of his procedural due process claim); *Doe v. Univ. of Michigan*, 325 F. Supp. 3d 821, 826 (E.D.Mich. 2018) (granting preliminary injunction prohibiting a public university from continuing with an unconstitutional disciplinary process); *Nokes v. Miami Univ.*, S.D.Ohio No. 1:17-cv-482, 2017 U.S. Dist. LEXIS 136880 (Aug. 25, 2017) (granting preliminary injunction prohibiting a public university from suspending a student); *Ritter v. Oklahoma*, W.D.Okla. No. CIV-16-043 8-HE, 2016 U.S. Dist. LEXIS 60193 (May 6, 2016) (ordering school to stay any discipline and to permitting student to complete all remaining graduation requirements); *Doe v. Pennsylvania State Univ.*, M.D.Pa. No. 17-CV-01315, 2017 U.S. Dist. LEXIS 132186 (Aug. 18, 2017) (granting preliminary injunction to student who had alleged that a school acted in violation of his due process right to confrontation in disciplinary proceedings); *Doe v. University of Cincinnati,* 223 F. Supp. 3d 704 (S.D. Ohio 2016), *aff'd* 872 F.3d 393 (6th Cir. 2017) (same); *Roe v. Adams-Gaston*, S.D.Ohio No. 2:17-cv-945, 2018 U.S. Dist. LEXIS 185697 (Apr. 17, 2018) (same).

**C.      The Plaintiff Has A Substantial Likelihood of Success.**

This Court has granted Plaintiff's Motion for Partial Summary Judgment on a portion of his breach of contract. (*See* Doc#117, PagedID#3318.)

**D.      Irreparable Harm**

The accompanying Affidavit of John Doe describes the irreparable harm Plaintiff will suffer if a temporary restraining order and preliminary injunction are not granted. The imposition of discipline by Rollins would deny Plaintiff the benefits of education at his chosen school, would damage his academic and professional reputation, and may affect his ability to enroll at other institutions of higher education and to pursue a career. This has been found to constitute irreparable harm. In *Doe v. Univ. of Cincinnati,* the Sixth Circuit observed that a suspended student would "suffer reputational harm both on and off campus based on a finding rendered after an unfair hearing." 872 F.3d 393 at *29. The Fifth Circuit in *Plummer* observed that sanctions imposed by a university could have a "substantial lasting impact on [students'] personal lives, educational and employment opportunities, and reputations in the community." 860 F.3d at 773, *citing Doe v. Cummins*, 662 F. App'x 437, 446 (6th Cir. 2016). Another court observes that this satisfies the irreparable harm prong of the preliminary injunction inquiry:

> The court concludes plaintiff has also demonstrated that he will suffer irreparable harm if the injunction is denied. The loss of educational and career opportunities he will encounter if not reinstated and allowed to graduate is not readily compensable in money damages.

*Ritter*, 2016 U.S. Dist. LEXIS 60193, at *8.

In the event Defendant attempts to argue that Plaintiff's claims can be fully compensated with money damages, this clam has been rejected by other courts. *See Doe v. Univ. of Michigan*, 325 F. Supp. 3d at 829 ("Money damages cannot compensate Plaintiff for the reputational harm he has already suffered and will continue to suffer as a consequence of sexual assault allegations.").

### E. Harm to Third Parties and Public Interest

An injunction will not cause any harm to third parties or Defendant. Defendant remains able to enforce its rules and regulations in a manner consistent with its policies and student handbook. On the other hand, the failure to grant an injunction would harm the public because it would permit Defendant to ignore its policies with respect to all current and future students on an ongoing basis while this case is resolved, which necessarily would cause substantial, irreparable harm to those students. Enforcement of contracts is in the public interest, generally – but more so when there is a disparity in power and resources between students and an educational institution. *See Talk Fusion, Inc. v. Ulrich,* M.D.Fla. No. 8:11-CV-1134, 2011 U.S. Dist. LEXIS 74549, at *16 (June 21, 2011) ("a preliminary injunction would affirmatively serve the public interest by… upholding the terms of enforceable contracts"); *Internatl. Hair & Beauty Sys., LLC v. Simply Organic, Inc.*, M.D.Fla. No. 8:11-cv-1883, 2011 U.S. Dist. LEXIS 127336, at *29 (Sep. 26, 2011) ("a preliminary injunction would affirmatively serve the public interest by preserving faith in the contractual agreements that businesses routinely make with their employees [and] by upholding the terms of enforceable contracts…"); *TRO. Variable Annuity Life Ins. Co. v. Antoniadis*, M.D.Fla. No. 8:12-cv-1980, 2012 U.S. Dist. LEXIS 124200, at *3 (Aug. 31, 2012) (same).

### F. Nominal Bond Should Be Imposed

Federal R. Civ. P. 65(C) provides that "The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Defendant is an educational institution. Accordingly, because money is not an issue for Defendants and the school is not likely to suffer any potential losses if an injunction is granted, this Court should set surety in the nominal amount of $1. *See Doe v. Cincinnati.* 223 F. Supp. 3d 704 ("The Court sets a bond in the nominal amount of $1."). *See also Ponce v. Socorro Indep. Sch. Dist.,* 432 F. Supp. 2d 682, 707 (W.D. Tex.

5

2006) (setting a nominal bond of one hundred dollars because the evidence indicates that Defendant will suffer little, if any, damage by the issuance of the preliminary injunction), *rev'd on other grounds* 508 F.3d 765 (5th Cir. 2007).

## CONCLUSION

This Court should issue a Preliminary Injunction prohibiting Defendant from imposing and reporting any disciplinary sanctions against Plaintiff related to the alleged sexual misconduct described in this Complaint pending the completion of trial and the consideration of permanent injunctive relief.

Respectfully submitted,

/s/ Joshua A. Engel
Carlos J. Burruezo, Esq. (#843458)
carlos@burruezolaw.com
Bertha L. Burruezo, Esq. (#596973)
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

JOSHUA ADAM ENGEL (Ohio 0075769)
ANNE TAMASHASKY (Ohio 0064393)
    *Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on April 1, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

_____/s/ Joshua Engel_____
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)

6

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), this is a motion for injunctive relief and, therefore, counsel is not required before filing this Motion to confer with counsel for the opposing party in a good faith by email in an effort to resolve the issues raised by the motion and obtain the relief sought without court action.

/s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)
