## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR A PRELIMINARY INJUNCTIONS |
| ROLLINS COLLEGE | |
| Defendants | |

Plaintiff respectfully submits this Reply to the Opposition to the Motion for a Preliminary Injunction. (Doc#137; Doc#142.)  Defendant claims some confusion about what Plaintiff is seeking to enjoin.[1]  Def. Memo. at PageID#3594-96.  Plaintiff is seeking precisely the relief provided by the court in *Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 346 (D.R.I. 2016) (ordering school to vacate finding and expunge student's record).

Defendant on a number of occasions asserts that Plaintiff was "found guilty." *See* Def. Memo. at PageID#3612.  This is misleading.  Defendant asserting that John Doe is 'guilty' is the equivalent of the Crown asserting that a person condemned by the Star Chamber was "guilty."[2]  John Doe was found 'responsible' by a single investigator without a hearing, without disclosing exculpatory-type evidence, and based upon the lowest possible standard of proof.  (*Cf.* Order at PageID#3318-3320.)

Most notably, Defendant acknowledges that there is a "laundry list" of cases where courts have granted preliminary injunctive relief to students in similar position as Plaintiff, artfully ignoring

---

[1] Defendant incorrectly suggests that Plaintiff is seeking a 'mandatory' injunction. "A mandatory injunction requires a defendant to do some positive act, as opposed to a standard preliminary injunction where a defendant is ordered to stop doing something or not to do something." *Dantzler, Inc. v. Hubert Moore Lumber Co.*, No. 7:13-CV-56, 2013 U.S. Dist. LEXIS 78664, at *1 (M.D. Ga. June 5, 2013).  In this case, Plaintiff is seeking to prevent Defendant from reporting the discipline to other schools or employers, only.

[2] *Cf. Faretta v. California*, 422 U.S. 806, 821–22 (1975) ("the Star Chamber has, for centuries, symbolized disregard of basic individual rights.").

1

that usually the party whose position is supported by a "laundry list" of cases prevails.[3] Def. Memo. at PageID#3605-3606. In these cases, the courts, after considering all of the factors for a preliminary injunction, issued an order prohibiting a school from imposing discipline.[4]

## A.     Substantial Likelihood of Success.

This Court granted Plaintiff's Motion for Partial Summary Judgment on a portion of his breach of contract. (*See* Doc#117, PagedID#3318.)[5]  Defendant suggests this is not sufficient. Def. Memo. at PageID#3600.)   However, the Eleventh Circuit has found that summary judgment on a claim is sufficient to satisfy the substantial likelihood of success element.  *See Transcontinental Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1163 (11th Cir.2018) (because "the district court properly granted summary judgment in favor of [plaintiff]…, the first factor—whether [plaintiff[ has a substantial likelihood of success on the merits—is no longer at issue").[6]   Defendant further argues that Plaintiff does not have a substantial likelihood of showing that the breach of the 60-day provision was material.

---

[3] Defendant suggests, correctly, that in many of these cases students sought to continue their education at the same school. However, many of the courts considered the impact of the disciplinary decision on the long-term, and not just immediate, future of the student.  *See e.g. Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017) (affirming grant of a preliminary injunction; observing that the student would "suffer reputational harm both on and off campus…"); *Doe v. Penn. State Univ.*, 276 F. Supp. 3d 300, 314 (M.D. Pa. 2017) (discussing plaintiff's inability to mitigate that harm through admission into other institutions).

[4] Defendant incorrectly claims that there is no reason for this Motion because Plaintiff has no notation on his transcript.  *See e.g.* Def. Memo at 3595-3596.  The 'finding' by Rollins negatively affects his ability to apply to graduate schools; the affidavits do not rely upon the presence of a transcript notation. (John Doe Aff. at PageID#3567; Shedlin Aff. at PageID#3587-3588.)   Graduate school applications have a "Character and Fitness" section, which asks about an applicant's undergraduate disciplinary record. *See e.g.* Sample Application (available at https://www.law.columbia.edu/sites/default/files/microsites/admissions/jd/18-19/jd_application_19_preview_update_9-6-18.pdf).

[5] In *Futuristic Fences v. Illusion Fence*, S.D.Fla. No. 06-22042-CIV, 2007 U.S. Dist. LEXIS 110711 (Nov. 19, 2007), this Court concluded that a plaintiff had not proven a substantial likelihood of success when it had only obtained a declaration that product did not infringe on defendant's patent; this Court had not ruled on any claim where plaintiff would be entitled to *affirmative* relief.

[6] *See also Georgia State Conference of the NAACP v. Fayette Cty. Bd. of Commrs.*, 118 F. Supp. 3d 1338, 1343 (N.D.Ga. 2015) ("Plaintiffs have shown a substantial likelihood of success on the merits by virtue of the fact that the Court granted summary judgment in their favor"); *Sabal Trail Transm., LLC v. 7.72 Acres in Lee Cty.*, M.D.Ala. No. 3:16-CV-173, 2016 U.S. Dist. LEXIS 79697, at *21 (June 20, 2016) (because plaintiff "is entitled to the entry of partial summary judgment, [plaintiff] has established a substantial likelihood of success on the merits").

The Rollins Sexual Misconduct Policy was crafted to comply with Department of Education regulations requiring a "prompt and equitable" process and clearly created an expectation that the process would be completed expeditiously in order to obtain accurate and reliable information. *See* 34 C.F.R. § 106.8(b); 62 Fed. Reg. at 12045.[7]   Barker explained what is common knowledge to the Court and attorneys: witness memories could fade over this time period and evidence becomes unavailable -- a problem that is especially acute when there is no presumption of innocence and Rollins uses the lowest possible standard of proof.   (Barker Aff. at PageID#3585-3586.)   This factual evidence is consistent with the observations of the Eleventh Circuit.   *State Treas. v. Barry*, 168 F.3d 8, 21 (11th Cir. 1999) ("in that delay memories may fade, documents may disappear, and witnesses may die or scatter"); *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1388 (11th Cir. 1998) ("delay certainly increases the possibility that evidence will be lost, memories will fade, and witnesses will disappear.").

In considering whether the delay was material, the Court must consider that any faded memories or lost evidence was caused solely by Defendant's delay and Plaintiff had no opportunity to correct the problem.   In other cases, courts have noted that the failure to comply with the 60-day time limit could be evidence of a failure to comply with Title IX or a breach of contract.   *Doe v. Syracuse Univ.*, N.D.N.Y. No. 5:19-cv-00190, 2020 U.S. Dist. LEXIS 29784, at *39 (Feb. 21, 2020) (school plausibly breached contact contained in student handbook to complete investigations in 60 days).

**B.   Irreparable Harm**

Defendant argues that the irreparable harm claimed by Plaintiff is speculative.[8]  Def. Memo. at PageID#3607. However the precise harm sought by Plaintiff has been found by other courts to constitute irreparable harm based on the future harm to a student's academic reputation.  In the district

---

[7] The Department suggested that most investigations should be completed in 60 days.  *See* April 4, 2011 Dear Colleague Letter, available at https://www2.ed.gov/about/offices/list/ocr/letters/colleague-201104.pdf

[8] Defendant's position would put Plaintiff in a catch-22.  If he applied to graduate school, he would have to disclose the information he seeks to avoid having to disclose by bringing this motion.

court decision in *Doe v. Univ. of Cincinnati*, the court rejected the argument urged by Defendant, finding that the claim from a student that discipline would damage his academic and professional reputation was not "speculative." 223 F. Supp. 3d 704, 712 (S.D.Ohio 2016). *See also Elmore v. Bellarmine Univ.*, W.D.Ky. No. 3:18CV-00053, 2018 U.S. Dist. LEXIS 52564, at *20 (Mar. 28, 2018) (even a minimal sanction, such as probation, would constitute irreparable harm prior to a student applying for graduate school); *Marshall v. Ohio Univ.*, S.D.Ohio No. 2:15-cv-775, 2015 U.S. Dist. LEXIS 31272, at *24 (Mar. 13, 2015) (finding irreparable harm; student "will forever have this disciplinary action on his academic record, which may impact his ability to enroll at another institution").

Defendant argues, nonetheless, that Plaintiff's claims can be fully compensated with money damages. Def. Memo. at PageID#3609-3610. Any award of damages would be inadequate because the harm caused to Plaintiff's reputation, is difficult, if not impossible, to quantify. The law here is clear: simply because a plaintiff seeks or can calculate monetary damages does not preclude injunctive relief. *See Hydrodynamic Indus. Co v. Green Max Distribs.*, C.D.Cal. No. 2:12-cv-05058, 2014 U.S. Dist. LEXIS 80336, at *10-11 (June 10, 2014) ("the mere fact that a money-damage award can be computed does [*11] not preclude an irreparable-harm finding"), *citing Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed.Cir. 2012) ("the mere possibility of future monetary damages does not defeat a motion for preliminary injunction").[9]

## C.      Harm to Third Parties and Public Interest

Defendant does not identify any specific harm that the school will suffer if the Court grants a preliminary injunction. Instead, Defendant claims that a preliminary injunction will somehow "erode confidence" in the internal process of the College. This seems unlikely. This Court's prior decisions

---

[9] Permanent injunctive relief would be appropriate because monetary damages would not prevent Defendant from continuing to harm Plaintiff's reputation in the future; Defendant's response, by claiming that John Doe was found guilty," reveals a dogged determination to continue to falsely portray Plaintiff as a convicted sex offender.

in this case, including the finding on summary judgment that the school already has not complied with its procedures, has already shown that any such confidence in the school's process is highly misplaced. (*See e.g.* Order at PageID#3318.)  Defendant also suggests – without explicitly stating – that Jane Roe would somehow be harmed by a preliminary injunction.  But there is no evidence that a preliminary injunction would affect Jane Roe in any way – even if she were still a Rollins student, John Doe is not seeking to re-enroll or even set foot on campus.[10]  Moreover, Jane Roe's interest may actually be served by the court granting a preliminary injunction – as even courts that have denied students' motions for preliminary relief have observed that alleged victims have an interest in disciplinary processes that are accurate, reliable, and conducted in accordance with the school's procedures.  *Roe v. Dir., Miami Univ.,* S.D.Ohio No. 1:19-cv-136, 2019 U.S. Dist. LEXIS 55246, at *19 (Apr. 1, 2019) ("It is in the interest of all parties, including [the school], the alleged victim, and Doe to have fair and prompt investigations and hearings to address sexual assault allegations.").

Finally, Defendant urges this Court to refuse to get involved in school disciplinary matters on public interest grounds.  The court in *Brown Univ.* considered precisely this concern, but issued injunctive relief nonetheless after observing that the court "is not a super-appeals court for sexual misconduct cases…" 210 F. Supp. 3d at 313.  Other courts have observed "it is always in the public's interest that a student be treated fairly before being disciplined." *Ritter v. Oklahoma,* W.D.Okla. No. CIV-16-043, 2016 U.S. Dist. LEXIS 60193, at *8 (May 6, 2016).

## CONCLUSION

This Motion for a Preliminary Injunction should be granted.

---

[10] The Court could, as the Court in *Nokes,* condition any injunction on Plaintiff not having any contact with Jane Roe. *Nokes v. Miami Univ.,* S.D.Ohio No. 1:17-cv-482, 2017 U.S. Dist. LEXIS 136880, at *42 (Aug. 25, 2017).

Respectfully submitted,

/s/ Joshua A. Engel
Carlos J. Burruezo, Esq. (#843458)
carlos@burruezolaw.com
Bertha L. Burruezo, Esq. (#596973)
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

JOSHUA ADAM ENGEL (Ohio 0075769)
ANNE TAMASHASKY (Ohio 0064393)
          *Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on April 21, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

          /s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)