# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

      **Plaintiff,**

**v.**                                                                        Case No:   6:18-cv-1069-Orl-37LRH

**ROLLINS COLLEGE,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **DEFENDANT'S MOTION FOR PAYMENT OF EXPERT DEPOSITION FEES**   (Doc. No. 134)
>
> **FILED:**     **March 24, 2020**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**.

## I. BACKGROUND.

On July 5, 2018, Plaintiff filed a complaint against Defendant Rollins College, alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, as well as a state-law breach of contract claim. Doc. No. 1. In his amended complaint, Plaintiff alleges that while he was a student at Rollins College, he was falsely accused of sexual misconduct by another Rollins student, Jane Roe. Doc. No. 14, at 3. Defendant investigated Ms. Roe's claims and concluded that Plaintiff had violated the school's Sexual Misconduct and Harassment Policy. *Id.*

at 26.  The amended complaint includes a Title IX erroneous outcome claim (Count I); a Title IX selective enforcement claim (Count II); and a breach of contract claim (Count III).  *Id.* at 36.

On March 9, 2020, the Court granted summary judgment in Defendant's favor on Counts I and II of the amended complaint, as well as on the breach of the implied covenant of good faith and fair dealing found in Count III of the amended complaint.  Doc. No. 117.  The Court also granted partial summary judgment in Plaintiff's favor, to the extent that Defendant breached the sixty-day provision found in Defendant's Sexual Misconduct and Harassment Policy.  *Id.*  The case will proceed to trial on Plaintiff's remaining contract claims.  *Id.* at 30.  However, trial has been suspended pending further order from the Court.  Doc. No. 130.

The instant motion involves witness fees for Defendant's disclosed expert, Professor Peter Lake.  Doc. No. 134.  Defendant disclosed Mr. Lake as an expert in the field of Title IX Compliance.  Doc. No. 134-1.  Pursuant to a "Description of Services and Schedule of Fees," Mr. Lake charges $650 per hour for deposition testimony and $250 per hour for travel time.  Doc. No. 134-2.  It appears that Defendant provided the schedule of fees to Plaintiff with its expert disclosures.  *See* Doc. Nos. 134-1, at 2; 134-5, at 3.

Upon proper notice, Plaintiff deposed Mr. Lake on July 3, 2019.  Doc. No. 134-3; Doc. Nos. 58-2 through 58-5.  Following the deposition, Mr. Lake issued an invoice for 6.5 hours of deposition testimony at $650 per hour, 0.5 hours of travel time at $250 per hour, and for mileage in the total amount of $9.90.  Doc. No. 134-4.  On September 19, 2019, Defendant sent Plaintiff the invoice for Mr. Lake's deposition.  Doc. No. 134-5.  In response, Plaintiff, through counsel, disputed the reasonableness of Mr. Lake's $650 hourly rate and has indicated that Mr. Lake was merely a fact witness subject to only a standard witness fee.  *See* Doc. Nos. 134-5, 134-7.  However, Plaintiff stated that he is "willing to pay a reasonable fee."  Doc. No. 134-10.

Mr. Lake has also reached out to counsel for Plaintiff directly in attempt to collect payment on the invoice. Doc. No. 134-8. To date, Mr. Lake has not been paid for his deposition testimony. Doc. No. 134, at 4.

Based on the foregoing, Defendant has filed a motion seeking an Order requiring Plaintiff to pay the total amount reflected on Mr. Lake's deposition invoice——$4,359.90. *Id.* at 9; Doc. No. 134-4. Plaintiff opposes the request. Doc. No. 140. The motion was referred to the undersigned, and the matter is ripe for review.

## II.     APPLICABLE LAW.

Federal Rule of Civil Procedure 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Federal Rule of Civil Procedure 26(b)(4)(E) states, in relevant part, that "[u]nless a manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D)."

"Factors relevant to determining what is 'reasonable' include (1) the prevailing rate for a comparable, available expert; (2) the witness's area of expertise; (3) the education and training required for the opinion sought; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee being charged to those who retained the expert; (6) the cost of living in the particular geographic area; (7) fees traditionally charged on related matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Gluck v. Geico Gen. Ins. Co.*, No. 8:19-cv-634-T-27AEP, 2020 WL 339593, at *1 (M.D. Fla. Jan. 21, 2020) (citations and quotation marks omitted). "[A]lthough various courts have concluded that the burden on proving the reasonableness of an expert's fees lies with the party seeking reimbursement,

the question of what fee is reasonable falls within the discretion of the Court." *Id.* (citation and quotation marks omitted).

### III. PARTIES' ARGUMENTS.

Defendant argues that Plaintiff has not demonstrated that a "manifest injustice" would result by requiring Plaintiff to pay Mr. Lake's deposition invoice. Doc. No. 134, at 5. Defendant points out that "Plaintiff was aware of the hourly rate charged by Lake months before Lake's deposition was scheduled but never indicated he believed the rate to be excessive or unreasonable prior to completing the deposition . . . ." *Id.* And despite Plaintiff's characterization of Mr. Lake as a "fact witness," Defendant asserts that the "bulk" of Mr. Lake's deposition related to his expert opinions. *Id.* Defendant addresses the factors set forth above, provides Mr. Lake's qualifications, and argues that (1) Mr. Lake's fees are reasonable and comparable to other experts in the field; (2) Mr. Lake's regular hourly rate as a practicing attorney is $650 per hour; (3) Mr. Lake was deposed by Plaintiff for 6 hours and 15 minutes; (4) Mr. Lake is charging Defendant the same fee charged to Plaintiff; (5) Mr. Lake has been charging $650 per hour for expert services since Fall 2018 and is currently charging the same rate in a similar matter; and (6) Mr. Lake does not seek to charge Plaintiff for any deposition preparation. *Id.* at 6–8.

In response, Plaintiff does not dispute that he is responsible for paying Mr. Lake's fees for the deposition. Doc. No. 140. Nor does Plaintiff challenge the number of hours of compensation sought by Mr. Lake for the deposition or the compensation for travel time or mileage. *Id.* However, Plaintiff argues that Defendant has failed to provide admissible evidence establishing that the $650 per hour rate sought by Mr. Lake for the deposition "is the prevailing market rate in the relevant expert witness community for similar services by experts of reasonably comparable skills, experience, and reputation." *Id.* at 1–2. Plaintiff submits two affidavits in support: (1) an affidavit

from his counsel, Joshua Engel, Esq., and (2) an affidavit from Andrea Goldblum, the Director of Student Conduct and Support for the Community College of Denver. Doc. Nos. 140-1, 140-2. Both Attorney Engel and Ms. Goldblum aver that the rates sought by Mr. Lake are unreasonable. *Id.* Therefore, Plaintiff asks that, to the extent that Mr. Lake is entitled to be paid as an expert, the Court reduce his rate, based on those affidavits, to a rate between $250 to $350 per hour. Doc. No. 140, at 3–4. However, Plaintiff also argues that Mr. Lake is not entitled to his full fee because he is a fact, not an expert, witness. *Id.* at 4. In support, Plaintiff points out that Defendant listed Mr. Lake as a fact witness for trial (Doc. No. 125-4), and although Mr. Lake was identified as a Title IX rebuttal expert, summary judgment was entered in Defendant's favor on the Title IX claims (Doc. No. 117), and therefore, Mr. Lake "would not be able to testify in an expert capacity." *Id.* at 4–5 & n.2. Accordingly, Plaintiff alternatively asks that the Court find that Mr. Lake is only entitled to a fee of $40 per day pursuant to 28 U.S.C. § 1821(b). *Id.* at 4.

## IV.   ANALYSIS.

On review, the Court finds Defendant's motion well taken. First, Plaintiff does not dispute his obligation to pay Mr. Lake a reasonable fee. Doc. Nos. 134-10; 140; 140-2 ¶ 5. Second, based on the factors discussed above, the undersigned finds that Mr. Lake's fee of $650 per hour is reasonable based on the facts of this case. As noted by another court:

> Peter Lake is a Professor at Stetson University College of Law, where he is also the Director of the Center for Excellence in Higher Education Law and Policy. He has been a professor since 1990. He obtained his obtained his law degree from Harvard University and his undergraduate degree from Harvard College. He served as the Interim Director of Title IX Compliance at Stetson University has written books and articles on Title IX compliance, including a primer designed to assist campuses in creating a robust and comprehensive Title IX response system. He has served as a Title IX consultant to numerous universities.

*Roohbakhsh v. Bd. of Trustees of Nebraska State Colleges*, No. 8:17CV31, 2019 WL 5653448, at *4 (D. Neb. Oct. 31, 2019); *see also* Doc. No. 134-12 (Mr. Lake's curriculum vitae). Thus, Mr.

Lake "clearly has expertise relevant to this Title IX lawsuit, and the education and professional history that renders him a valuable expert is substantial." *See Gonzales v. Marshall Univ. Bd. of Governors*, No. CV 3:18-0235, 2019 WL 1461903, at *2 (S.D.W. Va. Apr. 2, 2019) (finding $700 per hour for Title IX expert reasonable). Defendant also submits that Mr. Lake is charging Defendant $650.00 per hour for his services, and that Mr. Lake has been charging the rate of $650.00 per hour in similar matters since Fall 2018. Moreover, it appears that Plaintiff was notified regarding the rate Mr. Lake charged before conducting the deposition. *Cf. Ulysse v. Waste Mgmt. of Fla.*, No. 11-80723-CIV, 2013 WL 12177349, at *2 (S.D. Fla. Aug. 26, 2013) (finding that expert rates of $650 per hour for sworn testimony and $175 per hour for travel time were reasonable and did not evidence manifest injustice where, among other things, "Defendant was aware and evidently agreed to the hourly rates prior to the deposition.").

In essence, Plaintiff only challenges whether Mr. Lake's fee sought is comparable to the prevailing rate for an expert in the Title IX field in the relevant market, which Plaintiff represents is a "national" market. Doc. Nos. 140; 140-1; 140-2. The parties provide competing argument and evidence in this regard.

Defendant, for its part, argues that Mr. Lake's fees are comparable to other experts in the field, pointing out that "The NCHERM Group, which works with TNG Consulting to provide expert witness services for Title IX cases, charges a standard expert rate ranging from $350 to $750 per hour." Doc. No. 134, at 7; *see also* Doc. No. 134-9 ("TNG Expert Witness At-a-glance" document stating expert rates range from $350–$750 per hour). Defendant also states that "Scott Lewis . . . of The NCHERM Group charges $650 an hour for deposition – the same rate charged by Lake." Doc. No. 134, at 7; *see also* Doc. No. 134-13 (Scott Lewis biography). Defendant further states

that Mr. Lake's regular hourly rate as a practicing attorney is $650 per hour.  Doc. No. 134, at 7; Doc. No. 134-5, at 2.

Plaintiff, on the other hand, argues that Defendant's submissions are insufficient, "unsubstantiated," and "not evidence."  Doc. No. 140, at 2.  Plaintiff relies on his own counsel's affidavit, in which counsel avers:

> A large portion of my practice involves representing students accused of violations of college and university Title IX policies.  I have represented clients in litigation related to Title IX disciplinary proceedings in federal district courts throughout the country, including in Florida, Ohio, New York, California, Kentucky, and Texas.  I also have over 25 years of litigation experience representing clients in complex cases.  As a result, I am familiar with the practices involving the payment of expert witnesses in general and have retained experts in Title IX litigation in a number of different cases.
>
> I am familiar with the rates charged by experts in the National community for expert reports and testimony in Title IX matters.  The market for experts who practice in this field is essentially national because of the specific knowledge and experience required and the need to comply with guidance from the Department of Education.  Most of the experts I have retained in involving Title IX issues have charged between $250/hour and $350/hour.
>
> The rate sought by Professor Lake of $650/hour is not reasonable and is not consistent with the rate for Title IX experts with similar experience. . . .

Doc. No. 140-2 ¶¶ 2–4.

Plaintiff also relies on the affidavit of Ms. Goldblum, the Director of Student Conduct and Support for the Community College of Denver, who has 30 years of experience in higher education, and previously served as a Title IX coordinator at Kenyon College, University of the Pacific, The Ohio State University, and the University of Cincinnati.  Doc. No. 140-1.[1]  Ms. Goldblum avers:

> I am familiar with the rates charged by persons who provide consulting services similar to the services provide by Professor Lake.  I have also reviewed Professor Lake's CV.  The market for Title IX consultants who practice in this field is essentially national because of the specific knowledge and experience required and

---

[1] Ms. Goldblum is also a client of Plaintiff's attorney in a different case.  Doc. No. 140, at 3 n.1.

> the need to comply with guidance from the Department of Education.   The schools I worked for have hired consultants similar to Professor Lake for similar tasks.   I have performed some of this work myself; I charged $350/hour.
>
> The rate sought by Professor Lake of $650/hour is not reasonable. I would describe this rate as exorbitant.   The rate of $650 is not a commonly accepted rate for Title IX consultants with similar experience as Professor Lake.   The rate sought by Professor Lake is significantly higher than the rates charged by consultants nationwide with similar education, experience, and training experience.
>
> In reaching this conclusion, I have discounted any information related to the National Center for Higher Education Risk Management ("NCHERM"). NCHERM is a for-profit organization formed to support the marketing efforts of attorneys who operate in this field.   Membership in this organization does not confer any special status or demonstrate any particular expertise.

*Id.* ¶¶ 2–4.   Therefore, Plaintiff asks that Mr. Lake's expert rate be reduced to a rate between $250 and $350 per hour.   Doc. No. 140, at 4.

Although Plaintiff has provided general averments that Mr. Lake's rate is unreasonable, in reality Plaintiff has provided evidence of only one comparator—Ms. Goldblum—who avers that she has charged $350 per hour in the past.   Defendant also relies on only one specific comparator—Scott Lewis—who Defendant states charges $650 per hour for deposition testimony.   Consequently, although there is evidence that the rates for other experts may not be as high as that sought by Mr. Lake, there is also information suggesting that experts comparable to Mr. Lake charge a similar fee.   *See Gonzales*, 2019 WL 1461903, at *2.

Based on the information provided by the parties, and relying on its own experience with expert fees, the Court cannot say that a fee of $650 per hour for Mr. Lake's expert testimony is unreasonable based on the facts of this case.   The Court notes that at least one other court has found that an expert's fee in a Title IX case, of a rate comparable to that charged by Mr. Lake, was reasonable and recoverable under Rule 26(b)(4)(E).   *See Gonzales*, 2019 WL 1461903, at *2 (finding $700 per hour for Title IX expert reasonable).   And in other contexts, courts have approved

hourly rates similar to those sought by Mr. Lake here.  *See, e.g.*, *Hudson v. Waffle House, Inc.*, No. 5:19-CV-297-RH-MJF, 2020 WL 1698619, at *1 (N.D. Fla. Feb. 20, 2020) (stating that, in a slip and fall case, "a reasonable fee for the deposition [of a physician] does not exceed $750"); *Ulysse v. Waste Mgmt. of Fla.*, No. 11-80723-CIV, 2013 WL 12177349, at *2 (S.D. Fla. Aug. 26, 2013) (approving, in hostile work environment case, $650 per hour for expert deposition testimony of psychologist, as well as $175 per hour for travel time); *Hayles v. Smith*, No. CV610-031, 2013 WL 596372, at *1 (S.D. Ga. Feb. 15, 2013) (finding deposition rate of $1,500 for the first hour and $750 for each additional hour for orthopedic surgeon reasonable); *Cruz v. Home Depot, U.S.A., Inc.*, No. 8:11-cv-1264-T-27TBM, 2011 WL 4836239, at *2 (M.D. Fla. Oct. 12, 2011) (finding reasonable $750 per hour for deposition testimony of orthopedic expert).

Based on the foregoing, the Court will require Plaintiff to reimburse Mr. Lake at the $650 hourly rate.  The Court notes, however, that Mr. Lake seeks to recover for 6.5 hours of deposition testimony.  Doc. No. 134-4.  Yet, the record reflects that the deposition took place on July 3, 2019 from 10:10 a.m. to 4:25 p.m., which is only 6.25 hours.  *See* Doc. No. 58-2, at 1.  Defendant does not explain this discrepancy.  Doc. No. 134.  Accordingly, the Court will *sua sponte* reduce the invoice amount by $162.50.  *See, e.g.*, *Ulysse*, 2013 WL 12177349, at *2 (reducing hours billed to reflect actual duration of the expert deposition).

Finally, as an alternative to the foregoing, and in reliance on the summary judgment Order and Defendant's witness list for trial, Plaintiff argues that Mr. Lake is not entitled to his full fee because he is a fact, not an expert, witness.  Doc. No. 140, at 4.  Accordingly, Plaintiff asks that

the Court find that Mr. Lake is only entitled to a fee of $40 per day pursuant to 28 U.S.C. § 1821(b).[2] *Id.* at 4.

Upon review of the transcript of Mr. Lake's deposition, however, it does not appear that Mr. Lake was testifying primarily as a fact witness, rather than an expert witness. *See* Doc. Nos. 58-2 through 58-5. Indeed, Plaintiff questioned Mr. Lake extensively about his expert report and qualifications. *See id.* The fact that Plaintiff lost his Title IX claims on summary judgment—which Order issued several months after Plaintiff conducted the deposition of Mr. Lake—does not change this result. Accordingly, the Court finds that Mr. Lake is entitled to be compensated as an expert witness under Federal Rule of Civil Procedure 26(b)(4)(E).

## V.  CONCLUSION.

For the reasons stated herein, Defendant's Motion for Payment of Expert Deposition Fees is **GRANTED in part and DENIED in part.** It is **ORDERED** that, on or before **May 11, 2020**, Plaintiff shall compensate Mr. Lake for 6.25 hours of deposition testimony at $650 per hour, 0.5 hours of travel time at $250 per hour, and $9.90 in mileage, for a total of $4,197.40.

---

[2] 28 U.S.C. § 1821 provides, in pertinent part,

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

. . . .

(b) A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

**DONE** and **ORDERED** in Orlando, Florida on April 27, 2020.

*[Signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record