UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                                   Case No. 6:18-cv-1069-Orl-37LRH

ROLLINS COLLEGE,

    Defendant.
_____

## ORDER

This matter is before the Court on Plaintiff John Doe's ("**Doe**") Motion for a Preliminary Injunction (Doc. 137 ("**Motion**").) Defendant Rollins College ("**Rollins**") responded (Doc. 142) and Doe replied (Doc. 144). The Court held a hearing on the matter on April 29, 2020 (Doc. 146 ("**Hearing**")) and issued an oral ruling denying the Motion. This order follows.

### I.    BACKGROUND

Doe attended Rollins and was found responsible for sexual misconduct in March 2018. (*See* Doc. 56-10.) Doe received his degree and his transcripts note no discipline. (*See* Doc. 61-9, p. 62:5–21.) Doe sued Rollins for breach of contract and violations of Title IX in relation to the sexual misconduct investigation against him. (Doc. 14.) On summary judgment, the Court found for Rollins on Doe's Title IX claims. (Doc. 117.) But Doe's breach of contract claims survived. (*See id.*) The case is set for trial but has been delayed due to COVID-19. (*See* Doc. 130.) Now Doe moves for a preliminary injunction, seeking

to enjoin Rollins from reporting Doe's discipline. (Doc. 137.) After briefing and the Hearing (Docs. 137–44, 146), the Court orally denied the Motion.

## II.  DISCUSSION

A district court may issue a preliminary injunction when the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003). Preliminary injunctions are "drastic" and "extraordinary" remedies, not to be issued unless the movant has "clearly established" the burden of persuasion on each element. *Id.* (citation omitted). They are the exception, not the rule. *Id.*

As the Court explained at the Hearing, the Motion fails to show irreparable harm—so relief is not warranted. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (explaining "the absence of a substantial likelihood of irreparable injury . . . make[s] preliminary injunctive relief improper" (citations omitted)). Doe says his ability to apply to graduate schools is impaired because of Rollins's disciplinary finding against him. (*See* Docs. 137, 137-1.) But this finding has been in place for two years and Doe has not moved for a preliminary injunction until now. (*See* Doc. 56-10; *cf.* Doc. 137.) This delay cuts against Doe's claim that his harm is irreparable and imminent. *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (explaining "[a] delay in seeking a preliminary

injunction of even only a *few months* . . . . militates against a finding of irreparable harm" (emphasis added)). A preliminary injunction maintains the status quo and Doe's requested relief would uproot the position of the parties that has been in place for two years. *See Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). Doe has not shown he will suffer significant harm waiting for a jury to decide. Having failed to show irreparable injury, the Motion fails without the need to examine the remaining criteria. *See Siegel*, 234 F.3d at 1176. So the Motion is denied.

It is **ORDERED AND ADJUDGED** that Plaintiff's Motion for a Preliminary Injunction (Doc. 137) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 29, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record