## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S DECISION GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S TITLE IX SELECTIVE ENFORCEMENT CLAIM |
| ROLLINS COLLEGE | |
| Defendants | |

Pursuant to Fed. R. Civ. P. 54(b), Plaintiff John Doe respectfully submits this Motion for Reconsideration of the Court's Decision Granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement claim. Reconsideration in this case is warranted because of a new circuit court opinion contrary to this Court's opinion on the selective enforcement issue: *Doe v. Univ. of the Sciences*, 3d Cir. No. 19-2966, 2020 U.S. App. LEXIS 17123 (May 29, 2020).

**A.      Standard**

Although the Federal Rules of Civil Procedure do not specifically provide for the filing of motions for reconsideration, this Court has the discretion to reconsider interlocutory orders and revise or amend them at any time prior to final judgment. *See* Fed. R. Civ. Proc. 54(b); *Marconi Wireless Telephone Co. v. United States*, 320 U.S. 1, 47-48 (1943). Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Rule 54, therefore, grants this Court discretion to revise or reconsider its orders at any time prior to final judgment. *Herman v. Hartford Life and Acc. Ins. Co.*, 508 Fed. Appx. 923, 927 fn.1 (11th Cir. 2013).

While Rule 54(b) does not specify a standard for reconsideration, courts in the Eleventh Circuit have recognized three primary grounds that justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002), *citing Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

**B.    This Court Should Reconsider And Reverse The Decision Granting Defendant Summary Judgment On Plaintiff's Selective Enforcement Claim**

**1.    Basis For Reconsideration**

Plaintiff acknowledges that "Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Henns v. Mony Life Ins. Co. of Am.*, M.D.Fla. No. 5:11-cv-55-Oc-37TBS, 2012 U.S. Dist. LEXIS 204876, at *3-4 (Mar. 9, 2012), *citing Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). *Id.* This court has power, both inherently and under Rule 54(b), to reconsider a ruling before entry of a final appealable judgment "if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006) (citing cases).

Reconsideration in this case is warranted because of a new circuit court opinion contrary to this Court's opinion on the selective enforcement issue: *Doe v. Univ. of the Sciences, supra.* While ordinarily a change in the law refers to controlling authority (such as an opinion from the Eleventh Circuit or the U.S. Supreme Court), this Court observed in its March 9, 2020 Order that "The U.S. Court of Appeals for the Eleventh Circuit has not defined how to analyze a Title IX challenge to a university's disciplinary proceeding." Order at PageID#3306. As a result, where the the Eleventh Circuit – and this Court – have relied on opinions from other circuits, a new decision contrary to this Court's decision creates a situation where reconsideration is appropriate under either the theory that

2

the decision represents a clarification or change in the law or, alternatively, the new decision illustrates a manifest injustice in this case.[1]

### 2.    Reconsideration Is Appropriate To Account For A Clarification Of The Law Or To Prevent Manifest Injustice

Plaintiff argued, in support of his Selective Enforcement claim, that gender bias could be inferred because Rollins officials failed to initiate a disciplinary process with respect to Jane Roe after receiving credible information that Jane Roe, in addition to John Doe, may have violated the sexual-misconduct policy by engaging in sexual activity with John Doe while John Doe was incapacitated due to alcohol.  The Court rejected this argument and granted summary judgment to Defendants on the Title IX Selective Enforcement claim.  The primary grounds for the Court's decision is that John Doe could not be similarly situated to Jane Roe because John Doe never initiated a complaint with the school.  This Court said:

> Doe says Jane Roe was similarly situated because they were both drunk during the February incident and Rollins did not investigate whether Doe could have consented to sexual activity. (Doc. 56, pp. 22–28.) This isn't enough. "An accused student and his or her accuser can be compared to show selective enforcement if the parties allege misconduct against each other," but the two can't be compared "if the accused student did not similarly initiate or attempt to initiate a complaint against his or her accuser."

Order at PageID#3315, *quoting Rossley v. Drake Univ.*, 342 F. Supp. 3d 904, 933 (S.D. Iowa 2018).

The Third Circuit reached the exact opposite conclusion in *Doe v. Univ. of the Sciences, supra.* The facts of *Univ. of Sciences* are on strikingly similar to the facts of this case in this respect.  In *Univ. of Sciences* the school, like Rollins in this case, did not require a complaint to initiate a Title X investigation but, instead, had a 'mandatory reporting requirement' that permitted the school to act whenever a responsible employee received information about potential sexual misconduct.  As in this case, both the accused student and the complainant had been drinking and engaged in sexual intercourse.  And,

---

[1] This is particularly true where no other circuit has held otherwise.

as in this case, the complainant later alleged that she was unable to provide consent because she was intoxicated.

The Third Circuit in *Univ. of Sciences* held that Plaintiff could maintain a selective enforcement claim even though the accused student had told the investigator that the sexual activity was consensual and never submitted a complaint. The Third Circuit explained that a selective enforcement claim was tenable under this fact pattern because the school was 'aware' that both the accused student and the could have been intoxicated. The court said, "Doe initially told the investigator that his sexual encounter with Roe 2 was mutually consensual.... But under the Policy, Doe's allegation that he and Roe 2 were comparably intoxicated undermined his ability to give affirmative consent, just as it impaired hers." 2020 U.S. App. LEXIS 17123, at *14 n. 4. The Third Circuit, thus, expressly declined to accept the reasoning this Court cited to reject Plaintiff's Selective Enforcement claim – that Jane Roe is not a valid comparator because "Jane Roe reported sexual misconduct to Rollins; Doe did not." Order at PageID#3315. In other words, where this Court said that the awareness of a school of possible sexual misconduct in the absence of a formal complaint "isn't enough," the Third Circuit said that this is sufficient.[2]

Notably, the Third Circuit relied upon the decision of the Sixth Circuit in *Doe v. Miami Univ.*, 882 F.3d 579, 596 (6th Cir. 2018). This Court expressly declined to follow this opinion. Order, PageID#3315-3316. In *Miami Univ.*, *supra*, the Sixth Circuit held that a school's obligations turn not on the formality of whether a party submits a complaint through the formal Title IX process, but on whether the school "had credible information that both students had potentially violated the University's sexual misconduct policy [but] . . . chose not to pursue disciplinary action against" one of

---

[2] Defendant may, of course, argue to the jury that John Doe and Jane Roe are not similarly situated because only Jane Roe submitted a complaint. The point of *Univ. of the Sciences* is that this is an issue of fact for the jury, and is not a dispositive fact warranting summary judgment as a matter of law.

the students. 882 F.3d at 596.  This Court rejected the application of the *Univ. of Miami* standard because, this Court believed,[3] *Univ. of Miami* was a deliberate indifference, and not a selective enforcement, case.  But, the citation to *Univ. of Miami* by the Third Circuit in *Univ. of the Sciences* demonstrates that the analysis of *Univ. of Miami* can be properly applied to Title IX selective enforcement claims.[4]

## CONCLUSION

The Court should reconsider the Court's Decision granting defendant's motion for summary judgment on Plaintiff's Title IX Selective Enforcement claim on the basis of the decision in *Univ. of the Sciences*.  The Court should deny the Motion for Summary Judgment and set this matter for trial on Count II in addition to the currently scheduled trial.

---

[3] This Court said, "*Miami Univ.* is inapposite as it deals with a deliberate indifference claim at the pleading stage, which does not require a similarly situated individual."  Order, PageID#3316.  Respectfully, this was erroneous.  While the lack of a complaint by the plaintiff in that case was discussed in the context of a deliberate indifference claim, the relevant portion of the *Miami Univ.* decision *also* arose in the context of a *separate* equal protection claim, which *does* require the identification of a similarly situated individual.  882 F.3d at 595-596.  In fact, this Court cited to the equal protection aspect of *Miami Univ.* in its discussion of Plaintiff's selective enforcement claim in denying the Motion to Dismiss.  352 F. Supp. 3d at 1212.

[4] Plaintiff further observes that in another case decided subsequent to this Court's Summary Judgment Order, a district court denied cross motions for summary judgment on a selective enforcement claim where the accused student and the complainant were intoxicated, but only the complainant had submitted a report to the school.  That court said:

> [The accused student] is also different from [the complainant], the University argues, because Doe never presented a disciplinary complaint to [the University] about the incident…. [T]here are questions of fact about whether gender bias motivated the fact that Plaintiff received a penalty for the incident and [the complainant] did not.  Those are questions for the jury to decide…

*Doe v. Syracuse Univ.*, N.D.N.Y. No. 5:17-cv-787, 2020 U.S. Dist. LEXIS 75995, at *47 (Apr. 30, 2020).

Respectfully submitted,

/s/ Joshua A. Engel
Carlos J. Burruezo, Esq. (#843458)
carlos@burruezolaw.com
Bertha L. Burruezo, Esq. (#596973
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

Joshua Adam Engel (Ohio 0075769)
Anne Tamashasky (Ohio 0064393)
*Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on June 11, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that before filing this Motion counsel conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and obtain the relief sought without court action.  Counsel for the opposing party did not agree on the resolution of the motion.

/s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)

6