UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                                           CASE NO.: 6:18-cv-01069-Orl-37KRS

ROLLINS COLLEGE,

    Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant, Rollins College ("Rollins" or the "College"), responds to Plaintiff's Motion for Reconsideration of the Court's Decision Granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement Claim (Doc. #152) ("Motion") and requests this Court deny Plaintiff's Motion in its entirety. In his Motion, Plaintiff asks the Court to reconsider its summary judgment order "because of a new circuit court opinion contrary to this Court's opinion on the selective enforcement issue, *Doe v. University of Sciences*."[1] Plaintiff's Motion should be denied because there has been no change in controlling law and *Doe v. University of Sciences* is distinguishable.

## SUMMARY JUDGMENT ORDER

On March 9, 2020, this Court entered an order granting partial summary judgment in favor of Rollins on all but one of Plaintiff's claims (Doc. #117). On the same day, the Court entered judgment in favor of Rollins with respect to Counts I and II, Plaintiff's Title IX claims, and Plaintiff's claim for breach of implied covenant of good faith and fair dealing.[2] In his Motion,

---

[1] (Doc. #152) Plaintiff's Motion for Reconsideration of the Court's Decision Granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement Claim (hereinafter "Motion") at 1.
[2] (Doc. #119) Judgment in a Civil Case.

{00380293 2 }                                                                            1

Plaintiff seeks reconsideration of the Court's ruling on Plaintiff's selective enforcement claim asserted in Count II.[3] Plaintiff argues that the Court should reconsider its prior ruling due a recent opinion issued by the United States Court of Appeals for the Third Circuit.

## MEMORANDUM OF LAW

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Henns v. Mony Life Ins. Co. of Am.*, No. 5:11-CV-55-OC-37TBS, 2012 WL 13098756, at *1 (M.D. Fla. Mar. 12, 2012). "Courts have delineated three major grounds that may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Dugan v. Scott*, No. 5:13-CV-235-OC-32PRL, 2019 WL 4737609, at *2 (M.D. Fla. Sept. 27, 2019). "[A] motion for reconsideration is proper only if it calls to the Court's attention an argument or controlling authority that was overlooked or disregarded in the original ruling, presents manifest evidence or argument that could not previously have been submitted, or successfully points out a manifest error of fact or law." *Sanders v. Daimler Chrysler Corp.*, No. 3:05 CV 7056, 2010 WL 11565416, at *1 (M.D. Fla. July 20, 2010). "A court should not reconsider its judgment unless the moving party satisfies its burden to set forth facts or law of a strongly convincing nature." *Henns v. Mony Life Ins. Co. of Am.*, No. 5:11-CV-55-OC-37TBS, 2012 WL 13098756, at *1 (M.D. Fla. Mar. 12, 2012); *Kirkland v. Mosaic Fertilizer, LLC*, No. 8:14-CV-1715-T-24TGW, 2015 WL 5009112, at *2 (M.D. Fla. Aug. 20, 2015).

**A. Plaintiff's Motion for Reconsideration should be denied because there has been no change in controlling law**

In his Motion, Plaintiff states that the reason he seeks reconsideration is "a new circuit

---

[3] (Doc. 14) Amended Complaint and Jury Demand at 35.

{00380293 2 }                                               2

court opinion contrary to this Court's opinion on the selective enforcement issue . . . ."[4] Plaintiff argues that the Court should reconsider its ruling because the Third Circuit, on a motion to dismiss, ruled in a way that might be interpreted to support the argument Plaintiff made regarding the issue. Presumably, Plaintiff is relying on the "intervening development or change in controlling law" factor as the underlying basis for his Motion. However, Plaintiff fails to cite to any *controlling* law to support reconsideration of the Court's summary judgement on Plaintiff's claim for selective enforcement.[5]

Instead of citing controlling law, Plaintiff asserts that "where the Eleventh Circuit – and this Court – have relied on opinions from other circuits, a new decision contrary to this Court's decision creates a situation where reconsideration is appropriate under either the theory that the decision represents a clarification or change in the law or, alternatively, the new decision illustrates a manifest injustice in this case."[6] Conspicuously, Plaintiff fails to cite to any authority to support his assertion and Defendant has been unable to locate any through its own research. In fact, Defendant's research indicates that it is not appropriate to seek reconsideration based on non-binding precedent decided in another circuit. *See Bravo v. Eden Isles Condominium Assoc., Inc.*, No. 09-22532-CIV, 2011 WL 13174648, at *1 (S.D. Fla. July 11, 2011).

"It is established beyond debate that district courts are bound by the decisions of the Supreme Court of the United States and those of the Circuit Court of Appeals in their own circuit,

---

[4] (Doc. 152) Motion at 2.
[5] Plaintiff also states that "the new decision illustrates a manifest injustice in this case" but does not articulate how manifest justice will occur if the Court fails to reconsider and/or change its summary judgment ruling. Notwithstanding, the Court's summary judgment ruling is well reasoned and includes citations to authority that have not been overruled by any other courts. Therefore, the Court's ruling is not plainly and obviously unjust despite Plaintiff's fundamental disagreement with the ruling. *See* Schmidt v. Washington Newspaper Publ'g Co., LLC, 18-80614-CIV, 2018 WL 6422705, at *2 (S.D. Fla. Dec. 6, 2018) (defining "manifest injustice" as "an error in the trial court that is direct, obvious, and observable ... patently unfair" and "apparent to the point of being indisputable.")
[6] (Doc. 152) Motion at 3.

but are not bound by those of a federal court of co-ordinate jurisdiction, or even the decisions of a federal Circuit Court of Appeals in another circuit." *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2018 WL 4095104, at *2 (W.D.N.Y. Aug. 28, 2018). In other words, "authority from one circuit of the United States Court of Appeals is not binding upon another circuit." *General v. D'Amico*, 766 F.2d 485, 488 (11th Cir. 1985). To wit, "the decision of a sister circuit court of appeals is not binding precedent on a district court in another circuit, but is merely persuasive authority." *Bravo*, 2011 WL 13174648 at *1. Persuasive authority does not support reconsideration of an order on summary judgment. *Id.; see also Petersen v. Am. General Life Ins. Co.*, No 3:14-cv-100-J-39JBT, 2016 WL 11627365, at *1 (M.D. Fla. Aug. 19, 2016) (denying motion for reconsideration of summary judgment order where the moving party cited to authority not binding on the court because it was either from outside the Eleventh Circuit, had not been published, or both.) For this reason alone, Plaintiff's Motion should be denied.

**B.     *Doe v. University of the Sciences* is inapposite, and the Court's ruling should not be disturbed**

In *Doe v. University of the Sciences*, the Third Circuit reversed the district court's dismissal of the plaintiff's complaint finding that the complaint contained plausible allegations supporting claims for sex discrimination and breach of contract. *Doe. v. Univ. of Sciences*, No. 19-2966, 2020 WL 2786840 (3d Cir. May 29, 2020). Plaintiff argues that the Court's summary judgment on Count II of Plaintiff's Amended Complaint should be reconsidered based on the Third Circuit's ruling in *University of the Sciences*, arguing the Third Circuit reached "the exact opposite conclusion" of this Court "on strikingly similar facts."[7] However, Plaintiff ignores key differences in the cases.

---

[7]     (Doc. 152) Motion at 3.

### 1. This Court ruled consistent with *Doe v. University of the Sciences* at the motion to dismiss stage of this case

*Doe v. University of the Sciences* reviewed the district court's ruling on a motion to dismiss and found the plaintiff plausibly stated a claim for selective enforcement. No. 19-2966, 2020 WL 2786840, at *6 (3d Cir. May 29, 2020). Here, at the motion to dismiss stage in this case, the Court also found Plaintiff's allegations plausibly alleged a selective enforcement claim.[8] Specifically, the Court stated,

> At the motion to dismiss stage, the Court finds that Plaintiff's allegations plausibly make out a selective enforcement claim against Rollins. As Plaintiff alleges, the information Rollins collected during the investigation could have equally supported disciplinary proceedings against Jane Roe for also violating the Sexual Misconduct Policy. (Doc. 14, ¶¶ 81–82.) Yet Rollins treated Jane Roe—a female student—differently. (Id.) Preferentially even, as Plaintiff alleges. (Id. ¶¶ 83–84.) Such allegations sufficiently support a selective enforcement claim against Rollins. *See, e.g., Doe v. Amherst Coll.*, 238 F. Supp. 3d 195, 223 (D. Mass. 2017) (allowing selective enforcement claim to proceed past the pleadings stage when college encouraged female student to pursue disciplinary proceedings against male when female may have initiated sexual activity while male student was intoxicated and incapable of consenting and plaintiff alleged enhanced severity of punishment due to his gender); *cf. Miami Univ.*, 882 F.3d at 596–97 (finding equal protection claim plausible with allegations that university pursued disciplinary action solely against male student in the face of evidence that both male and female student violated sexual misconduct policy because of his gender). Thus, the Motion is denied for this claim.[9]

Accordingly, this Court ruled consistent with the holding of the Third Circuit on Defendant's Motion to Dismiss.

### 2. *Doe v. University of the Sciences* was decided pursuant to a motion to dismiss, which is a different standard than a motion for summary judgment

Moreover, the Third Circuit's decision in *University of Sciences* reverses the dismissal of the plaintiff's complaint, while this Court's March 9, 2020 decision was a ruling on Defendant's Motion for Summary Judgment. Therefore, the question before the Third Circuit was whether the

---

[8] *See* (Doc. 38) January 16, 2019 Order at 10-11.
[9] (Doc. 38) January 16, 2019 Order at 10-11.

plaintiff stated "a claim for relief that [was] plausible on its face." *Univ. of Sciences*, 2020 WL 2786840 at *3. In contrast, the issue before this Court on Defendant's Motion for Summary Judgment was whether Rollins showed "there [was] no genuine dispute as to any material fact and that it [was] entitled to judgment as a matter of law."[10] Indeed, "[t]he standard of review for a motion for summary judgment is completely different and inapplicable to the standard of review on a motion to dismiss. *27TH Ave. Investments, Inc. v. Aspen Specialty Ins. Co.*, No. 08-20080-CIV, 2008 WL 3270811, at *2 (S.D. Fla. Aug. 8, 2008); *RJSG Properties, LLC v. Marbella Condo. Developers, LLC*, No. 3:08-CV-302/MCR/EMT, 2010 WL 2890307, at *4 (N.D. Fla. June 11, 2010), *report and recommendation adopted*, 3:08-CV-302/MCR/EMT, 2010 WL 2890784 (N.D. Fla. July 21, 2010) ("[T]he standards applicable to motions for summary judgment and motions to dismiss are significantly different."); *Waite v. Fin. Recovery Services, Inc.*, No. 8:09-CV-02336, 2010 WL 5209350, at *6 (M.D. Fla. Dec. 16, 2010) (distinguishing a case decided on a motion to dismiss from one being decided on a motion for summary judgment). Because the Third Circuit and this Court were reviewing each respective case utilizing completely different standards, Plaintiff's motion for reconsideration should be denied.

### 3. *Doe v. University of Sciences* is factually distinguishable from the instant case

Moreover, while the plaintiff in *University of Sciences* and Plaintiff attempt to make the same legal argument, the facts in this case are not "strikingly similar." In *University of Sciences*, the investigator's report found that the plaintiff and one of the victims consumed close to the same amount of alcohol, "between three and five drinks each." 2020 WL 2786840, at *5 (3d Cir. May 29, 2020). The Third Circuit recognized that the plaintiff alleged in his complaint that he and the victim were "comparably intoxicated" and the allegation that they were comparably intoxicated

---

[10] (Doc. 117) March 9, 2020 Order at 12.

undermined his ability to give affirmative consent under the University's policies. *Id.* at *5 n. 4. University of Sciences policy considered the University to "have notice of potential sexual misconduct whenever a responsible employee knows or reasonably should know about the misconduct." *Id.* at 5. The Third Circuit concluded that it was *plausible* that sex discrimination occurred because based on the policy language, the plaintiff "*plausibly allege[d]* that, at the latest, [the University] had notice that [the victim] may have violated the Policy when the investigator submitted her report to the Title IX coordinator." *Id* (emphasis added).

In this case, the Title IX investigator found that, prior to the sexual assault, Jane Roe consumed approximately 12 ounces of wine, at least half a bottle of champagne, and 8 ounces of 4 LOKO at 12% alcohol.[11] In contrast, the Title IX investigator found that Plaintiff consumed one or two liquor drinks and one or two beers prior to the event and a portion of a bottle of champagne and only one beer at the event.[12] Unlike in *University of Sciences*, the Title IX investigator did not find Jane Roe and Plaintiff consumed comparable amounts of alcohol. Instead, during the course of this litigation, Plaintiff asserted that the College received information that the Plaintiff "may have been drunk" or that Plaintiff was intoxicated.[13] However, under Rollins' Title IX policy, "incapacitation is state beyond drunkenness or intoxication."[14] Further, the Title IX investigator's report is devoid of any facts that indicate that Plaintiff was mentally and/or physically helpless, unconscious, asleep, unaware that the sexual activity was occurring, had lack of control over physical movements, was unaware of circumstances or surroundings, was unable to communicate

---

[11] (Doc. 61) August 1, 2018 Declaration of Deena Wallace Attaching as Exhibit A, Final Investigation Report with Exhibits; Exh. A Investigation Report (hereinafter "Investigation Report") at 53.
[12] (Doc. 61) Investigation Report at 53.
[13] (Doc. 56) Plaintiff's Motion for Partial Summary Judgment on Breach of Contract Claim at 23; (Doc. 14) Amended Complaint at 36.
[14] (Doc 61) April 15, 2019 Deposition of Oriana (Jimenez) Guevara, Exh. 29, Rollins' Title IX Policy (hereinafter "Rollins' Title IX Policy") at Rollins/Doe-000680.

for any reason, or was otherwise incapacitated as defined by the policy.[15] For these reasons, Rollins would not have been on "notice" in the same manner that the Third Circuit indicated University of Sciences plausibly may have been on notice under the University's policy. Because *Doe v. University of Sciences* is factually distinguishable from this case, Plaintiff's Motion should be denied.[16]

## CONCLUSION

For the foregoing reasons, Defendant, Rollins College, requests this Court deny Plaintiff's Motion for Reconsideration in its entirety.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: /s/

Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Kelly DeGance
Florida Bar No. 0606022
E-mail: kelly.degance@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

---

[15] *See* (Doc 61) Rollins' Title IX Policy at Rollins/Doe-000680; (Doc. 61) Investigation Report at 53.
[16] In a footnote in his Motion, Plaintiff cites to *Doe v. Syracuse Univ.*, No. 5:17-cv-787, 2020 WL 2079513 (N.D. New York Apr. 30, 2020) presumably to support his argument that this Court's summary judgment ruling was wrong. (Doc. 152) Motion at 5. However, there is no question that "a district court decision cannot constitute an intervening change of controlling law sufficient to warrant reconsideration. *McCracken v. Verisma Sys., Inc.*, No. 6:14-CV-06248(MAT), 2018 WL 4095104, at *2 (W.D.N.Y. Aug. 28, 2018).

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to: Joshua Adam Engel, Engel and Martin, LLC, 4660 Duke Drive, Ste 101, Mason, Ohio 45040 (engel@engelandmartin.com) and Bertha L. Burruezo and Carlos J. Burruezo, 941 Lake Baldwin Lane, Orlando, Florida 3281-6438 (bertha@burruezolaw.com; carlos@burruezolaw.com).

_____
ATTORNEY