UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

Plaintiff,

v. Case No. 6:18-cv-1069-Orl-37LRH

ROLLINS COLLEGE,

Defendant.

---

**ORDER**

The Court granted summary judgment for Defendant on Plaintiff's selective enforcement claim. (Doc. 117, pp. 22–24 ("**SJ Order**").) Plaintiff moves for reconsideration of that decision under Federal Rule of Civil Procedure 54(b). (Doc. 152 ("**Motion**").) Defendant opposes. (Doc. 153.) On review, the Motion is denied.

## I. BACKGROUND

This case stems from a sexual encounter in Plaintiff's campus dorm room with fellow student Jane Roe, for which Plaintiff was found responsible for violating Defendant's Title IX sexual misconduct policy. (*See* Doc. 117, p. 1.) Alleging the disciplinary process was motivated by gender bias, Plaintiff sued for breach of contract and violations of Title IX. (Doc. 14.) At issue is the Court's ruling on his Title IX selective enforcement claim. (*See* Doc. 152; *see also* Doc. 117, pp. 22–24.)

In the SJ Order, the Court applied the Title IX framework from *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994). (*See* Doc. 117, pp. 14–16.) Under *Yusuf*, "[a] selective

enforcement claim asserts that a school decided to discipline a student or decided on certain penalties based on the student's gender." (*Id.* at 23 (citing *Yusuf*, 35 F.3d at 715).) To prevail on a selective enforcement claim, the plaintiff "must show a similarly situated individual of the opposite sex was treated differently." (*Id.* (citing *Rossley v. Drake Univ.*, 342 F. Supp. 3d 904, 931 (S.D. Iowa 2018)).) Plaintiff relied on Jane Roe as the similarly situated individual, arguing they were both drunk during the incident and Defendant did not investigate whether Plaintiff could have consented to sexual activity. (*See id.*) The Court found Jane Roe was not a proper comparator because Plaintiff did not allege misconduct against Jane Roe, while Jane Roe did allege misconduct. (*Id.* at 23–24.) So the Court found Plaintiff's selective enforcement claim could not survive summary judgment. (*Id.* at 24.)

Now Plaintiff moves for reconsideration of the SJ Order based on a recent opinion from the U.S. Court of Appeals for the Third Circuit—*Doe v. University of the Sciences*, 961 F.3d 203 (3d Cir. 2020). (Doc. 152.) With Defendant's response (Doc. 153), the matter is ripe.

## II.  LEGAL STANDARDS

Under Rule 54(b), an order adjudicating fewer than all the claims in action, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "While Rule 54(b) does not specify a standard for reconsideration, the Advisory Committee Notes make clear that [interlocutory] judgments . . . are left subject to the complete power of the court rendering them to afford such relief as justice requires." *Inetianbor v. CashCall, Inc.*, 962 F. Supp. 2d

1303, 1307 (S.D. Fla. 2013) (quotation marks and citation omitted). Generally, three grounds justify reconsideration: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) clear error or manifest injustice. *See Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted). "The Court's reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Mannings v. Sch. Bd. of Hillsborough Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993) (citation omitted). Reviewing the Motion the Court notes that the prior final judgment was improvidently entered inasmuch as the summary judgment order did not constitute "a final adjudication of the claims and all parties rights and liabilities", Fed. R. Civ. P. 54(b). Consequently, the Summary Judgment Order at Doc. 117 and the Final Judgment in favor of the Defendant entered at Doc. 119 will be vacated with an Amended Order to follow.

## III. ANALYSIS

Plaintiff argues the Third Circuit's opinion in *Doe v. University of the Sciences* warrants reconsideration of the SJ Order because the Third Circuit did not require the plaintiff to formally complain to the school about sexual misconduct to maintain a selective enforcement claim when both students were intoxicated. (Doc. 152, pp. 2–5.) Not only is *University of the Sciences* non-binding,[1] the Court is not persuaded it compels a

[1] "A decision of a sister circuit court of appeals is not binding precedent on a district court in another circuit, but is merely persuasive authority." *Hialeah, Inc. v. Fla. Horsemen's Benevolent & Protective Ass'n, Inc.*, 899 F. Supp. 616, 623 (S.D. Fla. 1995) (citing *Generali v. D'Amico*, 766 F.2d 485, 489 (11th Cir. 1985)).

contrary result due to both the procedural posture and the Title IX framework employed. Even if a contrary result was indicated by *University of the Sciences,* persuasive authority from outside the Eleventh Circuit does not constitute an intervening change in controlling law to support reconsideration of a prior summary judgment order. *See Bravo v. Eden Isles Condo. Ass'n, Inc.*, No. 09-22532-CIV-MCALILEY, 2011 WL 13174648, at *1 (S.D. Fla. July 11, 2011).

**A. Procedural Posture**

In *University of the Sciences*, the Third Circuit reversed the district court's dismissal of the plaintiff's Title IX claim, finding the complaint plausibly alleged sex was a motivating factor in the defendant's decision to expel the plaintiff. 961 F.3d at 209–211. This is consistent with this Court's earlier motion to dismiss order and does not support Plaintiff's Motion. (*See* Doc. 38, pp. 10–11.)

At the pleading stage, this Court accepted Plaintiff's allegations that Defendant had credible information Jane Roe violated the school's policy and the school's investigation equally supported disciplinary proceedings against Jane Roe and Plaintiff. (*Id.*) So the undersigned held Plaintiff plausibly stated a selective enforcement claim. (*Id.* at 11.) Similarly, the Third Circuit accepted the plaintiff's allegations that the students consumed the same amount of alcohol and the school was on notice the female student may have violated the school's policy, finding the plaintiff plausibly stated a Title IX claim. *Univ. of the Sciences*, 961 F.3d at 210–11. While the Title IX framework applied was different, at the pleading stage this Court reached the same result as the Third Circuit. *See id.*; (Doc. 38, p. 11). At bottom, both complaints plausibly alleged that gender bias was

a motivating force in the imposition of discipline.

But the standard changes at the summary judgment stage—requiring courts to review the evidence rather than assume the veracity of the plaintiff's complaint. (*See* Doc. 117, pp. 12–13; *cf.* Doc. 38, pp. 3–4); *see also Battle v. Bd. of Regents for Ga.*, 468 F.3d 755, 759 (11th Cir. 2006). When presented with the evidence, and applying the *Yusuf* standard, the Court determined Jane Roe was not a sufficient comparator because John Doe never initiated a complaint of sexual misconduct against her. (Doc. 117, pp. 22–24.) *University of the Sciences* isn't contrary to the SJ Order because it applied a different standard, in the context of a different policy, on assumed but unestablished different facts. 961 F.3d at 208.

**B. *Yusuf* Framework**

*University of the Sciences* is distinguishable because it used a different Title IX framework. 961 F.3d at 209. The Third Circuit did not follow *Yusuf*, declining to divide the plaintiff's Title IX claim into categories like selective enforcement. *Id.* Acknowledging the Eleventh Circuit's recognition (without adoption) of the *Yusuf* framework, this Court applied *Yusuf*. (Doc. 117, pp. 14–16, 22–24 (citing *Doe v. Valencia Coll.*, 903 F.3d 1220, 1236 (11th Cir. 2018).) And courts applying the *Yusuf* framework have held a selective enforcement claim cannot stand when both students didn't allege misconduct. (*See id.* at 23 (citing cases).) The absence of a claim of sexual misconduct by one of the students demonstrates, under *Yusuf*, "a non-discriminatory reason for [Defendant's] decision not to investigate Jane Roe—[Plaintiff's] failure to allege misconduct." (*Id.*) As the Third Circuit used a different Title IX framework, reconsideration of the SJ Order is not

warranted.[2]

Plaintiff has presented no controlling change in law warranting reconsideration, so the Motion is denied.[3] But the Court takes this opportunity to correct the SJ Order's judgment. The Court previously directed the Clerk to enter judgment in favor of Rollins on some counts but not all counts have been resolved. (*See* Doc. 117.) In the interest of clarity, the Court vacates the SJ Order, with an amended order to follow.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Reconsideration of the Court's Decision Granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement Claim (Doc. 152) is **DENIED**.
2. The Court's Summary Judgment Order (Doc. 117) and Judgment (Doc. 119) are **VACATED**. An amended order will follow.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 13, 2020.

---

[2] Plaintiff also points to *Doe v. Syracuse University* (decided after the SJ Order), which denied summary judgment on a selective enforcement claim when both students were intoxicated. (Doc. 152, p. 5 n.4); No. 5:17-cv-787 (TJM/ATB), 2020 WL 2079513, at *10–14 (N.D.N.Y. Apr. 30, 2020). This case does not constitute a change in controlling law warranting reconsideration. *See McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) (explaining "a district judge's decision neither binds another district judge nor binds him"). And the Court is persuaded that comparing students that did not allege misconduct against each other is unhelpful under Title IX because it doesn't eliminate a nondiscriminatory reason for treating students differently. (*See* Doc. 117, p. 23.)

[3] Plaintiff also disputes the Court's assessment of *Doe v. University of Miami*, 882 F.3d 579 (6th Cir. 2018). (Doc. 152, p. 5 n.3.) But *Miami University* is distinguishable because in that case "[n]either Jane nor John initiated a formal complaint themselves regarding the other's conduct" making them more similarly situated, versus here, where Jane Roe made a formal complaint. *See* 882 F.3d at 596; (Doc. 117, p. 8).

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record