IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | PLAINTIFF'S MEMORANDUM ON ABILITY TO PROCEED AT TRIAL ANONYMOUSLY |
| ROLLINS COLLEGE | |
| Defendants | |

Plaintiff John Doe, respectfully submits this Memorandum in Response to the Court's inquiry about the ability of Plaintiff to proceed to trial anonymously.

Requiring Plaintiff to proceed under his real name would disclose information of the utmost intimacy, including education records protected from disclosure by the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 C.F.R. pt. 99. *See e.g. Roe v. Adams-Gaston*, S.D.Ohio No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *2 (Nov. 2, 2017) (permitting student challenging school disciplinary proceedings related to allegations of sexual misconduct to proceed anonymously).[1]

---

[1] Courts overwhelmingly have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously. *See e.g. Doe v. Colgate Univ.*, N.D.N.Y. No. 5:15-cv-1069, 2016 U.S. Dist. LEXIS 48787, at *7 (Apr. 12, 2016) ("the Court takes note that courts across the country have allowed plaintiffs alleging similar claims against colleges and universities stemming from investigations of sexual assault to proceed anonymously") (collecting cases); *Doe v. Washington Univ.*, E.D.Mo. No. 4:19 CV 300, 2019 U.S. Dist. LEXIS 234909, at *3 (Apr. 2, 2019) ("Other courts have permitted plaintiffs alleging similar claims against colleges and universities to proceed anonymously.") (collecting cases); *Doe v. Univ. of St. Thomas*, D.Minn. No. 16-cv-1127, 2016 U.S. Dist. LEXIS 193775, at *4-5 (May 25, 2016) ("Numerous courts, considering similar cases, have allowed plaintiffs to proceed pseudonymously in large part because of the very intimate nature of the claims at issue.") (collecting cases). This is true also in this Circuit. *See*

1

# ARGUMENT

Defendant was never charged with a crime. He has never been accused of any misconduct in any legal proceeding. This case is about whether Rollins College complied with its policies and procedure; this case is not about John Doe's underlying "guilt" or "innocence." *See Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 313 (D.R.I. 2016) ("It is not the Court's role to determine the facts of what happened between" accused student and alleged victim of sexual assault).

### A.   Standard

The Eleventh Circuit has identified several factors for courts to consider in determining whether a party should be permitted to proceed anonymously. These factors include:

(1) whether the party challenges government activity;

(2) whether the party will be "required to disclose information of the utmost intimacy,";

(3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution;

(4) whether the party is a minor;

(5) whether the party will be exposed to physical violence should he or she proceed in their own name; and

(6) whether proceeding anonymously "pose[s] a unique threat of fundamental unfairness to the defendant."

---

*also Doe v. Univ. of S. Alabama*, S.D.Ala. No. 17-0394, 2017 U.S. Dist. LEXIS 145587, at *15 (Sep. 8, 2017) (granting motion to proceed anonymously); *Doe v. Univ. of S. Florida Bd. of Trustees*, M.D.Fla. No. 8:15-cv-682, 2015 U.S. Dist. LEXIS 69804 (May 29, 2015) (case resolved without discussion of issue of anonymity).

*Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011). Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (*per curiam*).

**B.     This Court Should Not Reconsider The Prior Order On This Issue**

On August 30, 2018, this Court (Spaulding, M.J.) denied Defendant's Motion to Require Plaintiff to Proceed Under His Legal Name. (Doc#28.) This Court found that "requiring Plaintiff to disclose his true identity could cause the type of harm his complaint seeks to redress: harm to his reputation and future prospects based on a permanent, public link to these sexual assault allegations." Order at PageID#241. Defendant never objected to this Order.

Plaintiff acknowledges that Magistrate Judge Spaulding denied the Motion "without prejudice" and indicated, "If necessary, Defendant may again raise the issue at a later stage of the proceedings." Order at PageID#242 (emphasis supplied). While this Court, thus, left the door open to consider the issue anew for jury trial, nothing about the upcoming jury trial makes disclosure of Plaintiff's name now "necessary" and the balancing of the *Plaintiff B. v. Francis* factors is not affected by the stage of the litigation.[2] The Eleventh Circuit recently observed that in considering the *Plaintiff B. v. Francis* factors, it makes no difference whether a case is proceeding to trial or at an early, pre-trial stage. *S.B. v. Florida Agricultural & Mech. Univ. Bd. of Trustees*, 823 F.App'x 862, 866 (11th Cir. 2020). The

---

[2] In *Plaintiff B v. Francis*, for example, the trial court had originally granted plaintiffs leave to proceed anonymously, but changed its view on the matter as trial approached. The Eleventh Circuit concluded that the district court abused its discretion by requiring the plaintiffs to proceed to trial under their real names. 631 F.3d at 1312-1313.

3

*S.B.* court observed that while "a district court may expressly limit a ruling concerning anonymity to pretrial proceedings," the "standard for determining whether a plaintiff may proceed anonymously does not differ depending on the stage of litigation." 823 F.App'x at 866. The court added that the *Plaintiff B. v. Francis* test applies in "both pretrial and trial settings." *Id*.

C. **Other Courts Have Maintained Anonymity Through Trial**

Plaintiff's Counsel has been actively involved in litigation involving student discipline for years. Counsel represents to the Court that he is aware of only two similar federal cases that have proceeded to jury trial. *Doe v. Univ. of the South*, E.D. Tenn. No. 4:09-cv-00062 (jury verdict September 2, 2011; *Doe v. Trustees of Boston College*, D. Mass. No. 1:15-cv-10790 (jury verdict September 23, 2019). Both the *Univ. of the South* and *Boston College* courts permitted student-plaintiffs to proceed anonymously through jury trial.

D. **Application of Plaintiff B v. Francis Test**

Factors (2) and (6) as set forth on *Plaintiff B v. Francis* are relevant. As shown below, these factors favor granting Plaintiff continued leave to proceed anonymously.

    1. **The Disclosure Of The Plaintiff's Name Would Forever Associate Him With Allegations Of Sexual Misconduct**

The allegations on this case concern a matter of utmost intimacy. The fact that this case involves an allegation of sexual misconduct by Plaintiff has been found to be sufficient, by itself, to justify leave to proceed anonymously. *See infra*. §D(1)(a). But this case involves more than just allegations of an alleged sexual assault by Plaintiff. Instead,

as this Court noted in the Summary Judgment Opinion (Doc#117), one of the issues in this case will be "whether Rollins breached the Policy and Responding Party Bill of Rights based on the consideration of Doe's prior sexual history." Order at PageID#3319. This Court observed that the Rollins investigator considered not only his sexual activity with women (besides the alleged victim) but conducted a wide-ranging inquiry into "Doe's prior girlfriends." Order at PageID#3302.

      **a.    Courts Have Generally rotected The Confidentiality Of Students Challenging Sexual Misconduct Disciplinary Proceedings**

A number of courts have observed that allegations of sexual assault, in the school disciplinary context, could damage a student's reputation and career prospects. *Doe v. Cummins*, 662 F.App'x 437, 446 (6th Cir.2016) (a finding of responsibility by a school for sexual offenses will "have a substantial lasting impact on [students'] personal lives, educational and employment opportunities, and reputations in the community"); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481, 494 (D.Md. 2015) ("The social stigma associated with a sexual assault [school disciplinary finding] is deservedly severe."). The Sixth Circuit Court of Appeals said: "Being labeled a sex offender by a university has both an immediate and lasting impact on a student's life. The student… could face difficulty obtaining educational and employment opportunities down the road." *Doe v. Baum*, 903 F.3d 575, 582 (6th Cir. 2018), *citing Doe v. Miami Univ.*, 882 F.3d 579, 600 (6th Cir. 2018). Another court, while granting a motion for leave to proceed anonymously, observed that "the possible injury to plaintiff resulting from public disclosure of his identity rises above the level of mere embarrassment or harm to reputation." *Washington Univ.*, 2019

U.S. Dist. LEXIS 234909, at *3-4 (Apr. 2, 2019). For this reason, a large number of courts have permitted plaintiffs to proceed anonymously after raising allegations of unfair treatment in school sexual misconduct disciplinary proceedings. *See supra* footnote 1 (collecting cases that collected cases).³

### b. FERPA Is Evidence Of The Strong Public Policy Favoring Confidentiality Of Student Information

Congress has, in enacting FERPA, indicated that school disciplinary records should be maintained as confidential. FERPA "recognizes an important privacy interest for students." *Brown v. Univ. of Kansas*, D.Kan. No. 10-2606, 2012 U.S. Dist. LEXIS 24565, at *4-5 (Feb. 27, 2012). As one court observed, "the privacy concerns" of students has been "vigorously and intentionally protected by Congress." *Stanislaus v. Emory Univ.*, N.D.Ga. No. 1:05-CV-1496-RWS, 2006 U.S. Dist. LEXIS 110376, at *23 (July 28, 2006). *See also Krebs v. Rutgers*, 797 F.Supp. 1246, 1259 (D.N.J.1992) (noting that "the important privacy interests protected by… FERPA reflect the fact that any violation of those protected rights presents serious, 'irreparable' injury"); *Jackson v. Willoughby Eastlake Sch. Dist.*, N.D.Ohio No. 1:16CV3100, 2018 U.S. Dist. LEXIS 49508, at *9 (Mar. 23, 2018) (noting "FERPA's underlying privacy concerns").

---

³ This Court's prior decision in *Mancini v. Rollins College, et al.* M.D.Fla. No. 6:16-cv-2232-Orl-37KRS (March 22, 2017 Order (Doc#34)), is not to the contrary. In *Mancini* this Court denied a motion to proceed anonymously. In that case the student had "provided a good deal of identifying information about himself in his pleadings," so much so that he could be identified via a simple internet search." The plaintiff in *Mancini*, unlike in this case, also named some defendants individually.

In *Roe v. Adams-Gaston*, *supra,* the court specifically relied upon FERPA in concluding that Plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. 2017 U.S. Dist. LEXIS 181930, at *2. The court interpreted information protected by FERPA as "information of the utmost intimacy." *Id.*[4] Consistent with Congress' intent to prevent the public disclosure of student educational records, Plaintiff's identity should be protected in order to avoid deterring students from suing educational institutions to vindicate their rights because they fear that they will be stigmatized if they are forced to forfeit their FERPA rights and bring suit under their true identity. One court noted:

> It makes little sense to lift the veil of pseudonymity that—for good reason—would otherwise cover these proceedings simply because the university erred and left the accused with no redress other than a resort to federal litigation. In fact, to do so may well discourage aggrieved students from seeking recourse when they fall victim to defective university disciplinary procedures or may discourage victims from reporting sexual misconduct in the first instance.

*Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D.Va. 2016). Unscrupulous school administrators may be encouraged to violate student rights with the expectation that students will not pursue litigation for fear of forfeiting their FERPA rights.

---

[4] Contrary to the view of the *Roe v. Adams-Gaston* court, this Court previously found the reliance on FERPA of "little persuasive value." Order at PageID#238 n. 1. This Court relied upon *Doe v. Rider Univ.*, No. CV 16-4882, 2018 WL 3756950, at *4 (D.N.J. Aug. 7, 2018), for this purpose. Subsequent court have declined to follow *Rider Univ*. *See e.g. Doe v. Middlesex Cty.*, D.N.J. Civil Action No. 20-8625 (MAS) (ZNQ), 2021 U.S. Dist. LEXIS 7332, at *9 (Jan. 14, 2020) ("the balancing of factors in this case are distinguishable from Rider"). The failure to give significant weight to FERPA, respectfully, risks permitting the judiciary to substitute its judgment for that of Congress as to the nature and significance of the confidentiality of student records.

### 2. Defendant Will Not Suffer Any Prejudice.

Defendant will not suffer any harm or prejudice if Plaintiff is allowed to remain anonymous. *See, e.g., Colgate*, 2016 U.S. Dist. LEXIS 48787, at *3 (noting an absence of harm to the defendant in support of granting leave to proceed anonymously). Other than the need to make redactions and take measures not to disclose the identity of students, Defendant will not be hampered or inconvenienced merely by Plaintiff's anonymity. This Court previously observed that the identity of Plaintiff is not relevant or essential to the claims in this case. Order at PageID#242. And one court noted that the potential embarrassment *to a school* is not prejudice:

> [A]lthough the University… might prefer not to have to defend its internal discipline policies regarding claims of sexual assault in the public forum, it would have to do so regardless of Mr. Doe's anonymity. Indeed, even absent the lawsuit itself, universities everywhere are part of an ongoing public conversation regarding these issues on campus.

*Univ. of St. Thomas*, 2016 U.S. Dist. LEXIS 193775, at *4-12.

Defendant, presumably, wishes for the identity of other students implicated in the litigation, including Jane Roe, to remain private. Plaintiff agrees.[5] *See Univ. of S. Alabama,* 2017 U.S. Dist. LEXIS 145587, at *8 (granting motion to proceed anonymously so that all students involved would remain anonymous). Defendant's prior belief that *only* students seeking to challenge its decisions should be compelled to relinquish anonymity gives away the game: Defendant seeks a tactical advantage in making plaintiff litigate

---

[5] In the current heated political environment, the disclosure of student names in connection with such emotional and high-profile issues could subject Plaintiff, Jane Roe, and other students to retaliation or harassment. *See George Mason*, 179 F. Supp. 3d at 592-593 ("the mere accusation [of sexual misconduct], if disclosed, can invite harassment and ridicule").

8

under his real name by imposing a risk of additional harm.[6] The *Univ. of St Thomas* court noted a similar inconsistency and observed that this undermined any claim of prejudice by a school. The court said, it is "difficult to reconcile" a school's "repeated and genuine expressions of concern for the privacy of its students… with its decision not to follow the course taken by other (though by no means all) universities and acquiesce to pseudonymous proceeding." 2016 U.S. Dist. LEXIS 193775, at *10 (citations omitted).

### E. Plaintiff's Interest In Proceeding Anonymously Outweighs The Public Interest In Open Trials

Plaintiff acknowledges a substantial public interest in access to civil judicial proceedings and that the public has a related interest in the true identity of the parties. This interest must, however, be balanced against a strong public interest, described *supra*, in protecting the privacy of plaintiffs in sensitive cases so that these plaintiffs are not discouraged from asserting their claims. This is the conclusion by the overwhelming majority of courts to have examined this issue.

The public interest would be disserved by disclosing Plaintiff's identity because (i) students may be deterred from pursuing meritorious claims against schools; and (ii) much of the injury litigated against would be incurred as a result of disclosure of the plaintiff's identity.[7] Plaintiff, if successful at trial, will seek injunctive relief vacating any disciplinary

---

[6] In contrast, Plaintiff has no ulterior motive for pursuing his claim anonymously and will not gain any tactical advantage by having *all* students names kept from the public record.

[7] It is important to note that Plaintiff's claims are meritorious -- this Court has already held that the school violated its procedures in at least one way. Order on Summary Judgment at PageID#3318.

records and findings related to the allegations of sexual misconduct.[8]  Requiring him to litigate publicly could potentially reduce the value of this relief.  "Even if his lawsuit were successful and his claims of unfair treatment were vindicated down the road… the complained-of damage to Mr. Doe's reputation would be perhaps unfixable if his identity is known." *St. Thomas* at *5, *citing Doe v. Alger*, 317 F.R.D. 37, at * 4 (W.D. Va. 2016) ("If [Doe] were not allowed to proceed anonymously, part of the relief he seeks — expungement of his school record — would fall short of making him whole. The cat would have already been let out of the bag.").

## CONCLUSION

The Court should continue to grant Plaintiff leave to proceed anonymously.

---

[8] Other federal courts, in considering similar claims by students accused of misconduct, have granted similar relief after finding that a school violated the terms of student handbooks. *George Mason*, 179 F. Supp. 3d 583, 587-88 (ordering permanent injunctive relief to expunge student records; "given the nature of the charges it is important to order a remedy that removes any stain on plaintiff's reputation and allows plaintiff to complete his education"); *Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016) (ordering the school to "vacate its finding and sanction against [the student] and expunge his record accordingly"); *Trustees of Boston College et al*, Docket Entry #200 (May 14, 2020) (ordering permanent injunctive relief including "vacating of the adverse finding, expungement of suspension on this basis and no reporting or dissemination of same to any third-party inquiring about [the student]").

10

Respectfully submitted,

/s/ Joshua Engel
CARLOS J. BURRUEZO, ESQ.
Florida Bar Number 843458
carlos@burruezolaw.com
BERTHA L. BURRUEZO, ESQ.
Florida Bar Number 596973
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

JOSHUA ADAM ENGEL
(Ohio 0075769)
ANNE TAMASHASKY
(Ohio 0064393)
    *Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on February 5, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

    /s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769) (*pro hac vice*)