UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                    Case No. 6:18-cv-1069-RBD-LRH

ROLLINS COLLEGE,

    Defendant.
_____

## ORDER

After Defendant raised an objection to Plaintiff proceeding under a pseudonym for trial, the Court directed the parties to file briefing on the matter. (*See* Doc. 171.) They did. (Docs. 175, 176.) On review, Plaintiff can proceed as "John Doe" during trial.

The public has a legitimate interest in knowing the identities of the parties in a federal action. *Plaintiff B. v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). But this interest may be outweighed by a party's substantial privacy right. *Id.* at 1315–16. In determining whether a party has such a right, courts look to all the circumstances, including whether the party: (1) is challenging a government activity; (2) must disclose information of the utmost intimacy; (3) will be compelled to admit to illegal conduct; (4) is a minor; or (5) will be exposed to physical harm. *Id.* at 1316. Courts also consider whether a party's anonymity will

1

pose "a unique threat of fundamental unfairness" to the opposing party. *Id.*

In 2018, Plaintiff initiated this action alleging Defendant violated Title IX and breached a contract, when it investigated and ultimately disciplined Plaintiff for violating Defendant's sexual misconduct policy. (Doc. 1.) At an early stage of this case, U.S. Magistrate Judge Karla R. Spaulding, on a motion by Defendant, considered whether Plaintiff should be able to proceed under a pseudonym. (Doc. 28.) She found Plaintiff would have to disclose information of the utmost intimacy and that allowing him to proceed anonymously would not prejudice Defendant. (*Id.*) While this case is now limited to breach of contract, the intimate nature has not changed. (*See* Doc. 156.)

Going into trial, multiple accusations of sexual misconduct against Plaintiff will be at issue. (*See* Doc. 156, pp. 27–28; Doc. 173, pp. 4–5.) These accusations concern information of the utmost privacy. *See Doe v. Wash. Univ.*, No. 4:19 CV 300 (JMB), 2019 WL 11307648, at *1 (E.D. Mo. Apr. 2, 2019) (collecting cases); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 593 (E.D. Va. 2016). And requiring Plaintiff to proceed under his legal name, would subject him to the precise harm he seeking to redress—being forever associated with sexual misconduct. *See Doe v. Neverson*, 820 F. App'x 984, 988 (11th Cir. 2020) (explaining "'social stigma' is sufficient to warrant proceeding anonymously"); *see also Doe v. Colgate Univ.*, No. 5:15-cv-1069 (LEK/DEP), 2016 WL 1448829, at *3 (N.D.N.Y Apr.

12, 2016). Defendant argues allowing Plaintiff to proceed anonymously risks giving him greater stature before the jury, thus prejudicing Defendant. (Doc. 175, pp. 7–8.) But this speculative risk can be addressed with a limiting instruction if requested, so Defendant has not shown a unique threat of fundamental unfairness. *See Francis*, 631 F.3d at 1316. Ultimately, as Judge Spaulding found in 2018, the sexual assault accusations in this case concern highly sensitive and intimate information that could cause permanent harm to Plaintiff and undermine his purpose in suing. (*See* Doc. 28.) So Plaintiff's substantial privacy right outweighs the public's interest in knowing his identity. *See Doe v. Univ. of St. Thomas*, No. 16-cv-1127-ADM-KMM, 2016 WL 9307609, at *3 (D. Minn. May 25, 2016).

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff may proceed under the pseudonym "John Doe" during trial.
2. By Monday, **March 1, 2021**, the parties may file a proposed limiting instruction on Plaintiff's use of a pseudonym during trial.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 17, 2021.



ROY B. DALTON JR.
United States District Judge

3

Copies to:
Counsel of Record