IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | PLAINTIFF'S MOTION FOR PERMANENT INJUNCTIVE RELIEF FOLLOWING TRIAL |
| ROLLINS COLLEGE | |
| Defendants | |

Plaintiff John Doe, following any jury determination that Defendant committed a material breach of a contract between the parties, respectfully requests that the Court issue permanent injunctive relief as follows:

> Defendant Rollins College shall vacate the finding of responsible in the disciplinary proceeding that is the subject of this litigation and expunge any disciplinary records from the educational records of Plaintiff John Doe. Any third-party inquiry about disciplinary action taken against Plaintiff John Doe, including whether any finding was made or sanction imposed, shall be answered in the negative.

This permanent injunctive relief is necessary so Plaintiff can achieve what this Court described as the "precise harm he seeking to redress—being forever associated with sexual misconduct." Doc#178 at PageID#3781.[1]

---

[1] Plaintiff requested injunctive relief in the Amended Complaint. (Doc#14, PageID#154.) Plaintiff also observes that under Fed. R. Civ. P. 54(c), a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

1

1. **Standard**

    A plaintiff who seeks a permanent injunction must demonstrate:

    (1) that it has suffered irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Edwards Moving & Rigging, Inc. v. Jenkins*, M.D. Fl. No. 8:19-cv-1004, 2020 U.S. Dist. LEXIS 243580, at *50 (Dec. 29, 2020), *quoting eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).

2. **Florida Law Permits Permanent Injunctive Relief In Breach of Contract Cases**

    Plaintiff is entitled to the benefit of the contract contained in the Sexual Misconduct Policy. The contract provides that no disciplinary sanctions will be imposed unless Rollins complied with certain procedural guarantees.

    Florida courts have issued injunctions to enforce contractual rights. *See eg. AT&T Wireless Servs. of Fla., Inc. v. WCI Cmtys., Inc.*, 932 So. 2d 251, 256 (Fla. Dist. Ct. App. 2005) (affirming grant of permanent injunctive relief to enforce contract contained in restrictive covenant); *Gonzalez v. Benoit*, NO. 81-1003, 1982 Fla. App. LEXIS 20761, at *4 (Dist. Ct. App. Aug. 3, 1982) ("A request for injunction to prevent a breach of contract is tantamount to a suit for specific performance"); *Green Cos. v. Kendall Racquetball Inv.*, 560 So. 2d 1208, 1210 (Fla. Dist. Ct. App. 1990) (reversing dismissal of claim that sought specific performance

to require developer to provide additional parking); *E. Air Lines, Inc. v. Gulf Oil Corp.*, 415 F. Supp. 429, 442 (S.D. Fla. 1975) (requiring specific performance of contract to provide jet fuel to avoid "chaos and irreparable damage").

Florida courts have also issued injunctions involving higher education student matters.  In *Woody v. Burns*, 188 So. 2d 56, 58 (Fla. 1st DCA 1966), for example, a Florida court issued equitable relief ordering the University of Florida's College of Architecture to re-admit a student because his expulsion was without notice or opportunity to be heard.  In *Lankheim v. Florida Atlantic University*, 992 So. 2d 828, 830 (Fla. Dist. Ct. App. 2008), a Florida court reversed a grant of summary judgment entered in favor of a school on a student's claim for injunctive relief related to the denial of the student's access to the campus without procedural due process.  In *Hardison v. Fla. Agric. & Mech. Univ.*, 706 So. 2d 111, 112 (Fla. Dist. Ct. App. 1998), a Florida court, after finding errors in a disciplinary proceeding, ordered a university "to vacate such violation and to strike the penalties imposed thereon." And, in *Morfit v. University of South Florida*, 794 So. 2d 655, 656 (Fla. Dist. Ct. App. 2001), a Florida court concluded that a school had denied a student his right to due process; the court reversed the student's suspension with directions that the school afford the student a new hearing in compliance with the Student Code of

Conduct.[2] After reviewing these decisions, a Federal Court in this Circuit observed, "these cases show that the Florida courts are not hesitant to correct procedural errors on the part of universities…" *Watts v. Florida International University*, S.D. Fl. No. 02-60199-CIV, 2005 U.S. Dist. LEXIS 40310, at *22-23 (June 9, 2005), *aff'd in part, rev'd in part,* 495 F.3d 1289 (11th Cir. 2007). The *Watts* court specifically noted the availability of injunctive relief for flawed disciplinary proceedings. *Id.*

3. **Plaintiff Is Entitled To A Permanent Injunction Under The Relevant Factors**[3]

    a. **The Injunctive Relief Factors Justify Relief**

The precise harm sought by Plaintiff has been found by other courts to constitute irreparable harm based on the future – and not present – harm to a student's academic reputation. *Cf. Plummer v. Univ. of Houston,* 860 F.3d 767, 773 (5th Cir. 2017) (observing that observed that sanctions imposed by a university could have a "substantial lasting impact on [students'] personal lives, educational and

---

[2] In 2002, Article IX, section 7 of the Florida Constitution was amended to eliminate the ability of students to administratively appeal matters arising in the course of the operation and management of universities. *See Decker v. University of West Florida*, 85 So. 3d 571, 574 (Fla. Dist. Ct. App. 2012). This does not implicate the underlying authority of Florida courts, or a Federal Court exercising diversity jurisdiction, to issue injunctive relief.

[3] Plaintiff is not seeking a 'mandatory' injunction. "A mandatory injunction requires a defendant to do some positive act, as opposed to a standard… injunction where a defendant is ordered to stop doing something or not to do something." *Dantzler, Inc. v. Hubert Moore Lumber Co.*, No. 7:13-CV-56, 2013 U.S. Dist. LEXIS 78664, at *1 (M.D. Ga. June 5, 2013). In this case, Plaintiff is seeking to prevent Defendant from reporting to other schools or employers that he had been subject to discipline; Plaintiff is not seeking to compel the school to re-admit him to its MBA program, for example.

4

employment opportunities, and reputations in the community"). In *Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017), the Sixth Circuit affirmed the grant of a preliminary injunction in favor of a student after observing that the student would "suffer reputational harm both on and off campus based on a finding rendered after an unfair hearing." 872 F.3d at 407. In reaching this conclusion, the court accepted that a finding of responsibility for a sexual offense can have a lasting impact on a student's personal life, in addition to his educational and employment opportunities. *Id. See also Doe v. Penn. State Univ.*, 276 F. Supp. 3d 300, 314 (M.D. Pa. 2017) (discussing plaintiff's inability to mitigate that harm through admission into other institutions).[4]

Injunctive relief is necessary because discipline, by itself, damages a student's academic and professional reputation. The district court in *Univ. of Cincinnati*, in granting a preliminary injunction, found that found the testimony from a student about this fact, like found in Plaintiff's Affidavit in Support of a Motion for a Preliminary Injunction (Doc#137-1, PageID#3567), was not "speculative." *Doe v. Univ. of Cincinnati*, 223 F. Supp. 3d 704, 712 (S.D.Ohio 2016). In *Elmore v. Bellarmine Univ.*, W.D.Ky. No. 3:18CV-00053, 2018 U.S. Dist. LEXIS 52564 (Mar.

---

[4] The lack of a notation on Plaintiff's transcript does not change the analysis. The 'finding' by Rollins negatively affects his ability to apply to graduate schools; graduate school applications have a "Character and Fitness" section, which asks about an applicant's undergraduate disciplinary record.

28, 2018), the court explained that even a minimal sanction, such as probation, would constitute irreparable harm for purposes of granting a preliminary injunction prior to a student applying for graduate school. The court observed

> Plaintiff has presented sufficient evidence to support his claim that he will suffer irreparable harm if the Court does not enjoin [the school] from imposing the discipline in question because probation would damage [the student's] academic and professional reputations and may affect his ability to enroll at other institutions of higher education or [graduate] school and to pursue a career… The record reflects that Plaintiff would have to disclose his probationary status in both undergraduate transfer and [graduate] school applications.

2018 U.S. Dist. LEXIS 52564, at *20. *See also Marshall v. Ohio Univ.*, S.D.Ohio No. 2:15-cv-775, 2015 U.S. Dist. LEXIS 31272, at *24-25 (Mar. 13, 2015) (noting that student "will forever have this disciplinary action on his academic record, which may impact his ability to enroll at another institution, or affect his future career possibilities").

Plaintiff's claims cannot be fully compensated with money damages. Any award of damages would be inadequate, simply because the harm caused to Plaintiff's reputation, is difficult, if not impossible, to quantify. In *Doe v. Univ. of Michigan*, 325 F. Supp. 3d 821, 829 (E.D.Mich. 2018), the court observed, "Money damages cannot compensate [a student] for the reputational harm he has already suffered and will continue to suffer as a consequence of sexual assault allegations." *Cf Doe v. Univ. of Notre Dame*, N.D.Ind. No. 3:17CV298, 2017 U.S. Dist. LEXIS 69645 (May 8, 2017) (gap in a student's education while the validity of the discipline

imposed by the school was litigated "constitutes irreparable harm to [the student's] reputation and resumé for purposes of career prospects and possible further academic advancement… in a manner not compensable by money damages." 2017 U.S. Dist. LEXIS 69645, at *40.  The simple fact that Counsel, when pressed by the needs of a trial, is able to compute a money damages award does not by definition preclude a finding of irreparable harm.[5]  And permanent injunctive relief is necessary and appropriate because monetary damages would not prevent Defendant from continuing to harm Plaintiff's reputation in the future; indeed, Defendant's previous briefing in this matter, such as insisting that Plaintiff litigate under his own name, reveal a dogged determination to continue to portray Plaintiff as a serial sex offender.  *Cf. Snipes v. Scott*, N.D.Fla. No. 4:18-CV-580, 2019 U.S. Dist. LEXIS 3996, at *12 (Jan. 9, 2019) ("A damaged reputation without any sort of post-deprivation hearing… cannot be undone through monetary remedies.").

---

[5] The law here is well established: simply because a plaintiff seeks monetary damages does not preclude a federal court from also providing injunctive relief.  *See Hydrodynamic Indus. Co v. Green Max Distribs.*, C.D.Cal. No. 2:12-cv-05058, 2014 U.S. Dist. LEXIS 80336, at *10-11 (June 10, 2014) ("the mere fact that a money-damage award can be computed does not preclude an irreparable-harm finding"), *citing Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed.Cir. 2012) ("the mere possibility of future monetary damages does not defeat" a request for injunctive relief); *Moore Business Forms v. Wilson*, 953 F.Supp. 1056, 1062 (N.D.Iowa 1996) ("The mere availability of a valid damages claim, however, does not preclude the issuance" of injunctive relief "because money damages may not fully compensate a movant's less tangible injuries."); *Texas Marine & Brokerage, Inc. v. Bennington Marine*, LLC, E.D.Tex. No. 1:12-CV-397, 2012 U.S. Dist. LEXIS 196805, at *17 (Oct. 17, 2012) ("the mere fact that economic damages may be available, does not preclude a finding of irreparable harm").

There is a public interest in enforcing voluntarily assumed contract obligations. *Edwards Moving & Rigging, Inc.*, 2020 U.S. Dist. LEXIS 243580, at *53-54 *citing, inter alia, Fruit of the Loom v. Zumwalt, No. 1:15CV-131, 2015 U.S. Dist. LEXIS 161491, at *5 (W.D. Ky. Dec. 2, 2015)*. n this respect, it is important to observe that Rollins drafted the policies at issue in this case and required compliance by students. Denying enforcement of the terms of those policies to Plaintiff would contravene the public interest.

### b. This Precise Post-Trial Relief Has Been Provided By Other Courts In Cases Involving Improper School Discipline For Sexual Misconduct.

Federal courts have granted this precise relief *after entering judgment in favor of the student* in substantially similar cases. *See* Pl. Memo. at 9-10 *citing Doe v. Visitors of George Mason*, 179 F. Supp. 3d 583, 587-88 (E.D. Va. 2016); *Doe v. Brown Univ.*, 210 F. Supp. 3d 310 (D.R.I. 2016); *Doe v. Trustees of Boston College et al*, D. Mass. No. 1:15-cv-10790 (Doc#200, Doc#201(Attached as Exhibit).

In *Doe v. Visitors of George Mason*, 179 F. Supp. 3d 583, 587-88 (E.D. Va. 2016), a court considered the appropriate remedy after a student was improperly expelled following a constitutionally inadequate disciplinary process that found him responsible for sexual misconduct. The court considered the factors for the granting on a permanent injunction. The school did not contest that vacating the prior discipline, and reinstating the student, "with any

8

reference to his… expulsion on misconduct grounds expunged from his educational records" was appropriate.  179 F.Supp.3d at 587-88.  The court agreed:

> Simply put, the burden imposed on defendants in this regard is slight, and given the nature of the charges it is important to order a remedy that removes any stain on plaintiff's reputation… Nor can reinstatement and expungement be said to disserve the public interest; to the contrary, leaving in place a wrongfully imposed sanction and the record of such is plainly contrary to the public interest.

179 F. Supp. 3d 583 at 588.

In *Doe v. Brown Univ.*, *supra*, following an expedited consolidated bench trial on both the merits of Plaintiff's case and his request for a preliminary injunction, the court found that the school had breached a contract by failing to follow certain procedures in the school's code of student conduct.  The Court ordered the school to "vacate its finding and sanction against [the student] and expunge his record accordingly." 210 F. Supp. 3d at 346. And, in *Doe v. Trustees of Boston College* et al, D. Mass. No. 1:15-cv-10790 (Docket Entry #200, May 14, 2020), after a jury found in favor of Plaintiff on a breach of contract claim related to the handling of a sexual misconduct allegation, the school agreed that vacating the finding of "responsible" was appropriate.  The court, then, ordered permanent injunctive relief including "vacating of the adverse finding, expungement of suspension on this basis and no reporting or dissemination of same to any third-party inquiring about [the student]."  In granting this relief, the court observed,

> The injury here was the responsible finding and Doe's resulting suspension. As reflected in the jury verdict, the responsible finding should not stand on Doe's record and any third-party inquiry about disciplinary action taken, whether such finding was made or sanction of suspension, should be answered in the negative.

*Id.*[6]

**CONCLUSION**

This Court, following any jury determination that Defendant committed a material breach of a contract between the parties, should order permanent injunctive relief as follows:

> Defendant Rollins College shall vacate the finding of responsible in the disciplinary proceeding that is the subject of this litigation and expunge any disciplinary records from the educational records of Plaintiff John Doe. Any third-party inquiry about disciplinary action taken against Plaintiff John Doe, including whether any finding was made or sanction imposed, shall be answered in the negative.

---

[6] The Seventh Circuit, in an opinion by Judge – now Justice, Barrett noted that an injunction ordering university officials to expunge the finding of guilt from a student's disciplinary record would be available because a student's "marred record is a continuing harm for which he can seek redress." *Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019), *citing inter alia Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (pursuing expungement of university records "serve[s] the purpose of preventing present and future harm").

Respectfully submitted,

/s/ Joshua Engel
CARLOS J. BURRUEZO, ESQ.
Florida Bar Number 843458
carlos@burruezolaw.com
BERTHA L. BURRUEZO, ESQ.
Florida Bar Number 596973
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

JOSHUA ADAM ENGEL
(Ohio 0075769)
ANNE TAMASHASKY
(Ohio 0064393)
*Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on March 12, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Joshua Engel
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)