## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | NOTICE OF: |
| ROLLINS COLLEGE | PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON MATERIALITY OF BREACH OF 60 DAY PROVISION |
| Defendants | |

Pursuant to Fed. R. Civ. P. 50(a), Plaintiff John Doe requests that the Court, following the closing of evidence, resolve the following issue against Defendant Rollins College:  the breach of the 60-day provision of the Rollins College sexual misconduct policy was material.

## A.    Standard

Rule 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party;…

"[I]n order to survive a defendant's motion for judgment as a matter of law…  the plaintiff must present evidence that would permit a reasonable jury to find in the

plaintiff's favor on each and every element of the claim." *Nebula Glass Intern., Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1210 (11th Cir. 2006), *quoting Bogle v. Orange County Board of County Commissioners*, 162 F.3d 653, 659 (11th Cir. 1998). A Rule 50 Motion for Judgment as a Matter of Law should be granted if the evidence "is so one-sided that one party must prevail as a matter of law." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.    Applicable Law**

A breach is material when it "goes to the essence of the contract." *Burlington & Rockenbach*, *P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015).  "Trivial noncompliance and minor failings do not constitute material breaches." *Id.*

**C.    Plaintiff Is Entitled To Judgement As A Matter Of Law**

This Court already found that Rollins breached the contractual requirement that Rollins address the sexual misconduct allegation against him within sixty days, as required by the Policy. Doc#117, PageID#3318.) This Court said, "The clock started when an incident of sexual misconduct was alleged against Doe, not when Jane Roe decided to participate in an investigation."  Doc#117, PageID#3309-3310. Thus, the question is whether the failure of the school to initiate the investigation and complete the process within 60 days of February 22, 2017, when Jane Roe

reported the alleged sexual misconduct to the school's Title IX Coordinator, is material.

The evidence at trial was *completely uncontested* that this breach was not trivial or minor.  John Doe and Eric Barker both testified that John Doe's ability to defend himself was impacted because of the delay in informing John Doe of the allegations and initiating an investigation.  These witnesses testified that the ability to obtain physical evidence, such a surveillance videos or electronic communications, was lost.  They also testified that memories fade over this period of time.  Witnesses associated with Rollins College – Deena Wallace and Oriana Jimenez-Guevara – agreed that memories fade over time.  *Most importantly, Defendant never presented any contrary evidence.*  On this record, no reasonable jury would have a legally sufficient evidentiary basis to find for Defendant on the issue of materiality related to the 60-day provision.

**CONCLUSION**

Pursuant to Fed. R. Civ. P. 50(a), the Court, following the closing of evidence, should resolve the following issue against Defendant Rollins College:  the breach of the 60-day provision of the Rollins College sexual misconduct policy was material.

The Jury should be instructed that Defendant materially breached the sixty-day provision of the sexual misconduct policy and that the jury should proceed to consider the issue of damages.

3

Respectfully submitted,

/s/ Joshua Engel
CARLOS J. BURRUEZO, ESQ.
Florida Bar Number 843458
carlos@burruezolaw.com
BERTHA L. BURRUEZO, ESQ.
Florida Bar Number 596973
bertha@burruezolaw.com
941 Lake Baldwin Lane, Suite 102
Orlando, Florida 32814
Office: 407.754.2904
Facsimile: 407.754.2905

JOSHUA ADAM ENGEL
(Ohio 0075769)
ANNE TAMASHASKY
(Ohio 0064393)
*Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed electronically on March 17, 2021.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

_____/s/ Joshua Engel_____
Joshua Adam Engel (Ohio No. 0075769)
(*pro hac vice*)