U.S. District Court
Middle District of Florida

**DEFENDANT'S EXHIBIT**

Exhibit Number: 35

Case Number:
6:18-cv-01069-RBD-LRH

John Doe v.

Rollins College

Date Identified:

Date Admitted:

REx

Rehabilitation Experts of Maryland, Inc.

February 28, 2019

Joshua Adam Engel, Esquire
Engel & Martin, LLC
4660 Duke Drive
Suite 101
Mason OH 45040

Re: John Doe v. Rollins College

Dear Mr. Engel:

This correspondence will serve as the Report you requested I prepare regarding my opinions as to the employability and earning capacity of John Doe.

By way of background, I received a Bachelor of Arts Degree in Psychology from Kent State University in 1977. I began working as a job seeking skills/job placement specialist for a non-profit in Akron, Ohio while working on a graduate degree. I then received a Master of Education Degree in Rehabilitation Counseling from Kent State University in 1981. I became a Certified Rehabilitation Counselor in 1981. I have worked in the Rehabilitation Counseling field since 1978. Since 1989, I have been a Principal in the company, Rehabilitation Experts of Maryland, Inc. in which I provide vocational expert and life care planning services. I have provided you with a copy of my curriculum vitae.

In my capacity as a Rehabilitation Counselor, I have had the occasion to work with a variety of individuals with unique challenges. Rehabilitation Counselors help individuals find and/or maintain employment. We also complete job analysis assessments and transferable skills assessments. The skills we develop as a result of our education, training, and experience enable us to be able to help address important civil and human rights and to help reduce poverty, stigma and social isolation of individuals with chronic health, mental health and/or other disabling conditions, or other unique impediments that may hinder a person from meeting their career goals. Rehabilitation Counseling is a systematic process which assists persons with physical, mental, developmental, cognitive, emotional disabilities, and or other unique impairments, to achieve their personal, career, and independent living goals in the most integrated setting possible through the application of the counseling process.

Steven D. Shedlin
Fax 240-599-1185
One Research Court, Suite 450, Rockville, MD 20850
301-962-6800

In addition, I have been a member of the International Association of Rehabilitation Professionals (IARP) since 1985. I have served as a board member and past president of the local chapter (IARP-Chesapeake). I am also a former board member and past president of the National Association of Rehabilitation Professionals in the Private Sector (NARPPS). In those capacities, I have been invited to provide testimony to the Maryland General Assembly and the United States Congress in areas related to disability and employment. Subsequently, I also served on the IARP Forensic Section Board for three years, including a year as section chair and as the program chair of the 2006 Forensic Section Conference. I am also a Past-President of the IARP Board of Directors and served as a Board member from June 2008 through May 2014 and as President from June 2011 through May 2013.

In this capacity, I have been accepted as an expert witness and provided testimony in hundreds of matters in federal and state jurisdictions throughout the United States. I have provided you with a list of testimony provided by me at trial and deposition over the last four years. In addition to providing testimony to government entities, I have also have presented educational workshops at IARP state, sectional and national conferences, at conferences serving as part of attorneys' continuing legal education as well as at seminars for insurance professionals and others related to the rehabilitation counseling profession.

My hourly rate for consulting in legal matters is $375.

In rendering opinions in this matter, I had an opportunity to conduct a Skype interview of Mr. Doe on January 29, 2019. I also had an opportunity to review:

1. John Doe's Resume
2. Counseling records with Larry LaRossa, CRC, LMHC

In addition, I spoke with Mr. LaRossa by telephone on February 18, 2019. I also conducted research utilizing data from the Economic Research Institute.

The material described above is the very type of material, research, information, and data that experts in the Rehabilitation Counseling field such as me rely upon when undertaking studies regarding earning loss, future employability, and future earning capacity. The information obtained from all of these sources is sufficient to enable me to render the opinions I have expressed in this Report. Moreover, I express these opinions to a reasonable degree of professional certainty in the field of Vocational Rehabilitation Counseling. These opinions are based on the facts of Mr. Doe's situation and upon my education, training and professional experience.

During my interview with Mr. Doe, he was cooperative and appeared to answer my questions to the best of his ability. By way of background, Mr. Doe is a twenty-three year old male (DOB 2/2/96) who resides in Williston Park NY. He is presently working as a Media Planner for a company in New York NY.

Mr. Doe had anticipated being in his final year of graduate school at Rollins College at this time and earning an MBA at the end of the Spring semester in 2019. He was enrolled in a five year program at Rollins College in which he would complete both undergraduate and graduate studies there. Mr. Doe did receive a Bachelor of Arts degree in Business Management in December 2017, graduating a semester early. He had a 3.65 cumulative GPA and was a Dean's List and President's List student.

Mr. Doe did not complete his studies at Rollins College because he was found to be responsible for a sexual assault and was subsequently suspended from the college. Mr. Doe steadfastly denied that he committed any sexual misconduct. After leaving Rollins, Mr. Doe returned to his home in Long Island and found work with Ptarmigan Media in January 2018. He was initially hired as an Associate Media Planner, and was promoted to Media Planner in September 2018, a position he continues to hold. Mr. Doe said that he is not particularly satisfied with the type of work that he is doing. Absent the finding of responsibility, it would have been his preference to have remained at Rollins and earned his MBA. Mr. Doe said that it is still likely that he will pursue additional education, either an MBA, or perhaps business law, but at this point in time, he has not taken steps to enroll in any graduate program.

Mr. Doe said that he experiences depression and anxiety related to his having been unfairly accused and found responsible for sexual misconduct. He said that he has had suicidal ideations and that he has sleep disturbances. Mr. Doe did indicate that counseling has been a big help to him and that he seldom feels suicidal now and that he has been able to sleep a little bit better. He did note that hearing about incidents, such as the accusations made during the Kavanaugh hearings, makes him feel angry and depressed. Mr. Doe is not taking any medications. He feels that he would prefer to deal with his issues solely through counseling.

According to Mr. LaRossa, Mr. Doe's suicidal ideations have mostly resolved and he is improving with counseling. Mr. LaRossa said that Mr. Doe has obsessive thoughts and ruminates about the events at Rollins. He said that Mr. Doe has sleep difficulties and concentration issues. Mr. LaRossa said that Mr. Doe is still depressed and has issues with motivation and energy. Mr. LaRossa is not surprised that at this time, that Mr. Doe is not able to motivate himself to apply to graduate school or to take the LSAT. However, he said that Mr. Doe is working on not becoming a bitter and angry person and that his prognosis is good for his being able to go to business school or law school in the future.

It is my opinion that absent the finding of Responsibility, that Mr. Doe would have completed an MBA program at Rollins after the Spring 2019 semester. It is my opinion that he would have begun working as early as the summer of 2019 and no later than the fall of 2019. According to the Economic Research Institute the following are mean salary ranges in New York NY for three occupations that are representative of occupations in which an individual with an MBA can be employed:

Business Development Analyst

Year 1 - $62,580 - 76,927, with a mean salary of $69,886
Year 2 - $66,557 - 81,806, with a mean salary of $74,336
Year 3 - $70,546 - 86,618, with a mean salary of $78,759

Business Analyst

Year 1 - $74,229 - 90,228, with a mean salary of $82,359
Year 2 - $77,742 - 94,468, with a mean salary of $86,236
Year 3 - $81,239 - 98,673, with a mean salary of $90,085

Finance Consultant

Year 1 - $83,378 - 101,990, with a mean salary of $92,971
Year 2 - $89,504 - 108,937, with a mean salary of $99,505
Year 3 - $95,463 - 115,689, with a mean salary of $105,843

It is my opinion that Mr. Rollins had the ability to earn between $62,580 - 101,990 in year one, between $66,557 - 108,937 in year two, and between $70,546 - 115,689 in year three. His present earning capacity is reflected by his earnings with his current employer.

If Mr. Doe is able to apply for business school of law school, it is my opinion that at the earliest, he will be able to get into a school for the 2020-2021 academic year. During the two years that he would be in business school or the three years that he would be in law school, it is my opinion that he will sustain a total loss of earning capacity during the time in which he is a student, from the (2019) figures listed above. Should Mr. Doe graduate from a business school after the spring semester in 2022, it is my opinion that he will be able to have earnings comparable to the (2019) figures noted above and have salary growth, but he will have lost three years of earning and accompanying growth.

According to the Economic Research Institute the following are mean salary ranges in New York NY for Corporate Attorneys:

Year 1 - $109,636 - 136,755, with a mean salary of $123,148
Year 2 - $118,049 - 146,840, with a mean salary of $132,316
Year 3 - $126,214 - 156,726, with a mean salary of $141,289

Should Mr. Doe graduate from law school after the spring semester in 2023, it is my opinion that he will have will be able to have earnings comparable to the (2019) figures noted above and have salary growth, but he will have lost four years of earning and accompanying growth. However, as an attorney, Mr. Doe will likely no longer have any loss of earning capacity once he begins working. His loss of earnings will only occur while he is a student.

Discovery in this case is ongoing, accordingly, I reserve the right to amend this report based on new information uncovered during the counted investigation of this matter.

Sincerely,

Steven D. Shedlin, M.Ed., CRC