## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JOHN DOE, | Case No. 6:18-cv-01069-RBD-KRS |
| Plaintiff, | Judge: Dalton, Jr. |
| v. | RENEWED MOTION FOR |
| | JUDGMENT AS A MATTER OF |
| ROLLINS COLLEGE | LAW AND ALTERNATIVE |
| | MOTION FOR A NEW TRIAL |
| Defendants | |

Plaintiff John Doe respectfully submits this renewed motion for judgment as a matter of law, pursuant to Fed.R.Civ.P. 50(b), and alternative motion for a new trial, pursuant to Fed. R. Civ. P. 59.

**A.    Standard**

**1.    Rule 50**

Rule 50(a) provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party;…

Rule 50(b) provides for a renewed motion no later than 28 days after the jury was discharged.  In ruling on the renewed motion, the court may: "(1) allow judgment

on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law."

"[I]n order to survive a defendant's motion for judgment as a matter of law… the plaintiff must present evidence that would permit a reasonable jury to find in the plaintiff's favor on each and every element of the claim." *Nebula Glass Intern., Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1210 (11th Cir. 2006), *quoting Bogle v. Orange County Board of County Commissioners*, 162 F.3d 653, 659 (11th Cir. 1998). A Rule 50 Motion for Judgment as a Matter of Law should be granted if the evidence "is so one-sided that one party must prevail as a matter of law." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1526 (11th Cir. 1997), *quoting Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 251-52 (1986).  The standard for granting a renewed motion for judgment as a matter of law under Rule 50(b) is "precisely the same as the standard for granting the pre-submission motion under 50(a)." *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007).

### 2. **Rule 59**

A Rule 59 motion for a new trial may be granted where "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict..." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001). *See also Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc*., 571 F.3d

1143, 1145 (11th Cir. 2009) ("it is within a district court's discretion to grant a new trial if it finds a jury's 'verdict is against the great, not merely the greater weight of the evidence,'…).  Rule 59 does not enumerate all the grounds for a new trial but speaks instead in broad terms. *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, S.D.Fla. , 2007 U.S. Dist. LEXIS 80788, at *6-7 (Oct. 31, 2007), *citing* 11 Wright & Miller, Federal Practice and Procedure § 2805 (2d ed. 1995).  This Court has observed that a new trial may be granted "for any reason recognized at common law, even where there is substantial evidence supporting the verdict." *George v. GTE Directories Corp.*, 195 F.R.D. 696, 701 (M.D. Fla. 2000).

## B.     Applicable Law

A breach is material when it "goes to the essence of the contract." *Burlington & Rockenbach*, *P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015).  "Trivial noncompliance and minor failings do not constitute material breaches." *Id.*

## C.     Plaintiff Is Entitled To Judgement As A Matter Of Law Or A New Trial

This Court found that Rollins breached the contractual requirement that Rollins address the sexual misconduct allegation against him within sixty days, as required by the Policy. Doc#117, PageID#3318.)  This Court said, "The clock started when an incident of sexual misconduct was alleged against Doe, not when Jane Roe decided to participate in an investigation."  Doc#117, PageID#3309-3310. Thus, the

3

question is whether the failure of the school to initiate the investigation and complete the process within 60 days of February 22, 2017, when Jane Roe reported the alleged sexual misconduct to the school's Title IX Coordinator, is material.[1]

Plaintiff respectfully suggests that the Court mis-applied the material breach rule. The Court focused on whether the delay impacted the ability of *Defendant's investigator*. (Doc#207, PageID#4325.) The material breach inquiry should, instead, focus on the impact of the breach on the non-breaching party. This Court has said that a material breach occurs "when *an injured party* has sustained a substantial injury due to the breach." *Bland v. Freightliner LLC*, 206 F. Supp. 2d 1202, 1210 (M.D. Fla. Apr. 15, 2002) (emphasis supplied). The Eleventh Circuit explains, "the general inquiry is whether *the injured party* has received substantially what he bargained for." *Matusalem v. Ron Matusalem, Inc*., 872 F.2d 1547, 1551 (11th Cir.1989) (emphasis supplied), *quoting Ferrell v. Secretary of Defense*, 662 F.2d 1179, 1181 (5th Cir.1981). [2]

---

[1] The Court, in its Entry denying the Rule 50(a) Motion, noted that a transcript was not available. (Doc#207, PageID#4325 n.1.) A transcript has been ordered. Plaintiff respectfully suggests that the Court defer ruling on this Motion until the transcript is available.

[2] For example, Florida courts have explained that in a breach of an insurance cooperation clause case, a court considers whether a material failure to cooperate prejudiced the insurer as the non-breaching party. *Bankers Ins. Co. v. Macias*, 475 So.2d 1216, 1218 (Fla.1985).

John Doe and Eric Barker both testified that John Doe's ability to defend himself was impacted because of the delay in informing John Doe of the allegations and initiating an investigation.[3]  These witnesses testified that the ability to obtain physical evidence, such a surveillance videos or electronic communications, was lost.  They also testified that memories fade over this period of time.  Witnesses associated with Rollins College – Deena Wallace and Oriana Jimenez-Guevara – agreed that memories fade over time.  On this record, no reasonable jury would have a legally sufficient evidentiary basis to find for Defendant on the issue of materiality related to the 60-day provision.[4]

Defendant argued, and this Court adopted, that "the relevant investigator testified she was not aware of any fading memories or evidence she needed and could not get." (Doc#207.)  This is, respectfully to Counsel and the Court, not the correct inquiry for the materiality question.  The only relevant question should be, was there

---

[3] While this Court has observed that whether a breach is material is often a question for the jury, Florida courts have also held that it is possible for a court to conclude that, as a matter of law, a breach of a provision of a contract amounts to a material breach. *See Jyurovat v. Universal Prop. & Cas. Ins. Co*., 84 So. 3d 1238, 1242 (Fla. Dist. Ct. App. 2012).  *See also Hamid Mohebbi Pharm.D. v. Founders Ins. Co.,* 41 F. Supp. 3d 1412, 1418 (S.D.Fla.2014) (granting summary judgment on issue of materiality).   *See also* 23 Williston on Contracts § 63:3 (4th ed. 1990) ("the materiality of a breach of contract is not always a question of fact, even if the issue is disputed; thus, if there is only one reasonable conclusion, a court must address what is ordinarily a factual question as a question of law").

[4] This, Plaintiff suggests, applies even under Defendant's and the Court's view of the materiality standard and a new trial would also be warranted on this basis.

testimony about evidence of fading memories or evidence *Plaintiff* needed and could not get.  On *this* question, the evidence was uncontested.  A new trial is warranted because Defendant improperly asked the jury to analyze the materiality question from the perspective of the breaching party and ignore what Plaintiff's position would have been and what the outcome of any investigation would have been had Defendant acted in a timely manner as required by the Policy.  Defendant invited the jury to improperly ignore avenues of inquiry and investigation by John Doe and his counsel which may have been successful had they been pursued. The testimony by these witnesses (which was not contradicted by Defendant's witnesses) about witnesses and evidence they would have sought to obtain illustrate that there exist investigative steps Plaintiff could have pursued and, under the clear terms of the Policy, should have been given the opportunity to pursue.

This is what Florida courts mean when they say that a material breach means a breach causing prejudice.  Florida courts have defined a material breach as occurring when *the non-breaching party is prejudiced by the breach*.  *Allstate Floridian Ins. Co. v. Farmer*, 104 So. 3d 1242, 1250 (Fla. Dist. Ct. App. 2012).  This is consistent with the Restatement (2d) of Contracts, which requires a consideration of whether a breach is material to focus on a number of factors, including "the extent to which *the injured party* will be deprived of the benefit which he reasonably

expected." Restat 2d of Contracts, § 241 (emphasis supplied).[5]  In *Allstate Floridian*, for example, the court considered whether the failure to provide timely notice by an insured "hampered [the insurer] in its investigation."  104 So.3d at 1250.  Similarly, in *Kelly v. Davis*, N.D.Fla. No. 3:10cv392, 2015 U.S. Dist. LEXIS 181085, at *22 (Jan. 14, 2015), a court considered whether the non-breaching party had been able to show that the breach "deprived her of a benefit she reasonably expected from the agreement."

Under this standard, judgement in favor of Plaintiff or a new trial is warranted.

**CONCLUSION**

Pursuant to Fed. R. Civ. P. 50(a), the Court resolve the following issue against Defendant Rollins College:   the breach of the 60-day provision of the Rollins College sexual misconduct policy was material.  Alternatively, pursuant to Fed. R. Civ. P 59, the Court should grant a new trial.

Respectfully submitted,

/s/ Joshua A. Engel

---

[5] The Restatement has been relied upon by federal courts in Florida to interpret Florida contract law.  For example, in *Tim Hortons USA, Inc. v. Singh*, S.D.Fla. No. 16-23041-CIV, 2017 U.S. Dist. LEXIS 176719, at *21 (Oct. 25, 2017) the court cited the Restatement for the proposition that a breach was material because it "deprive[d] Plaintiffs of the benefit they reasonably expected."

JOSHUA ADAM ENGEL (Ohio 0075769)
ANNE TAMASHASKY (Ohio 0064393)
*Special Admission*
ENGEL AND MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com
tamashasky@engelandmartin.com

**CERTIFICATE OF SERVICE**

This certifies that the foregoing was filed electronically on April 2, 2021. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

`

                                    _____/s/ Joshua Engel_____
                                    Joshua Adam Engel (Ohio No. 0075769)
                                         (*pro hac vice*)

**CERTIFICATION OF COUNSEL**

Pursuant to Local Rule 3.01(g), the undersigned counsel certifies that before filing this Motion counsel conferred with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion and obtain the relief sought without court action. This Motion is opposed by Defendant.

                                    _____/s/ Joshua Engel_____
                                    Joshua Adam Engel (Ohio No. 0075769)
                                         *pro hac vice*