UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                                    Case No. 6:18-cv-1069-RBD-LRH

ROLLINS COLLEGE,

    Defendant.
_____

## ORDER

Plaintiff filed a renewed motion for judgment as a matter of law, and in the alternative, a motion for a new trial. (Doc. 210 ("Motion").) Defendant responded. (Doc. 216.) On review, the Motion is denied.[1]

## BACKGROUND

Plaintiff, a former student of Defendant's that was found responsible for violating Defendant's sexual misconduct policy, sued Defendant for violations of Title IX and breach of contract. (Doc. 14.) At the summary judgment stage, the Court granted judgment for Defendant on the Title IX claims. (Doc. 156, pp. 14–25, 29–30.) As to Plaintiff's breach of contract claim, the Court found Defendant

---

[1] Plaintiff suggested the Court defer ruling on this Motion until an official transcript was available. (Doc. 210, p. 4 n.1.) As appeals are pending before the Eleventh Circuit in this case, the Court will not wait. (*See* Docs. 211, 219.) The Court will summarize relevant testimony from the trial when needed.

breached the sixty-day provision of the parties' contract, requiring the process be completed within sixty days of an allegation, but there was a genuine dispute whether this breach was material and caused Plaintiff damages. (*Id.* at 17–19, 26–27.) And there were triable issues on whether Defendant breached other provisions of the parties' contract. (*Id.* at 27–28.)

The case proceeded to trial on Plaintiff's breach of contract claim. (Docs. 190, 192–93.) During trial, Plaintiff moved for partial judgment as a matter of law, arguing no reasonable jury could find Defendant's breach of the sixty-day provision was not material. (Doc. 191.) The Court reserved ruling during trial. (Doc. 193, p. 2.) The jury found Defendant's breach of the sixty-day provision was not material. (Doc. 198, p. 1.) The Court then denied Plaintiff's partial motion for judgment as a matter of law. (Doc. 207.)

Now Plaintiff renews its motion for judgment as a matter of law under Rule 50(b) and alternatively, moves for a new trial under Rule 59. (Doc. 210.) With Defendant's response (Doc. 216), the matter is ripe.

## STANDARDS

Under Federal Rule of Civil Procedure 50, "a party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Chaney*

*v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) (cleaned up). "[I]n ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* "[T]he court must evaluate all the evidence, together with any logical inferences, in the light most favorable to the non-moving party." *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016) (cleaned up). "It is the jury's task—not the court's—to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Id.* (cleaned up).

When moving for a renewed judgment as a matter of law, a losing party may alternatively move for a new trial "on the grounds that the verdict is against the weight of the evidence" or "the trial was not fair." *Id.* (cleaned up); Fed. R. Civ. P. 50(b), 59.

## ANALYSIS

Plaintiff argues he is entitled to judgment as a matter of law because "the Court mis-applied the material breach rule." (Doc. 210, pp. 4–7.) Not so.

As the Court instructed the jury,

> Not every breach of contract is material. A material breach is one that goes to the essence of the contract. Trivial noncompliance and minor failings do not constitute material breaches.

(Doc. 197, p. 7); *see JF & LN, LLC v. Royal Oldsmobile-GMC Trucks Co.*, 292 So. 3d

500, 509 (Fla. 2d DCA 2020); *Burlington & Rockenbach, P.A. v. Law Offices of E. Clay Parker*, 160 So. 3d 955, 960 (Fla. 5th DCA 2015).

So the jury had to determine whether Defendant's failure to comply with the sixty-day provision (*i.e.*, taking longer than sixty days to complete the process) was minor or trivial. Plaintiff and his advisor, Eric Barker, testified Plaintiff's ability to defend himself in the investigation was affected by the delay. (*See* Doc. 210, p. 5; *see also* Doc. 192.) The investigator, Deena Wallace, testified it is possible for memories to fade over time, but that is not always the case because traumatic incidents can be imprinted in a person's mind. (*See* Doc. 192.) She did not testify that the delay affected her investigation. (*See id.*)

Plaintiff argues in ruling on his first motion for judgment as a matter of law, the Court improperly "focused on whether the delay impacted" Defendant's investigator instead of whether it impacted Plaintiff. (Doc. 210, pp. 4–7.) But the two are connected. How the delay affected the investigator goes directly to Plaintiff's injury—it was Ms. Wallace who found Plaintiff violated the policy. So for example, if Ms. Wallace testified that the delay negatively affected her investigation, it would be evidence that the breach of contract was not minor. Conversely, her lack of testimony that the delay affected her investigation relates to whether the breach was material. (*See* Doc. 192.)

Presented with evidence on both sides, the jury was tasked with

determining who to believe and what they considered most persuasive. Ultimately, they decided the breach was not material. (Doc. 198, p. 1.) In the light most favorable to Defendant as the non-moving party, there is sufficient evidence to support their verdict. *See Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 811–12 (11th Cir. 2020); *McCray v. R.J. Reynolds Tobacco Co.*, No. 3:09-cv-11895-J-37JBT, 2012 WL 2115486, at *3–5 (M.D. Fla. June 11, 2012). So judgment as a matter of law is not appropriate.

Alternatively, Plaintiff moves for a new trial arguing Defendant "improperly asked the jury to analyze the materiality question from the perspective of the breaching party and ignore [Plaintiff's side]." (Doc. 210, p. 6.) Plaintiff appears to refer to Defendant's closing argument. Defense counsel argued to the jury in closing, you did not hear any evidence that in this particular case there were any faded memories or lost evidence that actually had an impact on the case—rather there were a lot of generalities and hypotheticals. (*See* Doc. 193.) As discussed, this is relevant to the materiality analysis. So this was not improper, and a new trial is not warranted. *See Eghnayem v. Bos. Sci. Corp.*, No. 1:14-cv-024061, 2016 WL 4051311, at *19–20 (S.D. Fla. Mar. 17, 2016); *see also Vineyard v. Cnty. of Murray, Ga.*, 990 F.2d 1207, 1214 (11th Cir. 1993) ("We are reluctant to set aside a jury verdict because of an argument made by counsel during closing arguments"). Plaintiff's Motion is denied.

## CONCLUSION

It is **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion for Judgment as a Matter of Law and Alternative Motion for a New Trial (Doc. 210) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 27, 2021.

ROY B. DALTON JR.
United States District Judge