UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DOE,

    Plaintiff,

v.                                          CASE NO.: 6:18-cv-1069-Orl-37LRH

ROLLINS COLLEGE,

    Defendant.
_____/

**DEFENDANT ROLLINS COLLEGE'S REPLY TO PLAINTIFF'S**
**REQUEST FOR A DEFERRAL OF RULING ON TAXATION OF COSTS**

Pursuant to the Court's June 14, 2021 Order, Defendant Rollins College ("Rollins") files this Reply addressing Plaintiff's contention that the issue of costs should be deferred pending the outcome of Plaintiff's appeal.

### I. Memorandum of Law

While this Court has discretion to stay the taxation of costs, "staying consideration of taxation of costs is the exception not the rule." *Davis v. City of Apopka*, No. 6:15-cv-1631-Orl-37LRH, 2020 WL 4740521, at *2 (M.D. Fla. March 25, 2020). "Courts in this circuit typically decline to stay matters collateral to a final judgment, such as matters involving fees or costs issues, to avoid piecemeal appeals." *Id.* "In considering a motion to stay collateral trial court proceedings pending an appeal, a Court considers: (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay or injunction; (3) whether the other party will suffer substantial harm if the stay or injunction is issued; and (4) whether the stay or injunction is

{00392186 2 }

adverse to the public interest." *Breedlove v. Hartford Life & Accident Ins. Co.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825, at *1 (M.D. Fla. Jan. 20, 2013).

In his Response and Objections to Bill of Costs, Plaintiff argues that "a deferral is in the interest of judicial economy because there is a substantial chance that judgment of the District Court will be reversed on appeal."[1] Plaintiff bases his argument on the Third Circuit's opinion in *Doe v. University of Sciences*, 961 F. 3d 203 (3rd Cir. 2020) asserting that the decision was subsequent to the Court's decision granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement claim and is further contrary to the Third Circuit's holding.[2] However, Plaintiff is incorrect.

This Court issued its Order granting Rollins' Motion for Summary Judgment on Plaintiff's Title IX claims on March 9, 2020.[3] The Third Circuit opinion relied upon by Plaintiff was issued on March 31, 2020. *Doe v. Univ. of Sci.*, 961 F. 3d 203 (3d Cir. 2020). In June 2020, Plaintiff moved for reconsideration of the March 9, 2020 Order based solely on the Third Circuit's ruling in *Doe v. University of Sciences*.[4] This Court denied Plaintiff's Motion for Reconsideration stating, "*University of the Sciences* isn't contrary to the SJ Order because it applied a different standard, in the context of a different policy, on assumed but unestablished different facts."[5] In sum, this Court considered the

---

[1] (Doc. 223) Plaintiff's Response and Objections to Bill of Costs (hereinafter "Response") at 8.
[2] (Doc. 223) Response at 9.
[3] (Doc. 117) March 9, 2020 Order.
[4] (Doc. 152) Plaintiff's Motion for Reconsideration of the Court's Decision Granting Defendant's Motion for Summary Judgment on Plaintiff's Title IX Selective Enforcement Claim (hereinafter "Motion for Reconsideration.")
[5] (Doc. 155) July 13, 2020 Order at 5.

{00392186 2 }  2

Third Circuit's opinion and reasoning and found it to be nonbinding and unpersuasive in this case. Therefore, Plaintiff cannot establish he is likely to prevail on the merits of his appeal.

Further, Plaintiff fails to argue that he will suffer irreparable harm absent a stay or injunction. Defendant is agreeable to a stay of execution of any award of costs pending the outcome of the appeal so Plaintiff will not be required to pay the award in the event his appeal is successful. Defendant, however, will suffer substantial harm if the stay or injunction is issued, as the parties have already fully briefed the issue and any additional information necessary for the Court to rule is fresh in the minds of counsel. However, a stay or injunction would require additional work by counsel in the event the Court seeks additional information. Finally, in granting such a deferral, Courts often cite to the fact that this issue is "often resolved at appellate mediation." *See e.g. Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (Oct. 29, 2020). However, the parties have already engaged in an unsuccessful appellate mediation.

## II. Conclusion

For the foregoing reasons, this Court should deny Plaintiff's request for deferral of a ruling on Defendant's Motion for Costs and issue an order awarding costs to Rollins College. However, Rollins has no objection to the Court ordering a stay of execution of the award pending the outcome of Plaintiff's appeal.

Dated this 17 day of June, 2021.

Respectfully submitted,

ALEXANDER DEGANCE BARNETT, P.A.

By: /s/ Mark G. Alexander
Mark G. Alexander
Florida Bar No. 434078
E-mail: mark.alexander@adblegal.com
Samantha Giudici Berdecia
Florida Bar No. 0058667
E-mail: samantha.giudici@adblegal.com
E-mail: mailbox@adblegal.com
1500 Riverside Avenue
Jacksonville, FL 32204
(904) 345-3277 Telephone
(904) 345-3294 Facsimile

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2021 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send notice of this filing to: Joshua Adam Engel and Anne Tamashasky, Engel and Martin, LLC, 4660 Duke Drive, Ste 101, Mason, OH 45040 (engel@engelandmartin.com) and Bertha L. Burruezo and Carlos J. Burruezo, 941 Lake Baldwin Lane, Orlando, Florida 3281-6438 (bertha@burruezolaw.com; carlos@burruezolaw.com) this ___ day of April, 2021.

/s/ ATTORNEY

{00392186 2 }                                   4