# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHN DOE,**

                **Plaintiff,**

**v.**                                             **Case No: 6:18-cv-1069-RBD-LRH**

**ROLLINS COLLEGE,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S OBJECTIONS TO BILL OF COSTS (Doc. No. 208)**
>
> **FILED:**       **March 31, 2021**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that Plaintiff's Objections be **SUSTAINED in and part and OVERRULED in part**.

## I.    BACKGROUND.

      On July 5, 2018, Plaintiff filed a complaint against Defendant Rollins College, alleging violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*., as well as a state-law breach of contract claim.  Doc. No. 1.  In sum, Plaintiff alleged that while he was a student at Rollins College, he was falsely accused of sexual misconduct by another Rollins student, Jane Roe.  *Id.* at 13.  Defendant investigated Ms. Roe's claims and concluded that Plaintiff had violated the school's Sexual Misconduct and Harassment Policy.  *Id.* at 20–36.  Plaintiff filed an

amended complaint on July 16, 2018, alleging the following claims against Defendant: (1) a Title IX erroneous outcome claim (Count I); (2) a Title IX selective enforcement claim (Count II); and (3) breach of contract under state law (Count III). Doc. No. 14. After the Court denied Defendant's motion to dismiss, Defendant answered the complaint, and the case proceeded in the normal course. Doc. Nos. 17, 38, 39.

The Court ultimately granted in part and denied in part each of the parties' motions for summary judgment. Doc. No. 156. Specifically, the Court granted Plaintiff's motion to the extent that the Court found that Defendant had breached a sixty-day provision of the Sexual Misconduct and Harassment Policy but denied Plaintiff's motion in all other respects. *Id.* at 29. The Court granted Defendant's motion as to both Counts I and II of the amended complaint, and as to the breach of the implied covenant of good faith and fair dealing set forth in Count III. *Id.* at 29–30. The Court denied Defendant's motion in all other respects, and the matter proceeded to a jury trial on Plaintiff's remaining claims in Count III. *Id.* at 30; Doc. Nos. 190, 192, 193. On March 18, 2021, the jury returned a verdict in favor of Defendant. Doc. No. 198. Judgment was entered in favor of Defendant and against Plaintiff on March 23, 2021, rendering Defendant the prevailing party for the purpose of costs. Doc. No. 205.

Plaintiff's motions for judgment as a matter of law and for new trial have been denied. Doc. Nos. 207, 222. Plaintiff has appealed the Judgment. Doc. No. 211. Defendant has filed a cross appeal of the Court's summary judgment finding that Defendant breached the sixty-day provision of the Sexual Misconduct and Harassment Policy. Doc. No. 219.

On March 25, 2021, Defendant filed a proposed Bill of Costs, seeking a total of $13,846.95 in costs, which includes:

- Fees for service of summons and subpoena: $90.00

- Fees for printed or electronically recorded transcripts:   $8,634.88

- Fees and disbursements for printing:   $4,850.87

- Fees for exemplification and the costs of making copies:   $271.20

Doc. No. 206.

On March 31, 2021, Plaintiff filed the above-styled Objections to Bill of Costs, in which he argues that Defendant failed to describe the expenses with particularity or provide any proof of payment for any of the costs.   Doc. No. 208.   Plaintiff's Objections to Bill of Costs was thereafter referred to the undersigned for issuance of a Report and Recommendation.

After Plaintiff filed the Objections to Bill of Costs, Defendant filed a Notice of Filing in Support of Defendant's Bill of Costs, which includes supporting invoices.   Doc. Nos. 209, 209-1.

Because Defendant's filings provided no explanation as to the proposed costs, the undersigned required the parties to file supplemental briefing, including a supplemental brief from Defendant and a response to that supplemental briefing from Plaintiff.   Doc. No. 213.   Defendant timely filed its supplemental brief, and Plaintiff his response.   Doc. Nos. 217, 223.   In its supplemental brief, Defendant reduces the total amount of costs sought to $12,374.93, and withdraws the remaining $1,472.02 in the proposed bill of costs.   Doc. No. 217, at 1.

In his response, Plaintiff maintains his objections to several of the costs sought by Defendant, and Plaintiff argues for the first time that the issue of costs should be deferred pending appeal.   Doc. No. 223, at 8–10.   Accordingly, the undersigned ordered Defendant to file a reply addressing the sole issue of whether the issue of costs should be deferred pending appeal.   Doc. No. 226. Defendant timely filed its reply, Doc. No. 227, and the matter is now ripe for review.

## II.    APPLICABLE LAW.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).   "[A] district court needs a 'sound basis' to overcome the strong presumption that a prevailing party is entitled to costs."   *Id.* at 1277 (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000)).   Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which delineates the allowable costs as:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under 28 U.S.C. § 1923;
>
> (6) Compensation of court appointed experts, interpreters, and costs of special interpretation services.

"The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses."   *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 5984040, at *2 (M.D. Fla. Sept. 22, 2020) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)).   "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered

can be grounds for denial of costs." *Id.* (citations omitted).   Further, a court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Miles v. Provident Life & Accident Ins. Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312, at *1 (M.D. Fla. Nov. 16, 2009).

## III.   ANALYSIS.

### A.   <u>Plaintiff's Request to Defer Costs Pending Appeal</u>.

As an initial matter, for the first time in his response to Defendant's supplemental briefing,[1] Plaintiff suggests that the issue of costs should be deferred pending appeal, arguing that "deferral is in the interest of judicial economy because there is a substantial chance that the judgment of the District Court will be reversed on appeal."   Doc. No. 223, at 8.   Defendant opposes, disagrees with Plaintiff's assertion that there is a likelihood that Plaintiff will prevail on appeal, and points out that Plaintiff has not established irreparable harm absent a stay.   Doc. No. 227, at 2–3.   Nonetheless, although Defendant opposes a stay, "Defendant is agreeable to a stay of execution of any award of costs pending the outcome of the appeal so Plaintiff will not be required to pay the award in the event his appeal is successful."   *Id.* at 3.

---

[1] I note the general rule that a "request for affirmative relief is not properly made when simply included in a response to a motion . . . ."   *E.g.*, *Fed. Deposit Ins. Corp. v. Paleja*, No. 6:13-cv-1097-Orl-22TBS, 2014 WL 12617786, at *4 (M.D. Fla. June 26, 2014).   Nonetheless, given the extensive briefing on the issue of costs in this case, to avoid further delay, and for the sake of judicial efficiency, the undersigned elected to consider Plaintiff's request on the merits.

"Generally speaking, courts in this circuit typically decline to stay matters collateral to a final judgment, such as matters involving fees or costs issues, to avoid piecemeal appeals.  An exception, of course, occurs when both parties are in agreement to stay the issues pending appeal." *Truesdell v. Thomas*, No. 5:13-cv-552-Oc-10PRL, 2016 WL 7049252, at *2 (M.D. Fla. Dec. 5, 2016) (citations omitted).   The decision whether to defer ruling on the issue of costs pending appeal is a matter within the Court's discretion.   *Id.*   In considering motions to stay collateral trial court proceedings, such as the issue of costs, pending an appeal, courts consider:   (1) whether the movant is likely to prevail on the merits of its appeal; (2) whether the movant will suffer irreparable harm absent a stay; (3) whether the opposing party will suffer substantial harm if the stay is issued; and (4) whether the stay is adverse to public interest.   *Breedlove v. Hartford Life & Acc. Ins. Co.*, No. 6:11-cv-991-Orl-28TBS, 2013 WL 361825, at *1 (M.D. Fla. Jan. 30, 2013).

Here, as discussed above, Defendant opposes the request to defer the issue of costs pending appeal.   Doc. No. 227.   Moreover, upon review of Plaintiff's filings, the undersigned is not convinced that Plaintiff has demonstrated that he is likely to prevail on appeal, nor has Plaintiff demonstrated any irreparable harm absent a stay.   *See* Doc. No. 223. [2]   Accordingly, I will respectfully recommend that the Court decline to defer ruling on the issue of costs pending appeal. *See, e.g.*, *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, No. 8:11-cv-775-T-24-TBM, 2015 WL 1169403, at *2 (M.D. Fla. Mar. 13, 2015) (denying request to defer issue of costs pending appeal absent showing of likelihood of success on appeal and irreparable harm absent a stay). [3]

---

[2] The undersigned is also not convinced that Defendant would suffer substantial harm or that a stay would be adverse to the public interest, however on balance, and particularly in light of the fact that it is Plaintiff seeking a stay, the undersigned finds that the factors considered do not weigh in favor of staying a ruling on the issue of costs.

[3] As discussed above, Defendant has indicated that it has no objection to the Court ordering a stay of execution of any cost award pending the outcome of the appellate process.   Doc. No. 227, at 3. Nonetheless, Plaintiff has not requested such relief here, instead requesting that the Court defer ruling on the issue of costs in entirety pending the outcome of appeal.   Doc. No. 223, at 9.   If the parties believe that a

B.      <u>Lack of Affidavit</u>.

As another preliminary matter, Plaintiff appears to object to all of the costs sought for Defendant's failure to include with its supplemental briefing a separate affidavit or declaration to support the requested costs.   Doc. No. 223, at 2.

Plaintiff's argument is unpersuasive.   To be sure, 28 U.S.C. § 1924 mandates that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct, and has necessarily incurred in the case. . . ."   However, Defendant, through its counsel of record, has done exactly that.   As Plaintiff acknowledges, the proposed Bill of Costs contains a declaration executed by Defendant's counsel, under penalty of perjury, stating that "the foregoing costs are correct and were necessarily incurred in this action."   *See* Doc. No. 206.   Nothing more is required.   *See Cont'l 332 Fund, LLC v. Hilz*, No. 2:17-cv-41-FtM-38MRM, 2020 WL 6595061, at *2 (M.D. Fla. Oct. 23, 2020) (finding affidavit in bill of costs sufficient to support requirements in 28 U.S.C. § 1924 that costs be supported by affidavit), *report and recommendation adopted*, 2020 WL 6591192 (M.D. Fla. Nov. 10, 2020); *United States ex rel. Purcell v. MWI Corp.*, 229 F. Supp. 3d 45, 46 (D.D.C. 2017) ("The Government argues that the Defendant's bill 'should be denied in full because it has failed to attach an affidavit verifying its costs.'   The Government is totally wrong.   The Court's standard Bill of Costs form specifically contains declaratory language that is required by 28 U.S.C. § 1924.   Defendant's counsel filed, for his client, the official form verifying that 'the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actual and

---

stay of execution of any cost award by the Court is appropriate, they should file a separate motion asking for such relief, supported by proper legal authority.

necessarily performed.'   Thus, there is no question that the Defendant, through counsel, properly provided a verified Bill of Costs as required by 28 U.S.C. § 1924.").

Plaintiff cites to no authority holding that costs must be supported by an additional, separate attorney affidavit or declaration.[4]   And Plaintiff's argument ignores the fact that Defendant also has supported its costs with invoices and a detailed explanation.   Accordingly, I will respectfully recommend that the Court reject Plaintiff's invitation to decline to award costs in toto for Defendant's failure to substantiate its requested costs through a separate affidavit or declaration.

C.     Fees for Service of Summons and Subpoena.

In the proposed Bill of Costs, Defendant lists $90.00 in costs for fees for service of summons and subpoena.   Doc. No. 206.   In its supplemental briefing, Defendant explains that it seeks to recover for two trial subpoenas, served on Eric Barker and Oriana Jimenez Guevara respectively, the costs for which were $45.00 each, for a total of $90.00.   Doc. No. 217, at 3; *see* Doc. No. 217-1.[5]   However, Defendant also seeks to recover $65.00 in costs for a subpoena served on Mr. Barker to compel his attendance at deposition.   Doc. No. 217, at 3; Doc. No. 217-2.

Plaintiff takes issue with these requested costs because the invoices submitted in support "do not describe the witness who was served or the date of service."   Doc. No. 223, at 2.[6]   Plaintiff

---

[4] The cases on which Plaintiff relies are inapposite.   Plaintiff first cites *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993), for the general proposition that a prevailing party "may not simply make unsubstantiated claims."   Doc. No. 223, at 2. However, the court in *Helms* was discussing photocopying charges alone with that statement.   *Helms*, 808 F. Supp. at 1570.   *Helms* does not stand for the blanket proposition that a request for costs unsupported by a separate attorney affidavit or declaration shall automatically be denied in entirety.   Nor does the other case Plaintiff relies on – *Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-CV, 2017 U.S. Dist. LEXIS 55185 (S.D. Fla. Apr. 10, 2017) – support Plaintiff's position or stand for such blanket assertion.   Indeed, in *Gordils*, figures in an affidavit without further explanation were insufficient.   *See id.* at *5.

[5] According to the parties' filings in this case, Mr. Barker is an attorney who represented Plaintiff during the Title IX investigation process.   *See, e.g.*, Doc. No. 60, at 18–19.   Ms. Jimenez Guevara is a Title IX Coordinator.   *E.g.*, *id.* at 14.

[6] While Plaintiff is correct that the first invoice from Orange Legal does not appear to identify the

also argues that these costs should be rejected as "duplicative, unnecessary, and unsupported by sufficient evidentiary support" because Mr. Barker voluntarily agreed to appear for deposition and at trial, and Ms. Jimenez Guevara agreed to accept service of a trial subpoena via email.   *Id.* at 3.

On review, it is respectfully recommended that Plaintiff's objections to the costs for service of the two trial subpoenas and the deposition subpoena be sustained in part and overruled in part. To the extent that Plaintiff objects to these costs for failure to "describe the witness who was served or the date of service," Plaintiff cites no legal authority stating that the failure of an *invoice* to include such information is fatal to a request for costs, particularly when the party seeking the costs provides further explanation in its supporting memoranda.   Moreover, Plaintiff thereafter appears to acknowledge in his briefing that the subpoenas relate to Mr. Barker and Ms. Jimenez.   *See* Doc. No. 223, at 3.

Insofar as Plaintiff objects to the subpoena costs as duplicative, Defendant only seeks to recover one charge as it relates to each subpoena, rendering Plaintiff's argument that the Court should decline to award duplicative costs, and his reliance on authority stating same, inapposite. *See id.* (relying on *Cardona v. Mason & Dixon Lines*, Inc., No. 16-22704-CIV-O'SULLIVAN, 2018 U.S. Dist. LEXIS 4427, at *7 (S.D. Fla. Jan. 10, 2018), which declined to award costs for multiple service attempts, rush service, and service on the prevailing party's own experts).

However, as discussed above, Defendant only seeks to recover $90.00 in fees for service of summons and subpoena through its proposed Bill of Costs.   *See* Doc. No. 206.   In its briefing, Defendant seemingly wishes to amend this amount, to include the third invoice related to the subpoena for Mr. Barker's deposition.   Yet, Defendant never filed an amended Bill of Costs

---

witnesses at issue and the addresses appear to be redacted, *see* Doc. No. 217-1, the second invoice states that it relates to Mr. Barker, *see* Doc. No. 217-2.

reflecting the amended amount.  Because a bill of costs must be supported by affidavit, *see* 28 U.S.C. § 1924, and only $90.00 has been supported by same here, it will be respectfully recommended that the Court decline to award the additional $65.00 that is not included in the proposed Bill of Costs.  *See* Doc. No. 206.[7]

Recovery of the cost of private process servers is authorized under 28 U.S.C. § 1920(1). *See W&O, Inc.*, 213 F.3d at 624.  However, the rates must not exceed the costs charged by the United States Marshal's Service to effectuate service.  *See id.*   The current statutory rate for service by the United States Marshal is $65.00 per hour.  *See* 28 C.F.R. § 0.114(a)(3).  Because the costs sought by Defendant do not exceed this ceiling, it is respectfully recommended that the Court award the **$90.00** in requested costs for fees for service of summons and subpoena, which reflects recovery for the two trial subpoenas served on Mr. Barker and Ms. Jimenez Guevara respectively, the costs for which were $45.00 each.  *See* Doc. No. 217-1.

    D.    <u>Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case</u>.

Defendant seeks to recover several deposition costs.  Doc. Nos. 206, 209, 217.  In response, Plaintiff "does not object to the costs of deposition transcripts, in general."  Doc. No. 223, at 3.  However, Plaintiff objects to costs sought within the invoices, such as those for "condensed transcripts" and "shipping."  *Id.*  Plaintiff also argues that the charges for video depositions should be disallowed because Defendant fails to provide an affidavit explaining the need for video depositions, and none of the video depositions were offered at trial.  *Id.* at 4–5.

---

[7] The undersigned recognizes that Defendant has reduced the total amount of costs by $1,472.02, and that the reduction is noted in its supplemental briefing, without an amended bill of costs.  However, it is one thing to correct the amount of costs to account for mathematical or clerical errors, it is quite another to add an entirely new cost, without explanation as to why it was originally omitted, despite being given an opportunity via supplemental briefing to explain all requested costs, which contradicts the verified bill of costs.

Each category of depositions, and Plaintiff's applicable objections thereto, will be addressed in turn.

### 1. Defendant's Depositions.

Defendant explains that it only took two (2) depositions in this case – Plaintiff and Eric Barker – and Defendant seeks to recover total costs for these depositions in the amount of $2,983.93. Doc. No. 217, at 5. The depositions were noticed to be recorded by both stenographic means and videotape. *Id.* *See* Doc. No. 217-3, at 3–4, Doc. No. 217-4, at 3–4 (notices of deposition). And Defendant argues that it was necessary to videotape Plaintiff's deposition because he was the most important witness in the case and his credibility was at issue, thus it may have been necessary to present the deposition video following Plaintiff's testimony at trial. *Id.* As to Mr. Barker, Defendant asserts that videotaping his deposition was necessary because he was a third-party witness and Defendant had no way to ensure that Mr. Barker would be available for trial or within the Court's subpoena power at that time. *Id.* Defendant also states that it was necessary to videotape both depositions in order to capture each witness's demeanor, emotional reactions, and overall presentation. *Id.* *See* Doc. No. 217-3, at 1 (copy of invoice for Plaintiff's deposition transcript); Doc. No. 217-4, at 1 (copy of invoice for Mr. Barker's deposition transcript).

I respectfully recommend that the Court overrule Plaintiff's objection to conducting these two depositions by both video and stenographic means. The Eleventh Circuit has noted that:

> In determining whether the costs of recording a deposition may be taxed under § 1920, a district court must decide the factual question of whether the deposition was necessarily obtained for use in a case. *See EEOC v. W&O, Inc*., 213 F.3d 600, 620–21 (11th Cir. 2000). Where the deposition costs were incurred for the prevailing parties' convenience, such as to aid in thorough preparation or for the purposes of investigation only, the costs are not recoverable. *Id.* at 620. Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable. *Id.* at 621. Thus, even where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of the deposition are taxable

> under § 1920 where no evidence shows that the deposition was unrelated to an issue
> in the case at the time it was taken. *Id.* at 622.

*Watson v. Lake Cty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012).[8]

As for Plaintiff's objections to paying for video depositions, "when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464–65 (11th Cir. 1996) (holding that costs for a video deposition are properly taxable under 28 U.S.C. § 1920).

Here, there is nothing in the record to suggest that Plaintiff lodged an objection to conducting the depositions at issue by video, both of which were noticed to be "recorded by stenographic means and by sound and videotape." *See* Doc. No. 217-3, at 3; Doc. No. 217-4, at 3. *See, e.g.*, *Escarra v. Regions Bank*, No. 2:07-cv-08-FtM-29DNF, 2010 WL 11507144, at *2 (M.D. Fla. Jan. 25, 2010) ("The Plaintiff does not assert that she objected to the depositions being taken by video, therefore, the costs are taxable."), *report and recommendation adopted*, 2010 WL 11507125 (M.D. Fla. Feb. 18, 2010). And, Defendant has provided sufficient argument and authority as to why the two video depositions were necessarily obtained for use in this case, including the importance of Plaintiff's testimony in this case, and to ensure the availability of Mr. Barker's testimony for trial. *See* Doc. No. 217, at 5. *See, e.g.*, *Paylan v. Teitelbaum*, No. 1:15-CV-159-MW-GRJ, 2018 WL 5289501, at *3 (N.D. Fla. Aug. 1, 2018), *report and recommendation adopted*, 2018 WL 5283442 (N.D. Fla. Oct. 24, 2018) (permitting costs for videotaping of the plaintiff's deposition, finding that "[t]he fact

---

[8] Unpublished opinions of the Eleventh Circuit Court of Appeals are cited as persuasive authority. *See Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

that she would have been present at trial has nothing to do with the necessity of videotaping her deposition" and that the plaintiff was "arguably one of the most important depositions" in the case); *see also Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 791 (N.D. Tex. 2014) (finding video deposition testimony necessarily obtained for use in the case given the nature of the litigation, as well as the possibility that individual defendants would not appear at trial or be within the subpoena power of the court).

I further note that Defendant filed both deposition transcripts in support of its motion for summary judgment.   Doc. Nos. 61-4, 61-5, 61-11.   *See W&O*, 213 F.3d at 621 (quotation marks and citation omitted) ("A district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions.").   And "no evidence shows that the deposition[s] [were] unrelated to an issue in the case at the time [they were] taken."   *See Watson*, 492 F. App'x at 996–97; *see also W&O*, 213 F.3d at 621.[9]   Accordingly, I will respectfully recommend that the Court permit Defendant to recover the costs associated with conducting Plaintiff's and Mr. Barker's depositions by video.

However, Plaintiff is correct that Defendant seeks to recover several non-compensable tasks associated with the depositions, which include as follows:

Plaintiff (Doc. No. 217-3):

- 4 Day Expedite: $504.63

- Condensed Transcript: $20.00

---

[9] I note that some courts have found that the relevant inquiry is: "(1) whether the depositions were noticed to be recorded by both stenographic and nonstenographic means, (2) whether Plaintiff objected at the time, and (3) *whether the depositions (not the type of recording) was necessary to the case*."   *Awwad v. Largo Med. Ctr., Inc.,* No. 8:11-cv-1638-T-24, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013) (emphasis added) (citing *Wood v. Green*, 2010 WL 1380154, at *3 (N.D. Fla. Mar. 31, 2010)).   Plaintiff has not argued that the depositions were not necessary to the case, instead only arguing that the depositions need not have been conducted by video.

- Exhibit Charge: $95.10

- Delivery, Shipping, and Handling: $20.00

Eric Barker (Doc. No. 217-4):

- Condensed Transcript:   $20.00

- Exhibit Charge:   $16.80

- Delivery, Shipping, and Handling: $20.00

Costs associated with expedited transcripts should not be taxed as a matter of course.  *See Maris Dist. Co. v. Anheuser–Busch, Inc*., 302 F.3d 1207, 1226 (11th Cir. 2002).   However, a prevailing party may recover expedited charges by showing that either necessity or extraordinary circumstances justified that expense.  *George v. Fla. Dep't of Corr*., No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).   In its briefing, Defendant makes no argument as to why the expedited transcript for Plaintiff's deposition was necessary.   Accordingly, the undersigned recommends that the Court decline to award these costs.  *See Mims/Alafia, LLC v. Mosaic Fertilizer, LLC*, No. 8:05-cv-2271-T-26EAJ, 2007 WL 9723778, at *1 (M.D. Fla. July 20, 2007) (declining costs for expedited transcripts).

The fees for condensed transcripts, exhibits, and delivery, shipping, and handling, absent explanation from Defendant, are also not taxable costs.  *See Watson*, 492 F. App'x at 997 (stating that section 1920 "does not authorize recovery of costs for shipment of depositions"); *McCullars v. Maloy*, No. 6:17-cv-1587-Orl-40GJK, 2020 WL 5822154, at *3 (M.D. Fla. Sept. 10, 2020) ("Non-recoverable deposition costs include litigation packages, expedited transcript fees, rough drafts, shipping and handling fees, disc copies, and e-transcript fees."), *report and recommendation adopted*, 2020 WL 5822103 (M.D. Fla. Sept. 28, 2020); *Krug v. Celebrity Cruises, Inc*., No. 16-22810-CIV, 2018 WL 3697495, at *4 (S.D. Fla. Apr. 26, 2018) ("[C]osts incurred as a result of

digital or condensed copies of transcripts . . . or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel."); *Spatz v. Microtel Inns & Suites Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012) ("[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" (quoting *George*, 2008 WL 2571348, at *6)).

Accordingly, I will respectfully recommend that the Court sustain Plaintiff's objections in part, decline to award $696.53 in requested costs, and reduce Defendant's total recovery as to Plaintiff and Mr. Barker's depositions to **$2,287.40** ($2,983.93 – $696.53 = $2,287.40).

### 2. *Deposition Transcripts Used for Summary Judgment.*

Defendant also seeks to recover a total of $3,257.50 for transcripts ordered of five (5) depositions taken by Plaintiff:   Oriana Guevara, Maeghan Rempala, Meghan Harte Weyat, Mamta Accapadi, and Deena Wallace.   Doc. No. 217, at 6.   Defendant states that excerpts from each of these deponents' testimony were cited in Defendant's motion for summary judgment. *Id. See* Doc. No. 217-5 (copies of invoices).

As stated above, Plaintiff has no general objection to Defendant's recovery of deposition transcript costs.   However, Defendant once again seeks to recover $491.90 for several non-compensable tasks associated with the invoices for the deposition transcripts, as follows:

Oriana Guevara (Doc. No. 217-5, at 2):

- Condensed transcript - $20.00

- Exhibit charge - $152.10

- Processing, electronic transmission, and document retention - $35.00

<u>Maeghan Rempala (Doc. No. 217-5, at 2)</u>:

- Condensed transcript - $20.00

- Exhibit charge - $10.80

<u>Meghan Harte Weyant (Doc. No. 217-5, at 3)</u>:

- Condensed transcript - $20.00

- Processing, electronic transmission, and document retention - $35.00

<u>Mamta Accapadi (Doc. No. 217-5, at 3)</u>:

- Condensed transcript - $20.00

- Exhibit charge - $5.40

<u>Meghan Harte Weyant</u>[10] (Doc. No. 217-5, at 4):

- Condensed transcript - $20.00

- Exhibit charge - $59.70

- Delivery, shipping, and handling - $20.00

<u>Deena Wallace (Doc. No. 217-5, at 5)</u>:

- Condensed transcript - $20.00

- Exhibit charge - $18.90

- Processing, electronic transmission, and document retention - $35.00

Accordingly, based on the above-cited authority, and in the absence of any explanation from Defendant establishing the necessity of these additional expenses, I will respectfully recommend that the Court sustain Plaintiff's objections in part, to the extent that the total requested costs for

---

[10] There are two invoices reflecting charges for Meghan Harte Weyant; one invoice reflects charges for "backorder" of 61 pages of transcript, and the other reflects charges for the original transcript at 172 pages. Doc. No. 217-5, at 3, 4. Defendant does not address why there are two separate invoices for Ms. Harte Weyant (Doc. No. 217), but neither does Plaintiff raise any objections to same (Doc. No. 223).

these deposition transcripts should be reduced by $491.90, rendering Defendant's total recovery as to these depositions **$2,765.60** ($3,257.50 – $491.90 = $2,765.60).

### 3. Transcript of Deposition of Peter Lake.

Defendant explains that Peter Lake was hired as a rebuttal expert to Plaintiff's expert, and Defendant required the transcript of Mr. Lake's deposition because Plaintiff relied on Mr. Lake's deposition in his *Daubert* motion, and in preparation for and use at the *Daubert* evidentiary hearing before the Court on November 5 and 6, 2019.   Doc. No. 217, at 6.   *See* Doc. No. 217-6 (copy of invoice for total of $848.15).   Again, Plaintiff has no general objection to Defendant's recovery of deposition transcript costs, and Plaintiff does not expressly discuss the deposition transcript for Mr. Lake in his supplemental briefing.   *See* Doc. No. 223.

Although Defendant has sufficiently explained why Mr. Lake's deposition transcript was necessarily obtained in this case, *see* Doc. No. 217, at 6, the invoice contains a charge of $60.75 for "Exhibits/Production," which Defendant fails to explain.   *See id.*   Accordingly, I will respectfully recommend that the recoverable costs related to Mr. Lake's deposition be reduced by $60.75, rendering the total recovery **$787.40.**   *E.g.*, *Spatz*, 2012 WL 1587663, at *6 (costs for deposition exhibits non-recoverable when prevailing party provides no information demonstrating copies of transcript exhibits were made for anything other than convenience of counsel).

In sum, it is respectfully recommended that the Court award a total of **$5,840.40** in fees for printed or electronically recorded transcripts necessarily obtained for use in the case.[11]

---

[11] Calculated as follows:   $2,287.40 (Plaintiff and Barker depositions) + $2,765.60 (Guevara, Rempala, Weyat, Accapadi, and Wallace depositions) + $787.40 (Lake deposition) = $5,840.40.

E.     "Fees and Disbursements for Printing."

Defendant seeks recovery for three (3) invoices for "outsourced discovery" in the total amount of $4,859.10 as follows:

- Invoice No. 1 - totaling $4,593.57 consisted of a single printed copy of the Plaintiffs document production Bates Nos. 1-576 and a single printed copy of Defendant's document production Bates Nos. Rollins/Doe-000001-007458.

- Invoice No. 2 - totaling $152.28 consisted of Deena Wallace's investigation file for two Title IX investigations performed for Rollins by Ms. Wallace.

- Invoice No. 3 - totaling $113.25 consisted of Deena Wallace's investigation file for the investigation into allegations against Plaintiff.

Doc. No. 217, at 8.  *See* Doc. No. 217-7 (copies of invoices).  As it relates to Invoice No. 1, Defendant explains that although both parties produced discovery electronically, Defendant had printed a copy of each of the documents produced by the parties to create a "master production set" for use in this case, which was used by counsel to prepare for depositions, to prepare motions, and for "other matters" throughout the case.  Doc. No. 217, at 8.  In addition, color copies for some of the documents were necessary because they included social media posts, PowerPoints, and PDF training materials.  *Id.*  Regarding Invoice Nos. 2 and 3, Defendant states that it produced Ms. Wallace's investigation file in response to discovery requests, but the files were part electronic and part hardcopy.  *Id.* at 9.  So, Defendant had the hardcopy documents electronically imaged so they could be produced to Plaintiff in electronic form.  *Id.*

Plaintiff asserts that Defendant has failed to demonstrate that the printing costs are recoverable because:  (1) Defendant does not adequately support these costs with evidence; (2) discovery was produced electronically in this case, and Defendant does not explain why printing

was necessary at all for discovery purposes; and (3) insofar as Defendant states that it needed a "master set" of printed documents, Plaintiff asserts that Defendant's explanation demonstrates solely that such "master set" was for the convenience of counsel and nothing more.   Doc. No. 223, at 5–6.

In the proposed Bill of Costs, Defendant appears to categorize the costs requested on Invoice Nos. 1–3 as "fees and disbursements for printing" pursuant to 28 U.S.C. § 1920(3).   *See* Doc. No. 206.   However, in its briefing, Defendant seeks to recover these costs as photocopying costs "necessarily obtained for use in the case" pursuant to 28 U.S.C. § 1920(4).   *See* Doc. No. 217, at 7. Upon consideration, given that Defendant cites to § 1920(4) to support these costs in its briefing, and that the costs are for making copies of discovery, I find that these costs are more appropriately considered under 28 U.S.C. § 1920(4), which concerns fees for exemplification and the costs of making copies necessarily obtained for use in the case.   *See, e.g.*, *Document Sec. Sys., Inc. v. Coupons.com, Inc.*, No. 11-CV-6528 CJS, 2015 WL 1189551, at *5 (W.D.N.Y. Mar. 16, 2015) (finding photocopying charges, which included copies printed by third-party vendor for use by attorneys in preparing for depositions, as well as copies printed in house, and photocopies of exhibits were more properly classified as "costs of making copies" under § 1920(4), rather than "printing" under § 1920(3)).   Indeed, "'[c]opies attributable to discovery' are a category of copies recoverable under § 1920(4)."   *See W&O*, 213 F.3d at 623.

Pursuant to § 1920(4), "[t]he party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case."   *Helms v. Wal–Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd*, 998 F.2d 1023 (11th Cir. 1993).   Moreover, "[c]opies obtained for counsel's convenience are not taxable."   *Robles v. GEICO Indem. Co.*, No. 8:19-cv-1293-T-TPB-AAS, 2021

WL 963571, at *4 (M.D. Fla. Feb. 19, 2021), *report and recommendation adopted*, 2021 WL 951248 (M.D. Fla. Mar. 12, 2021).

With these standards in mind, I find Plaintiff's objections regarding Invoice No. 1 well taken. Invoice No. 1 totals $4,593.57, broken down as follows:

- Print images black & white – 936 pages @ $0.12 = $112.32
- Print images in color – 7,086 pages @ $0.59 = $4,180.74
- Tax - $300.51

Although costs attributable to discovery are recoverable under § 1920, Defendant has not demonstrated that the costs for materials set forth in Invoice No. 1 were in fact necessary for this case.   Indeed, besides stating that it had copies printed of the electronic discovery served by both sides in this case, Defendant provides no further explanation for the costs listed in Invoice No. 1. *See Larmond v. Osceola Reg'l Hosp., Inc*., No. 6:18-cv-1003-Orl-31GJK, 2019 WL 5399085, at *2 (M.D. Fla. Oct. 7, 2019) (citation omitted) ("To recover photocopy expenses, the prevailing party must provide adequate documentation that the copies were reasonable and necessarily intended for use in the case.   A conclusory claim that the documents were necessary is insufficient to permit recovery."), *report and recommendation adopted*, 2019 WL 5391299 (M.D. Fla. Oct. 22, 2019).

And, to the extent that Defendant printed the electronic discovery to create a "master production set" for in-house use for depositions and motion preparation, I agree with Plaintiff that Defendant has not demonstrated that the printing costs for creating this "master production set" were incurred for anything other than the convenience of counsel.  *See, e.g.*, *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *10 (M.D. Fla. June 4, 2020), *report and recommendation adopted*, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020*)* (denying copying costs where attorney, by affidavit, sought costs for copies "for trial, including jury

exhibits and witness copies" and "for use at over 11 depositions" because although some of the costs could be compensable, the prevailing party had not adequately explained the necessity of the costs); *Scottsdale Ins. Co. v. Wave Techs. Commc'ns, Inc.*, No. 8:07-cv-1329-T-30MAP, 2012 WL 750317, at *3 (M.D. Fla. Mar. 7, 2012) ("The taxation of costs of photocopying attributable to discovery has been limited to copies of pleadings, correspondence, and other documents tendered to the opposing party.   Charges for copies of original documents possessed by the prevailing party are not taxable, and charges for extra copies and for documents prepared for convenience, preparation, research, or for the records of counsel are not taxable." (alterations, citations, and quotations omitted)); *Bell v. Callaway Partners, LLC*, No. 1:06-CV-1993-CC, 2011 WL 13175079, at *3 (N.D. Ga. June 1, 2011) (denying copying costs for a copy of party's own discovery produced to opposing side). Accordingly, I respectfully recommend that the Court sustain Plaintiff's objections to the costs sought by Invoice No. 1.[12]

Nonetheless, I find the costs sought in Invoice Nos. 2 and 3 recoverable.   As discussed above, the copying costs reflected therein concern Defendant's compliance with producing discovery to Plaintiff in electronic form, and Plaintiff does not argue otherwise.   Indeed, in his briefing, Plaintiff does not expressly address Invoice Nos. 2 or 3, focusing solely on the costs sought via Invoice No. 1, and as discussed below, costs for trial exhibits.   *See* Doc. No. 223, at 5–8.   Based on Defendant's representations that it incurred costs in converting the investigation files to electronic form for production, I respectfully recommend that the Court find the costs reflected in Invoice Nos. 2 and 3 allowable.   *See Brewer-Giorgio v. Bergman*, 985 F. Supp. 1478, 1485 (N.D.

---

[12] Defendant cites to *Miles v. Provident Life & Accident Insurance Co.*, No. 6:08-cv-69-Orl-18KRS, 2009 WL 10670312 (M.D. Fla. Nov. 16, 2009) in support of these requested photocopying charges.   The undersigned finds this case to be distinguishable as at least some of the recoverable photocopying charges were incurred for "exhibits copied for filing with the Court."   *Id.* at *2.

Ga. 1997) ("In general, the prevailing party can recover the costs of making copies of documents, pleadings, discovery, and exhibits tendered to the opposing party or submitted to the court for consideration."); *Bell*, 2011 WL 13175079, at *3 ("Particularly in cases where the parties agreed that responsive documents would be produced in an electronic format, courts have allowed the prevailing party to recover the costs of converting paper documents into electronic files.").

Accordingly, based on the foregoing, I respectfully recommend that the Court award printing/copying costs in the total amount of **$265.53**, reflected in Invoice Nos. 2 and 3, but sustain Plaintiff's objections to the total amount of costs sought via Invoice No. 1.

    F.    <u>Fees for Exemplification and the Costs of Making Copies</u>.

Finally, Defendant seeks to recover a total of $271.25 for "in house" trial preparation, which includes copies created to make notebooks for the Court, witnesses, and counsel, as required by the Case Management and Scheduling Order ("CMSO"), and a hard copy of Deena Wallace's Investigative File for trial, in the event Defendant would need to provide a complete hard copy to the Court.   Doc. No. 206; Doc. No. 217, at 10.   *See* Doc. No. 217-8 (Defendant's self-created summary of copies).

Plaintiff disputes Defendant's entitlement to costs for trial exhibits because Defendant fails to provide any actual invoices in support or demonstrate that such costs were paid by Defendant rather than counsel.   Doc. No. 223, at 7.   Plaintiff further argues that even if the Court awarded such costs, the price sought is unreasonable, here, $0.25 per page for black and white trial exhibits. Doc. No. 223, at 7.   *See* Doc. No. 217-8.   Plaintiff argues that at minimum, the copying costs should be reduced to $0.10 per page.   Doc. No. 223, at 8.

As Defendant argues, the Court's Case Management and Scheduling Order ("CMSO") required the parties to provide exhibit binders to the Court containing all exhibits to be used at trial,

which included a Joint Exhibit Binder, Plaintiff's Exhibit Binder, and Defendant's Exhibit Binder. Doc. No. 29, at 19.   Based on Defendant's representations that the "Invoice for In-House Copies" reflects the costs of creating the exhibit binders as required by the Court, as well as a copy of an exhibit to provide to the Court, I recommend that the Court overrule Plaintiff's objection to taxing these costs and find that these requested costs are recoverable under § 1920.   *See Brown v. Columbia Sussex Corp.*, No. 8:12-cv-1278-T-27EAJ, 2014 WL 12614502, at \*3 (M.D. Fla. May 27, 2014) (citation omitted) ("[D]ocuments prepared for the Court's consideration are recoverable, whereas copies obtained only for the convenience of counsel, such as extra copies of filed papers, correspondence, and copies of cases are not."); *see also Davis v. City of Apopka*, No. 6:15-cv-1631-Orl-37LRH, 2020 WL 4740521, at \*7 (M.D. Fla. Mar. 25, 2020), *report and recommendation adopted*, 2020 WL 2554215 (M.D. Fla. May 20, 2020) (adopting recommendation to award costs for trial exhibit binders required by CMSO); *Sharp v. City of Palatka*, No. 3:06-cv-200-J-TEM, 2008 WL 4525092, at \*3 (M.D. Fla. Oct. 6, 2008) (costs for paper copies of trial exhibits recoverable under § 1920).

As to Plaintiff's argument that the $0.25 per page for the copies is unreasonable because the copies of trial exhibits were black and white, I note that according to the invoice, the $0.25 per page reflect "print copies and *images in color* . . . for use at trial."   *See* Doc. No. 217-8 (emphasis added). And, "[i]t is . . . not unusual for courts to approve copy costs in the range of $.15 to .25 per page." *Bradfield v. Mid-Continent Cas. Co.*, No. 5:13-cv-222-Oc-10PRL, 2016 WL 9444139, at \*10 (M.D. Fla. Oct. 12, 2016), *report and recommendation adopted*, No. 5:13-cv-222-Oc-10PRL, 2016 WL 9444158 (M.D. Fla. Nov. 3, 2016); *see also A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-CIV, 2019 WL 2245507, at \*5 (S.D. Fla. Apr. 17, 2019) (collecting authority for proposition that "rates for black and white copies generally range between $0.10 and $0.25 per page

. . . [a]nd rates for color copies range as high as $1.25 per page").   Accordingly, I will respectfully recommend that the Court overrule Plaintiff's objections in this regard.[13]

## IV.   RECOMMENDATION.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the Court:

1.   **SUSTAIN in part and OVERRULE in part** Plaintiff's objections (Doc. No. 208; *see also* Doc. No. 223) to Defendant's Proposed Bill of Costs (Doc. No. 206; *see also* Doc. Nos. 209, 217) as outlined herein.

2.   **AWARD** Defendant total taxable costs in the amount of **$6,467.18.**

3.   **DENY** the remainder of the requested costs.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 13, 2021.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

---

[13] The proposed Bill of Costs contains what appears to be a math error, in that Defendant seeks $271.20 in copying costs, rather than the $271.25 sought in the supplemental briefing.   *Compare* Doc. No. 206, *with* Doc. No. 217.   Because the supporting invoice indicates that Defendant incurred $271.25 in costs related to the trial exhibits/exhibit binders (Doc. No. 217-8, reflecting 1085 pages at $0.25 per page), I recommend that the Court permit recovery of $271.25.

Presiding District Judge
Counsel of Record